SCHWARTZ, LICHTENBERG LLP
420 Lexington Avenue, Suite 2400
New York, New York 10170
(212) 389-7818
Barry E. Lichtenberg (BL 9750)
Attorneys for Gary Altman, Rhoda Brown,
The Estate of George Crethan, Saul Mildworm,
Jack Raskin, David Smith and Edward Yaker

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Hearing Date: _____
Time: _____

-----------------------------------------------------------------------x

In re:                                                          :    Chapter 7
                                                                :
1ST ROCHDALE COOPERATIVE GROUP, LTD.    :    Case No. 05-12086 (PCB)
                                                                :
              Debtor.                                           :
-----------------------------------------------------------------------x

ROBERT L. GELTZER, as Chapter 7 Trustee for 1ST    :    <u>JURY TRIAL DEMANDED</u>
ROCHDALE COOPERATIVE GROUP, LTD.,               :
                                                                :
              Plaintiff,                                        :
                                                                :
GARY ALTMAN, RHODA BROWN, "JOHN DOE 1"        :
AS EXECUTOR OR ADMINISTRATOR OF THE            :
ESTATE OF GEORGE CRETHAN, SAUL                    :
MILDWORM, JACK RASKIN, DAVID SMITH, "JOHN   :    Adv. Pro. No. 07-1652
DOE 2" AS EXECUTOR OR ADMINISTRATOR OF        :
THE ESTATE OF ALLEN THURGOOD, EDWARD        :
YAKER, GREGORY WORTHAM and DAVID L.           :
JOHNSON,                                                         :
                                                                :
              Defendants.                                       :
-----------------------------------------------------------------------x

**AFFIRMATION OF BARRY E. LICHTENBERG, ESQ., IN SUPPORT
OF THE MOTION OF DEFENDANTS GARY ALTMAN, RHODA BROWN, ESTATE
OF GEORGE CRETHAN, SAUL MILDWORM, JACK RASKIN, DAVID SMITH AND
EDWARD YAKER FOR AN ORDER, PURSUANT TO 28 U.S.C. § 157(d), TO
IMMEDIATELY WITHDRAW THE REFERENCE OF THIS ADVERSARY
<u>PROCEEDING FROM THE UNITED STATES BANKRUPTCY COURT</u>**

BARRY E. LICHTENBERG, Esq., affirms the following under penalty of perjury:

1.      I am an attorney duly admitted and in good standing to practice before the Untied States district Courts for the Southern District of New York and the Eastern District of New York.  I am a member of Schwartz, Lichtenberg LLP, attorneys for defendants Gary Altman, Rhoda Brown, Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker (collectively, the "Former Directors").  I submit this affirmation in support of the Former Directors' Motion dated September 5, 2007, for the entry of an order, pursuant to 28 U.S.C.§157(d) and Federal Rule of Bankruptcy Procedure 5011, to immediately withdraw "for cause" the reference of the above-referenced adversary proceeding (the "Adversary Proceeding") from the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as to the Former Directors and to place before this Court documents relevant to this Motion.

2.      Upon information and belief, each of the Former Directors previously served, at certain times, on the board of directors of 1st Rochdale Cooperative Group Ltd ("1st Rochdale").

3.      Upon information and belief, on March 31, 2005, 1st Rochdale filed a voluntary chapter 7 petition under Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. in the Untied States Bankruptcy Court for the Southern District of New York.

4.      Upon information and belief, on March 31, 2005, Robert L. Geltzer was appointed interim trustee of 1st Rochdale and subsequently became permanent trustee (the "Trustee").

5.      Upon information and belief, on or about March 28, 2007, the Trustee caused to be filed a complaint (the "Complaint") in the above-noted adversary proceeding (the "Adversary Proceeding").

6.     None of the Former Directors has filed a proof of claim with the Bankruptcy Court against 1st Rochdale.

7.     On September 5, 2007, the Former Directors filed with the Bankruptcy Court a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), made applicable to that proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, together with a memorandum of law and supporting affidavit (the "Motion to Dismiss").  A copy of the Motion to Dismiss is annexed hereto as Exhibit "A."

8.     The Motion to Dismiss seeks the dismissal of the only counts in the complaint that assert claims against the Former Directors, to wit, Count One and Count Two.  The Motion to Dismiss also demands a jury trial.  Additionally, the Former Directors have filed a separate demand for a jury trial pursuant to Federal Rules of Civil Procedure 38 and 39.  A copy of the Former Directors' jury demand is annexed hereto as Exhibit "B."

9.     Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, the Motion to Dismiss denies that the adversary proceeding is a core proceeding and expressly states that the Former Directors do not consent to either the entry of any findings of fact or conclusions of law or to the entry of any final orders or judgments by the bankruptcy judge.  The Motion to Dismiss also states that the Former Directors do not consent to a jury trial by the Bankruptcy Court.

10.     As detailed in the Motion to Dismiss, the Complaint alleges only one traditional common law, state-created, non-core cause of action -- breach of fiduciary duty -- as to which the Former Directors are entitled to a jury trial before the District Court.

11.     The instant Motion to Withdraw the Reference is being made on a timely basis and, because it is being filed contemporaneously with the Motion to Dismiss, is being made at the Former Directors' first opportunity to respond to the Complaint.  The Former Directors have

filed no answer to the Complaint.  They have corresponded with Judge Beatty only once to suggest a chambers conference among all parties, which request was denied.  A copy of said correspondence is annexed hereto as Exhibit "C."

12.     For these reasons, as well as the additional reasons set forth in the accompanying memorandum of law, the Former Directors respectfully seek immediate withdrawal of the reference from the Bankruptcy Court with respect to the Adversary Proceeding against them.

13.     No previous request for the relief contained herein has been made to this or any other Court.

14.     I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Dated:  New York, New York
            September 5, 2007

                                                  /s/Barry E. Lichtenberg
                                                Barry E. Lichtenberg (BL 9750)

**EXHIBIT A**

SCHWARTZ, LICHTENBERG LLP
420 Lexington Avenue, Suite 2400
New York, New York 10170
(212) 389-7818
Barry E. Lichtenberg (BL 9750)
Attorneys for Gary Altman, Rhoda Brown,
The Estate of George Crethan, Saul Mildworm,
Jack Raskin, David Smith and Edward Yaker

UNITED STATES BANKRUPTCY COURT                          Hearing Date: September 25, 2007
SOUTHERN DISTRICT OF NEW YORK                                 Time: 11:00 a.m.
-------------------------------------------------------------------x
In re:                                                   :    Chapter 7
                                                         :
1ST ROCHDALE COOPERATIVE GROUP, LTD.                :    Case No. 05-12086 (PCB)
                                                         :
              Debtor.                                    :
-------------------------------------------------------------------x
ROBERT L. GELTZER, as Chapter 7 Trustee for 1ST     :    <u>JURY TRIAL DEMANDED</u>
ROCHDALE COOPERATIVE GROUP, LTD.,                        :
                                                         :
              Plaintiff,                                 :
                                                         :
GARY ALTMAN, RHODA BROWN, "JOHN DOE 1"                   :
AS EXECUTOR OR ADMINISTRATOR OF THE                      :
ESTATE OF GEORGE CRETHAN, SAUL                           :
MILDWORM, JACK RASKIN, DAVID SMITH, "JOHN                :    Adv. Pro. No. 07-1652
DOE 2" AS EXECUTOR OR ADMINISTRATOR OF                   :
THE ESTATE OF ALLEN THURGOOD, EDWARD                     :
YAKER, GREGORY WORTHAM and DAVID L.                      :
JOHNSON,                                                 :
                                                         :
              Defendants.                                :
-------------------------------------------------------------------x

## NOTICE OF MOTION FOR AN ORDER DISMISSING THE COMPLAINT WITH PREJUDICE AS TO THE FORMER DIRECTORS AND FOR RELATED RELIEF

**PLEASE TAKE NOTICE,** that upon the annexed affirmation and supporting papers

(the "Motion"), defendants Gary Altman, Rhoda Brown, Estate of George Crethan, Saul

Mildworm, Jack Raskin, David Smith and Edward Yaker (collectively, the "Former Directors")

will move before the Honorable Prudence Carter Beatty, United States Bankruptcy Judge, at the

United States Bankruptcy Court, the Alexander Hamilton Customs House, One Bowling Green,

New York, on September 25, 2007 at 11:00 a.m., or as soon thereafter as counsel can be heard,

for an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable

herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure, to dismiss with prejudice the

Complaint in the above-captioned adversary proceeding as to the Former Directors, and to grant

such other relief as the Court deems just and proper.

      **PLEASE TAKE FURTHER NOTICE**, that any objection to the relief sought in the

Motion shall be made in writing, filed with the Clerk's office and served on the undersigned so

that it is received at least three days before the hearing date hereof.

Dated:  New York, New York
       September 5, 2007

                           SCHWARTZ, LICHTENBERG LLP

                       By:  __/s/Barry E. Lichtenberg_____
                         Barry E. Lichtenberg (BEL 9750)

                       420 Lexington Avenue, Suite 2400
                       NEW YORK, NEW YORK 10170
                        (212) 389-7818
                       Attorneys for Defendants
                         Gary Altman
                         Rhoda Brown
                         The Estate of George Crethan
                         Saul Mildworm
                         Jack Raskin
                         David Smith
                         Edward Yaker

TO:
Bryan Cave LLP
Attorneys for Chapter 7 Trustee
1290 Avenue of the Americas
New York, New York 10104
Attn: Robert A. Wolf, Esq.

Wander & Associates, P.C.
641 Lexington Avenue, 21st Floor
New York, New York 10022
Attn: David Wander, Esq.

Loeffler Tuggey Pauerstein Rosenthal LLP
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
Attn: Jonathan D. Pauerstein, Esq.

United States Trustee
33 Whitehall Street
21st Floor
New York, New York 10007

SCHWARTZ, LICHTENBERG LLP
420 Lexington Avenue, Suite 2400
New York, New York 10170
(212) 389-7818
Barry E. Lichtenberg (BL 9750)
Attorneys for Gary Altman, Rhoda Brown,
The Estate of George Crethan, Saul Mildworm,
Jack Raskin, David Smith and Edward Yaker

| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT | | Hearing Date:  September 25, 2007 |
| SOUTHERN DISTRICT OF NEW YORK | | Time:  11:00 a.m. |

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| 1ST ROCHDALE COOPERATIVE GROUP, LTD. | : | Case No. 05-12086 (PCB) |
| | : | |
| Debtor. | : | |

------------------------------------------------------------------x

| | | |
|---|---|---|
| ROBERT L. GELTZER, as Chapter 7 Trustee for 1ST | : | <u>JURY TRIAL DEMANDED</u> |
| ROCHDALE COOPERATIVE GROUP, LTD., | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| GARY ALTMAN, RHODA BROWN, "JOHN DOE 1" | : | |
| AS EXECUTOR OR ADMINISTRATOR OF THE | : | |
| ESTATE OF GEORGE CRETHAN, SAUL | : | |
| MILDWORM, JACK RASKIN, DAVID SMITH, "JOHN | : | Adv. Pro. No. 07-1652 |
| DOE 2" AS EXECUTOR OR ADMINISTRATOR OF | : | |
| THE ESTATE OF ALLEN THURGOOD, EDWARD | : | |
| YAKER, GREGORY WORTHAM and DAVID L. | : | |
| JOHNSON, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------x

### AFFIRMATION OF BARRY E. LICHTENBERG, ESQ., IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT WITH <u>PREJUDICE AND FOR RELATED RELIEF</u>

BARRY E. LICHTENBERG, Esq., affirms the following under penalty of perjury:

1.        I am an attorney duly admitted and in good standing to practice before the United

States District Courts for the Southern District of New York and the Eastern District of New

York.  I am a member of Schwartz, Lichtenberg LLP, attorneys for defendants Gary Altman,

Rhoda Brown, Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker (collectively, the "Former Directors"). I submit this affirmation in support of the Former Directors' Motion to Dismiss the Complaint against them in the above-referenced Adversary Proceeding and for related relief and to place before this Court documents relevant to this Motion.

2.      Upon information and belief, each of the Former Directors served at certain times on the Board of Directors of the debtor 1st Rochdale Cooperative Group, Ltd. (the "Debtor").

3.      None of the Defendants have filed a proof of claim with the Bankruptcy Court against the Debtor.

4.      On September 5, 2007, the Former Directors filed with the Bankruptcy Court a Motion to Withdraw the Reference of this adversary proceeding from the United States Bankruptcy Court pursuant to 28 U.S.C. §157(d). A copy of this submission is annexed hereto as Exhibit "A."

5.      The Former Directors have timely filed a demand for jury trial, setting forth such demand in both Motion to Withdraw Reference and the instant Motion to Dismiss and Memorandum of Law in support thereof ("Motion"). Additionally, the Former Directors have filed a separate demand for a jury trial pursuant to Federal Rules of Civil Procedure 38 and 39. A copy of the Former Directors' jury demand is annexed hereto as Exhibit "B".

6.      Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, the instant Motion denies that this adversary proceeding is a core proceeding and expressly states that the Former Directors do not consent to the entry of final orders or judgments by the bankruptcy judge. The Motion also states that the Former Directors do not consent to a jury trial by the bankruptcy court.

7.     In addition, the Motion seeks dismissal with prejudice of Count One and Count Two of the Complaint as to the Former Directors on the grounds that, *inter alia*, the allegations fail to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), made applicable herein by Federal Rules of Bankruptcy Procedure 7012 and related relief.

8.     For these reasons, as well as the additional reasons set forth in the accompanying memorandum of law, the Former Directors respectfully request that the Complaint against them be dismissed in its entirety and with prejudice and that the Court grant the related relief requested therein.

9.     No previous request for the relief contained herein has been made to this or any other Court.

10.     I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Dated: New York, New York
        September 5, 2007


                                    /s/Barry E. Lichtenberg
                                 Barry E. Lichtenberg (BL 9750)

SCHWARTZ, LICHTENBERG LLP
420 Lexington Avenue, Suite 2400
New York, New York 10170
(212) 389-7818
Barry E. Lichtenberg (BL 9750)
Attorneys for defendants Gary Altman, Rhoda Brown,
The Estate of George Crethan, Saul Mildworm,
Jack Raskin, David Smith and Edward Yaker

Hearing Date: September 25, 2007
Time: 11:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| 1ST ROCHDALE COOPERATIVE GROUP, LTD. | : | Case No. 05-12086 (PCB) |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------------x

| | | |
|---|---|---|
| ROBERT L. GELTZER, as Chapter 7 Trustee for 1ST ROCHDALE COOPERATIVE GROUP, LTD., | : | <u>JURY TRIAL DEMANDED</u> |
| | : | |
| Plaintiff, | : | |
| | : | |
| GARY ALTMAN, RHODA BROWN, "JOHN DOE 1" AS EXECUTOR OR ADMINISTRATOR OF THE ESTATE OF GEORGE CRETHAN, SAUL MILDWORM, JACK RASKIN, DAVID SMITH, "JOHN DOE 2" AS EXECUTOR OR ADMINISTRATOR OF THE ESTATE OF ALLEN THURGOOD, EDWARD YAKER, GREGORY WORTHAM and DAVID L. JOHNSON, | : | Adv. Pro. No. 07-1652 |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------------x

### MEMORANDUM OF LAW OF DEFENDANTS GARY ALTMAN, RHODA BROWN, THE ESTATE OF GEORGE CRETHAN, SAUL MILDWORM, JACK RASKIN, DAVID SMITH AND EDWARD YAKER IN SUPPORT OF MOTION TO DISMISS THE <u>COMPLAINT WITH PREJUDICE AS TO THEM AND FOR RELATED RELIEF</u>

0114201-020

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................. 2

STATEMENT OF FACTS..................................................................................... 6

ARGUMENT.................................................................................................... 6

POINT I

    THE ADVERSARY PROCEEDING
    SHOULD BE HEARD BY THE DISTRICT COURT ...................................................... 6

POINT II

    THE BUSINESS JUDGMENT RULE BARS COUNT ONE
    AND COUNT TWO AGAINST THE FORMER DIRECTORS ......................................... 8

POINT III

    EVEN WITHOUT THE BUSINESS JUDGMENT RULE, THE
    BREACH OF FIDUCIARY DUTY CLAIMS AGAINST THE
    FORMER DIRECTORS SHOULD BE DISMISSED .................................................. 9

    A.  The Complaint Fails To Plead The Elements Of A Breach Of Fiduciary
        Duty Claim Against Any Of The Former Directors.......................................... 9

    B.   The Breach of Fiduciary Duty Claims Are Time-Barred
        To The Extent They Accrued Prior To March 31, 2002 ...................................... 13

POINT IV

    THE COURT SHOULD DISMISS COUNT ONE AND COUNT TWO
    BECAUSE THE TRUSTEE HAS FAILED TO PROVIDE NOTICE
    AND A HEARING AS REQUIRED UNDER 11 U.S.C. § 363(b)(1). ............................ 13

POINT V

    DISMISSAL IS WARRANTED BECAUSE THE TRUSTEE'S
    ALLEGATIONS OF 1ST ROCHDALE'S INSOLVENCY ARE
    PATENTLY DEFICIENT . ................................................................................ 16

CONCLUSION. ................................................................................................................... 17

TABLE OF AUTHORITIES

CASES                                                                                                    Page

Auerbach v. Bennett,
    47 N.Y.2d 619, 393 N.E. 2d 994, 419 N.Y.S.2d 920 (1979)....................................7, 10

Bowley v. Bowley,
    19 A.D.3d 1049, 797 N.Y.S.2d 221 (4th Dept. 2005) ...............................................11

Clarkson Co. Ltd. v. Shaheen,
    660 F.2d 506 (1981), cert. denied, 455 U.S.990,
    102 5 Ct. 1614, 71 L. Ed. 850 (1982) .....................................................................14

Consumers Union of U.S., Inc. v. State of New York,
    5 N.Y.3d 327, 806, N.Y.S2d 99, 840 N.E.2d 68 (2005)..........................................7

De Castro v. Bhokari,
    201, A.D.2d 382, 607 N.Y.S.2d 348 (First Dept. 1994)...........................................8

Hirsch v. Arthur Andersen & Co.,
    72 F.3d 1085 (2d Cir. 1995) ...................................................................................9

In re Betty Owens Schs., Inc.,
    No. 96 Civ. 3576, 1997 WL 188127, at 1-2 (S.D.N.Y. Apr. 17, 1997) ...................14

In re Center Wholesale,
    759 F.2d 1440 (9th Cir. 1985) ...............................................................................13

In re Lavigne,
    114 F.3d 379 (2d Cir. 1997) ...................................................................................14

In re Moberg Trucking, Inc
    112 B.R. 362 (Bankr. 9th Cir. 1990)......................................................................13

In re Olympia Holding Corp.,
    188 B.R. 287 (M.D. Fla. 1994) ..............................................................................14

In re Savage Indus., Inc.
    43 F.3d 714 (1st Cir. 1994)...................................................................................13

In re Weisser Eyecare, Inc.
    245 B.R. 844 (Bankr. N.D.III. 2000) ......................................................................13

Levandusky v. One Fifth Avenue – Apt. Corp.,
    75 N.Y.2d 530 N.Y.S.2d 807, 553 N.E.2d 1317 (1990)..........................................7

<u>Lippe v. Bairnco Corp.,</u>
    230 B.R. 906 (S.D.N.Y. 1999)..............................................................8, 9, 10, 11

<u>Loengard v. Sante Fe Industries, Inc.,</u>
    70 N.Y.2d 262, 514 N.E.2d 113, 519 N.Y.S.2d 801 (1987)....................................11

<u>Messner v. 112 East 83rd Street Tenants Corp.,</u>
    42 A.D.3d 356, 840 N.Y.S.2d 45, (First Dept. 2007)................................................7

<u>Mooney v. Vitolo,</u>
    301 F. Supp. 198 (S.D.N.Y. 1969), aff'd, 435 F.2d 838 (2d Cir. 1970) ...................9

<u>Sears, Roebuck & Co. v. Enco Assocs.,</u>
    43 N.Y.2d 389, N.Y.S.2d 767, 372 N.E. 2d 595 (1977)...........................................11

<u>Stern v. General Elec. Co.,</u>
    924 F.2d 472 (2d Cir. 1991) ..................................................................................10

<u>United States v. Whiting Pools</u>
    462 U.S. 198 (1983) ...............................................................................................14

SCHWARTZ, LICHTENBERG LLP                    Hearing Date: September 25, 2007
420 Lexington Avenue, Suite 2400             Time: 11:00 a.m.
New York, New York 10170
(212) 389-7818
Barry E. Lichtenberg (BL 9750)
Attorneys for defendants Gary Altman, Rhoda Brown,
The Estate of George Crethan, Saul Mildworm,
Jack Raskin, David Smith and Edward Yaker

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                          :     Chapter 7
                                                :
1ST ROCHDALE COOPERATIVE GROUP, LTD.            :     Case No. 05-12086 (PCB)
                                                :
                    Debtor.                     :
------------------------------------------------------------------------x
ROBERT L. GELTZER, as Chapter 7 Trustee for 1ST :     JURY TRIAL DEMANDED
ROCHDALE COOPERATIVE GROUP, LTD.,               :
                                                :
                    Plaintiff,                  :
                                                :
GARY ALTMAN, RHODA BROWN, "JOHN DOE 1"          :
AS EXECUTOR OR ADMINISTRATOR OF THE             :
ESTATE OF GEORGE CRETHAN, SAUL                  :
MILDWORM, JACK RASKIN, DAVID SMITH, "JOHN :          Adv. Pro. No. 07-1652
DOE 2" AS EXECUTOR OR ADMINISTRATOR OF          :
sTHE ESTATE OF ALLEN THURGOOD, EDWARD           :
YAKER, GREGORY WORTHAM and DAVID L.             :
JOHNSON,                                        :
                                                :
                    Defendants.                 :
------------------------------------------------------------------------x

**MEMORANDUM OF LAW OF DEFENDANTS GARY ALTMAN,
RHODA BROWN, THE ESTATE OF GEORGE CRETHAN,
SAUL MILDWORM, JACK RASKIN, DAVID SMITH AND
EDWARD YAKER IN SUPPORT OF MOTION TO DISMISS THE
COMPLAINT WITH PREJUDICE AND FOR RELATED RELIEF**

0114201-020                                  6

## PRELIMINARY STATEMENT

Defendants Gary Altman, Rhoda Brown, The Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker (collectively, the "Former Directors"), who served at certain times on the board of directors (the "Board") of 1st Rochdale Cooperative group, Ltd. ("1st Rochdale"), by their attorneys, Schwartz, Lichtenberg LLP, respectfully submit this memorandum of law in support of their motion to dismiss with prejudice Count One and Count Two the complaint dated March 28, 2007, (the "Complaint") in the above-noted adversary proceeding (the "Adversary Proceeding"), and for related relief.

This Adversary Proceeding is improperly conceived, conceptually deficient and wrongly maintained. It asserts the bankruptcy of a cooperative corporation, organized to provide low-cost energy to its subscribers, as evidence of improper conduct by the Former Directors. Yet there is not a scintilla of evidence that the Former Directors engaged in any wrongdoing whatsoever. They did not improperly receive any money or consideration or in any way benefits by their position. Indeed, the Former Directors, many of whom are in their eighties and nineties, have been active in the cooperative movement for over half a century and viewed their service on the Board as a calling rather then a career.

Of the eight counts in the Complaint, only the first two assert a claim against the Former Directors. Both Count One and Count Two allege "breach of fiduciary duty" as the sole legal underpinning. Under New York's well-established business judgment rule, however, courts cannot inquire into the actions of corporate directors taken in good faith and in the exercise of honest judgment. Because the Complaint does not -- as it cannot -- allege that the Former Directors

operated with anything less than good faith and honest judgment, assisted, when necessary, by experienced and highly reputable professionals, Count One and Count Two is utterly without merit and must be dismissed as to them.  Further, as detailed below, even without the business judgment rule, the Complaint is factually flawed as to the Former Directors.

### STATEMENT OF FACTS

The pertinent facts are set forth in the accompanying Motion and Affirmation of Barry E. Lichtenberg, Esq., dated September 5, 2007 ("Lichtenberg Aff."), and exhibits annexed thereto.

### ARGUMENT

### THE COURT SHOULD DISMISS COUNT ONE AND COUNT TWO AS AGAINST THE FORMER DIRECTORS PURSUANT TO FED. R. CIV. P. 12(b)(6)

### POINT I

### THIS ADVERSARY PROCEEDING SHOULD BE HEARD BY THE DISTRICT COURT

As an initial matter, the Former Directors have timely filed with the Court a motion to withdraw the reference to this Court pursuant to 28 U.S.C. §157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure with respect to the Adversary Proceeding.  As set forth in detail in that submission, "cause" exists for the District Court to immediately withdraw the reference for several reasons, including, *inter alia*, that (1) the Adversary Proceeding is a non-core proceeding as to which the Bankruptcy Court does not have the power to enter final judgment; (2) the Former Directors have timely sought, and are constitutionally entitled to a jury trial as to each allegation of the Complaint and such a trial can only be conducted in the District Court; and (3) considerations of judicial economy require that the District Court, rather than this Court preside over the Adversary Proceeding, including a determination of the instant

dispositive motion.

## POINT II

### THE BUSINESS JUDGMENT RULE BARS COUNT ONE AND COUNT TWO AGAINST THE FORMER DIRECTORS

In the landmark case of *Levandusky v. One Fifth Ave. Apartment Corp.*, 75 N.Y.2d 530, N.Y.S.2d 807, 553 N.E.2d 1317 (1990), the New York Court of Appeals held that the standard of review for board of directors of cooperative corporations is the business judgment rule. Under the business judgment rule, courts cannot inquire into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes. *Id.* at 53 (citing *Auerbach v. Bennett*, 47 N.Y.2d 619, 629, 419 N.Y.S.2d 920, 393, N.E.2d 994 (1979)). *See, also, Consumers Union of U.S., Inc. v. State of New York*, 5 N.Y.3d 327, 806 N.Y.S2d 99, 840 N.E.2d 68 (2005). Indeed, issues of fiduciary duty primarily emphasize avoidance of self-dealings and financial self-aggrandizement. *Levandusky,* at 538. The Complaint fails to allege that the Former Directors engaged in self-dealing or otherwise acted in bad faith in any way. *Levandusky* at 538.

Indeed, the Complaint makes no allegation that the Former Directors exercised anything other than "honest judgment." The Board retained experts, including attorneys and consultants to advise it and rendered decisions accordingly. That over time, events beyond its control precluded 1st Rochdale from achieving lasting success, or that its Bronx property never blossomed into a power plant, as 1st Rochdale and its expert advisors had anticipated (Complaint, par. 70-99), can in no way diminish the uncontrovertible fact that the Former Directors voted solely on the basis of its business judgment.

Barely two months ago, in *Messner v. 112 East 83rd Street Tenants Corp*., 42 A.D.3d 356, 840 N.Y.S.2d 45, (First Dept. 2007) the First Department, citing *Levandusky*, again found that an action against the board of directors of a cooperative corporation for breach of fiduciary duty was barred by the business judgment rule.  The First Department held that "[a]ction was properly dismissed as against the individual director defendants in the absence of allegations that they committed separate tortious acts."  *Id*. at 47. (citing *De Castro v. Bhokari,* 201, A.D.2d 382, 383, 607 N.Y.S.2d 348 (First Dept. 1994)).  The Complaint asserts no separate tortious acts against any of the Former Directors.  Consequently, the Complaint must be dismissed as against the Former Directors.

Further, the Second Circuit has held that the presumption of legitimacy accorded to business decisions can be overcome only by alleging fraud or bad faith.  Mere allegations of "waste," standing alone, is insufficient.  *Stern v. General Elec. Co.* 924 F.2d 472, 476 (2d Cir. 1991).  Because the Complaint asserts no specific allegation of bad faith or fraudulent intent on the part of any of the Former Directors, the breach of fiduciary duty claims are deficient on their face and must be dismissed.

## POINT III

### EVEN WITHOUT THE BUSINESS JUDGMENT RULE, THE BREACH OF FIDUCIARY DUTY CLAIMS AGAINST THE FORMER DIRECTORS SHOULD BE DISMISSED

### A.    The Complaint Fails To Plead The Elements Of A Breach Of Fiduciary Duty Claim Against Any Of The Former Directors

Even if the business judgment rule were somehow found to be inapplicable, Count One and Count Two should be dismissed.  Although brought as separate counts, the first and second

counts are in substance all the same claim - that the Former Directors breached, in unspecified ways, a fiduciary duty owed to 1st Rochdale.  Indeed, the first two counts seek recovery for essentially the same conduct.  These two duplicative counts are defective as a matter of law.

As an initial matter, the Complaint fails to even allege the dates each of the Former Directors served on the Board, which, if any of them, participated in any vote or Board meeting the basis for so alleging, and any details of the alleged participation. Instead, the Complaint simply lumps the Former Directors together as if they were septuplets joined at the hip and concludes, without any apparent basis or support, that "management" breached fiduciary duties. Clearly then, the Complaint does not adequately allege the existence of a fiduciary duty owed at any particular time by any of the Former Directors. The courts have not hesitated to dismiss such nebulous allegations for failure to state a claim as a matter of law. See, e.g., *Lippe v. Bairnco Corp.*, 230 B.R. 906 (S.D.N.Y. 1999); *Mooney v. Vitolo*, 301 F. Supp. 198 (S.D.N.Y. 1969), aff'd, 435 F.2d 838 (2d Cir. 1970).

Similarly, although the Complaint alleges that the Former Directors breached their fiduciary duties by granting incentives to the Former Officers ranging from $16,358.00 to $261,442.00, it does not allege that the Former Officer did not deserve the incentives. (Complaint, par. 145-150).  Such conclusory allegations of wrongdoing are insufficient as a matter of law to show that any of the Former Directors breached a fiduciary duty owed 1st Rochdale. See, e.g., *Lippe*, 230 B.R. at 916 (dismissing breach of fiduciary duty claims where complaint failed to allege "any specific fact concerning misconduct and/or wrongdoing"). See also *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) (on a motion to dismiss, "general, conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint.").

In *Lippe*, the District Court dismissed claims of breach of fiduciary duty under facts strikingly similar to those present here. Like the Complaint, the plaintiff in *Lippe* had alleged in conclusory fashion that various officers and directors had breached their fiduciary duties to the Debtor by "authorizing and approving": (1) the "denuding and stripping of [Debtor]'s operating assets and its profit-making and growth potential," (2) "the transfer of those assets for inadequate consideration," (3) "the loss of substantial future profits and potential future growth to Bairnco . . ." (4) the payment of unlawful dividends . . . " and/or (5) by unjustly enriching themselves in the process." 230 B.R. at 916. In dismissing the breach of fiduciary duty and authorization of unlawful dividends claims as to certain defendants, the Court held:

> The amended complaint is bereft of specific allegations as to any bad faith or fraudulent intent on the part of [several of the individual officer/director defendants]. . . Nor are there facts alleged . . . to support the conclusory allegation that Mahoney, Metzger, or Mileaf [other defendants] "authorized or approved" any assets sales by Keene. . . Nor are there any specific allegations that Mahoney, Metzger, or Mileaf acted fraudulently or in bad faith.

*Id*. at 917. So too here, the Complaint's failure to allege any particularly details of alleged wrongdoing chargeable to any of the Former Directors mandates dismissal of the breach of fiduciary duty claims.

**B.     The Breach of Fiduciary Duty Claims Are Time-Barred To The Extent They Accrued Prior To March 31, 2002**

The Complaint recites, as the purported basis for its allegations against the Former Directors, a course of conduct over a period of eight years, commencing in 1987, when 1st Rochdale is alleged to have "begun actually evaluating power plant development options in New York City" (Complaint par. 70) and culminating in the filing of 1st Rochdale bankruptcy petition on March 31, 2005. In addition to the deficiencies outlined above, where, as here, it is

clear from the face of the Complaint that the statute of limitations bars all or some of the Trustee's claims against the Former Directors, dismissal is appropriate.

New York law does not explicitly provide for a single limitation period for breach of fiduciary duty claims. However, the New York Court of Appeals has continually held that when a substantive, monetary remedy is sought, the applicable statutes of limitations period is three years. *Loengard v. Sante Fe Industries, Inc.* 70 N.Y.2d 262, 514 N.E.2d 113, 519 NYS2d 801 (1987); *Sears, Roebuck & Co. v. Enco Assocs.,* 43 N.Y.2d 389, 401, N.Y.S.2d 767, 372, N.E. 2d 595 (1977). Count One and Count Two demand money. They seek no equitable remedy such as the imposition of a constructive trust or an accounting, for which a six-year statute of limitation might be applicable. *See, Bowley v. Bowley*, 19 A.D.3d 1049, 797 N.Y.S.2d 221 (4th Dept. 2005). Thus, for example, the Complaint's allegation that after National Cooperative Service Corporation ceased financing in early 2000, "Management" spent large sums in legal fees and consultants (Complaint, par. 118, 142), is time-barred to the extent such monies were spent prior to March 31, 2002. Likewise, the second count which alleges that the Former Officers received incentive payments between April 1, 1999 and March 31, 2004, is time barred to the extent said payment were remitted prior to March 31, 2002.

## POINT IV

### THE COURT SHOULD DISMISS COUNT ONE AND COUNT TWO BECAUSE THE TRUSTEE HAS FAILED TO PROVIDE NOTICE AND A HEARING AS REQUIRED UNDER 11 U.S.C. § 363(b)(1)

The Court should also dismiss Count One and Count two because the Trustee has failed to provide any notice of the present lawsuit to creditors and other interested parties, as required under

Section 363(b)(1) of the Bankruptcy Code.  Under Section 363(b)(1), a trustee may "use, sell or lease, other than in the ordinary course of business, property of the estate" only "after notice and a hearing." The phrase "after notice and a hearing" is defined in Section 102(1)(A) of the Bankruptcy Code to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances…."

Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") implements the provisions of Section 363(b)(1) and similarly mandates that proper notice "shall be given" if estate property is used other than in the ordinary course of business. Ruler 6004 also requires that notice be given in accordance with Bankruptcy Rule 2002(a)(2), which requires 20 days' written, mailed notice to all parties in interest, including all creditors.  If an objection to the requested use of property is received, Rule 6004 requires the bankruptcy court to hold a hearing.

Section 704(1) of the Bankruptcy Code directs the trustee to "collect and reduce to money the property of the estate for which such trustee serves."  While that provision provides a trustee with wide-ranging power over the debtor's assets, a trustee's authority is limited by section 363(b) of the Bankruptcy Code.   6 Collier on Bankruptcy, § 704.02(15th Ed. 2006), the leading treatise on bankruptcy law, states as follows.

> [E]ven though there is no requirement for court approval under section 704(1), the trustee's actions are still restricted by section 363(b)(1) and he or she must comply with the "after notice and a hearing" procedure when the use, sale or lease of property is "other than in the course of ordinary business."

*Id*.  The notice requirements of Section 363(b) constitute the "cornerstone underpinning Bankruptcy Code procedure."  See, e.g., *In re Savage Indus., Inc*., 43 F.3d 714, 720 ( (1st Cir. 1994), and are "premised on Constitutional Due Process principles." In re *Weisser Eyecare, Inc*., 245 B.R. 844, 850

(Bankr. N.D. Ill. 2000).  Notably, the notice requirements of section 363(b) have been held to have even greater force in cases in which substantially all of the debtor's assets are to be used or sold.  See, e.g., *In re Savage Indus., Inc.,* 43 F.3d at 720, n.9.  If, as in this case, the notice required by section 363(b) is not provided, any subsequent action taken by the trustee is null and void.  See *In re Center Wholesale*, 759 F.2d 1440, 1448 (9th Cir. 1985) (failure to provide adequate notice under section 363 violated due process and rendered subsequent actions void); *In re Moberg Trucking, Inc*. 112 B.R. 362, 364 (Bankr. 9th Cir. 1990) (absent proper notice under § 363, "the sale is void"); *Weisser*, 245 B.R. at 850.

It is clear that the Trutsee's decision to commence non-bankruptcy litigation -- especially a major litigation, such as this action -- requires "notice and a hearing" under Section 363(b).  The decision to prosecute such a lawsuit constitutes a transaction "outside the ordinary course of business." See *In re Lavigne*, 114 F.3d 379, 383-84 (2d Cir. 1997).  The cause of action is property of the debtor's estate, *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 n.9 (1983); *In re Betty Owens Schs., Inc*., No. 96 Civ. 3576, 1997 WL 188127, at 1-2 (S.D.N.Y. Apr. 17, 1997), and a trustee's decision to prosecute the cause of action clearly constitutes a "use" of that property within the meaning of section 363(b).  See In re Olympia Holding Corp., 188 B.R. 287, 295 (M.D. Fla. 1994), aff'd 68 F.3d 1304 (11th Cir. 1995) ("the trustee is able to 'use' those assets by pursuing the causes of action in court…").

For all the foregoing reasons, the "notice and hearing" requirement of section 363(b) and the relevant bankruptcy rules, this action must be dismissed.

**POINT V**

**DISMISSAL IS WARRANTED BECAUSE THE TRUSTEE'S ALLEGATIONS OF 1ST ROCHDALE'S INSOLVENCY ARE PATENTLY DEFICIENT**

The Complaint should also be dismissed as to the Former Directors because it is premised on a fundamental allegation that is patently deficient – 1st Rochdale's "insolvency." 1st Rochdale's purported insolvency is critical to the Trustees' breach of fiduciary claims against the Former Directors. It is clear that until 1st Rochdale became insolvent, the Board owed its fiduciary duties to 1st Rochdale's shareholders -- essentially the Former Directors and former officers -- and not to its creditors. See *Clarkson Co. Ltd. v. Shaheen,* 660 F.2d 506, 512 (1981), c*ert. denied*, 455 U.S.990, 102 5.Ct. 1614, 71L. Ed. 850 (1982). While the Complaint contains several passing, conclusory assertions that 1st Rochdale was "insolvent" (Complaint, par. 146), it contains serious omissions concerning 1st Rochdale's alleged insolvency and fails to allege adequately that 1st Rochdale was insolvent at the time of any of the purported votes of the Board that give rise to Count One and Count Two.

Specifically, the Complaint does not allege that 1st Rochdale was "insolvent" within the meaning of Section 101(32) of the Bankruptcy Code -- that its liabilities exceeded its assets -- or that 1st Rochdale was unable to pay its debts as they matured. Indeed, 1st Rochdale continued in business for some eight years after it allegedly was "unable to pay its obligations." (Complaint, par. 24) The Complaint is also inconsistent. In marked contract to its allegations the "the Debtor was unable to pay its obligations as they became due" (Complaint, par. 24), the Complaint concedes that in 2002 and 2003, 1st Rochdale did generate enough cash flow to meet its expenses (Complaint, par. 114). These deficient allegations do not adequately plead insolvency within the meaning of the Bankruptcy Code. Moreover, the fact that such a sophisticated financial institution, such as National Cooperative Service

Corporation, -- which had the opportunity to conduct appropriate due diligence -- repeatedly loaned substantial sums to 1st Rochdale throughout this period (Complaint, par. 40-50) belies the Complaint extravagant claim that 1st Rochdale has been insolvent since its inception 1997.  Thus, the Complaint should be dismissed with prejudice.

## **CONCLUSION**

For all the foregoing reasons, defendants Gary Altman, Rhoda Brown, The Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and  Edward Yaker respectfully request that Count One and Count Two of the Complaint be dismissed in its entirety and with prejudice as to them and that the Court award them costs resulting from defending this action and such other relief as may be deemed appropriate.

Dated: New York, New York
      September 5, 2007

                    SCHWARTZ, LICHTENBERG LLP

                    By: /s/ Barry E. Lichtenberg
                        Barry E. Lichtenberg (BL 9750)

                    420 Lexington Avenue, Suite 2400
                    New York, New York 10170
                    (212) 389-7818
                    Attorneys for defendants
                      Gary Altman,
                      Rhoda Brown,
                      The Estate of George Crethan,
                      Saul Mildworm,
                      Jack Raskin,
                      David Smith, and
                      Edward Yaker

**EXHIBIT B**

SCHWARTZ, LICHTENBERG LLP
420 Lexington Avenue, Suite 2400
New York, New York 10170
(212) 389-7818
Barry E. Lichtenberg (BL 9750)
Attorneys for Gary Altman, Rhoda Brown,
The Estate of George Crethan, Saul Mildworm,
Jack Raskin, David Smith and Edward Yaker

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| 1ST ROCHDALE COOPERATIVE GROUP, LTD. | : | Case No. 05-12086 (PCB) |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------------x

| | | |
|---|---|---|
| ROBERT L. GELTZER, as Chapter 7 Trustee for 1ST ROCHDALE COOPERATIVE GROUP, LTD., | : | **NOTICE OF DEMAND** <br> **FOR JURY TRIAL** |
| | : | |
| Plaintiff, | : | |
| | : | |
| GARY ALTMAN, RHODA BROWN, "JOHN DOE 1" AS EXECUTOR OR ADMINISTRATOR OF THE ESTATE OF GEORGE CRETHAN, SAUL MILDWORM, JACK RASKIN, DAVID SMITH, "JOHN DOE 2" AS EXECUTOR OR ADMINISTRATOR OF THE ESTATE OF ALLEN THURGOOD, EDWARD YAKER, GREGORY WORTHAM and DAVID L. JOHNSON, | : | Adv. Pro. No. 07-1652 |
| | : | |
| Defendants. | : | |

---------------------------------------------------------------------x

Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, made applicable

herein by Federal Rules of Bankruptcy 9015(a), defendants Gary Altman, Rhoda Brown, Estate

of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker demand a trial

by jury in the United States District Court for the Southern District of New York in this action of

all issues triable by jury in this matter.

0114201-014

Dated:  New York, New York
        September 5, 2007

                              SCHWARTZ, LICHTENBERG LLP


                              By:  /s/Barry E. Lichtenberg
                                   Barry E. Lichtenberg (BL 9750)

                              420 Lexington Avenue, Suite 2400
                              New York, New York 10170
                              (212) 389-7818

                              Attorneys for Defendants
                                Gary Altman
                                Rhoda Brown
                                The Estate of George Crethan
                                Saul Mildworm
                                Jack Raskin
                                David Smith
                                Edward Yaker


TO:

Bryan Cave LLP
Attorneys for Chapter 7 Trustee
1290 Avenue of the Americas
New York, New York 10104
Attn:  Robert A. Wolf, Esq.

Wander & Associates, P.C.
641 Lexington Avenue, 21st Floor
New York, New York 10022
Attn:  David Wander, Esq.

Loeffler Tuggey Pauerstein Rosenthal LLP
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
Attn:  Jonathan D. Pauerstein, Esq.

United States Trustee
33 Whitehall Street
21st Floor
New York, New York 10007

0114201-014                        2

**EXHIBIT C**

**SCHWARTZ, LICHTENBERG** LLP
*Attorneys at Law*

420 Lexington Avenue
Suite 2400
New York, New York 10170
(212) 389-7818
Facsimile (212) 682-6511

May 7, 2007

2900 Westchester Avenue
Suite 206
Purchase, New York 10577
(914) 696-5144
Facsimile (914) 696-5918

VIA FEDERAL EXPRESS
Hon. Prudence C. Beatty
United States Bankruptcy Court Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

> Re:    *1st Rochdale Cooperative Group, Ltd.,*
> Chapter 7 Case No. 05-12086 (PCB);
> *Robert Geltzer v. Gary Altman, et al.,*
> Adv. Pro. No. 07-1652

Dear Judge Beatty:

We are the attorneys for seven of the ten defendants in the above-noted adversary proceeding. My clients are former members of the board of directors (the "Board") of the debtor, 1st Rochdale Cooperative Group, Ltd (the "Debtor"). The remaining three defendants were the salaried executives of the Debtor. I am advised that my clients have no officers or directors liability insurance and are of limited means, with some on fixed income. I write to respectfully request that Your Honor schedule a conference before this case proceeds any further.

The sole claim against my clients is breach of fiduciary duties during the time they served on the Board. (The counts for avoidance and recovery of alleged incentive/bonus transfers are not against my clients.) I have met with my clients to attempt to discuss the allegations contained in the complaint in detail. Given the advanced ages and concomitant receding memory of many of them (some are in their late eighties or mid nineties or deceased), it has not been easy.

I have therefore contacted a number of attorneys and other professionals who regularly reported to and advised the Board. I have found that many professionals, including attorneys at nationally prominent law firms, have been hesitant to discuss with me their work on behalf of the Board. They have raised a concern that their conversations with and activity on behalf of the Board may be privileged. From my perspective, any purported privilege is as much my clients' as that of the Board. Certainly, to the extent that a lawsuit is an exercise in the finding of truth, the testimony of experts and professionals retained by the Board -- and whose expertise encompassed the very projects that gave rise to the Trustee's breach of fiduciary duty claims -- would be invaluable. As matters now stand, it is difficult to zealously represent my clients, much less set forth a "business judgment rule" defense, when the very persons who are best able

0114201-006

SCHWARTZ, LICHTENBERG, LLP

Hon. Prudence C. Beatty
May 7, 2007
Page 2 of 2

to describe their work hesitate to step forward and say what they know and did. I respectfully submit that if, following our conference, Your Honor were to examine the professionals *in camera*, a motion to dismiss the adversary proceeding as against my clients would be rendered unnecessary.

A pretrial conference is scheduled for June 5, 2007. I would respectfully request the Court to schedule a conference in advance of that day. My clients seek to have this matter addressed at the earliest possible time. Many have devoted much of their lives to the national cooperative movement and have received numerous honors and accolades for their work. To now be charged with violating the very trust to which they have selflessly dedicated themselves for decades, is for them a cruel twist of fate. I have practiced law for more years than I care to concede and have never before asked any Court for a conference at the very outset of a lawsuit. But I respectfully submit that in this unusual case, a conference is appropriate and fitting and may expedite the course of this adversary proceeding.

Respectfully,

Barry E. Lichtenberg

BEL/seb


cc:  Robert A. Wolf, Esq. (via Fed Ex)
     Gary Altman
     Rhoda Brown
     Estate of George Crethan
     Saul Mildworm
     Jack Raskin
     David Smith
     Edward Yaker



# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
ONE BOWLING GREEN, 7TH FLOOR
NEW YORK, NEW YORK 10004

Chambers of The Honorable Prudence Carter Beatty
Telephone: 212-668-5637

May 9, 2007

Barry E. Lichtenberg, Esq.
Schwartz, Lichtenberg LLP
420 Lexington Avenue
Suite 2400
New York, NY 10170

Re: 1st Rochdale Cooperative Group LLP:Case No. 05-12086
Trustee v Gary Altman, et al.:  AP No. 07-1652(PCB)

Dear Mr. Lichtenberg:

Your letter of May 7, 2007 has been received. Regrettably, it appears to the undersigned that it will be necessary to explore the attorney-client privilege issue in a more formal procedural context other than an *in camera* conference.

The United States Supreme Court in Commodities Futures Trading Commission v. Weintraub, 471 U.S. 343 (1985), held that a Chapter 7 trustee succeeds to the corporation's attorney-client privilege. While that decision certainly does not answer the question of the right of a board of directors or a director to defend against breach of fiduciary duty claims with a business judgment rule defense, it certainly bears on the reluctance of former counsel to talk to you.

At the scheduled June 5 pretrial conference, all issues can be explored and the matter set on a short time frame. As you point out, the claims against the three defendants you do not represent raise separate and distinct legal and factual issues.

Very truly yours,

Prudence Carter Beatty

cc: Robert A. Wolf, Esq.
    Gary Altman
    Rhoda Brown
    Estate of george Crethan
    Saul Mildworm
    Jack Raskin
    David Smith
    Edward Yaker