SCHWARTZ, LICHTENBERG LLP                    Hearing Date: _____
420 Lexington Avenue, Suite 2400                     Time: _____
New York, New York 10170
(212) 389-7818
Barry E. Lichtenberg (BL 9750)
Attorneys for defendants Gary Altman, Rhoda Brown,
The Estate of George Crethan, Saul Mildworm,
Jack Raskin, David Smith and Edward Yaker

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re:                                                      :        Chapter 7
                                                            :
1ST ROCHDALE COOPERATIVE GROUP, LTD.                   :        Case No. 05-12086 (PCB)
                                                            :
                    Debtor.                                 :
-----------------------------------------------------------------------x
ROBERT L. GELTZER, as Chapter 7 Trustee for 1ST       :        <u>JURY TRIAL DEMANDED</u>
ROCHDALE COOPERATIVE GROUP, LTD.,                           :
                                                            :
                    Plaintiff,                              :
                                                            :
GARY ALTMAN, RHODA BROWN, "JOHN DOE 1"                      :
AS EXECUTOR OR ADMINISTRATOR OF THE                         :
ESTATE OF GEORGE CRETHAN, SAUL                              :
MILDWORM, JACK RASKIN, DAVID SMITH, "JOHN                   :        Adv. Pro. No. 07-1652
DOE 2" AS EXECUTOR OR ADMINISTRATOR OF                      :
THE ESTATE OF ALLEN THURGOOD, EDWARD                        :
YAKER, GREGORY WORTHAM and DAVID L.                         :
JOHNSON,                                                    :
                                                            :
                    Defendants.                             :
-----------------------------------------------------------------------x

**MEMORANDUM OF LAW OF DEFENDANTS GARY ALTMAN, RHODA
BROWN, THE ESTATE OF GEORGE CRETHAN, SAUL MILDWORM,
JACK RASKIN, DAVID SMITH AND EDWARD YAKER IN SUPPORT OF
MOTION, PURSUANT TO 28 U.S.C. § 157(d) AND RULE 5011 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE, TO IMMEDIATELY WITHDRAW
THE REFERENCE FROM THE BANKRUPTCY COURT WITH RESPECT
<u>TO THE ADVERSARY PROCEEDING</u>**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... iii

PRELIMINARY STATEMENT ............................................................................. 2

FACTUAL BACKGROUND ................................................................................. 4

ARGUMENT

    PURSUANT TO 28 U.S.C. § 157(d), THERE IS "CAUSE" FOR THIS
    COURT IMMEDIATELY TO WITHDRAW THE REFERENCE
    WITH RESPECT TO THE ADVERSARY PROCEEDING ........................................... 4

    A.    Bankruptcy Courts Do Not Have Jurisdiction
            To Enter Final Orders Or Judgments In Non-Core Matters ................................. 5

    B.    The Adversary Proceeding Is A Non-Core
            Proceeding As To The Former Directors ................................................. 8

          1.    Count One and Count Two Of The Adversary Proceeding Are Non-Core
                Because It Has No Nexus To 1st Rochdale's Bankruptcy Case ................. 8

          2.    Abundant "Cause" Exists For The Court To Withdraw
                The Reference With Respect To The Adversary Proceeding .................... 9

          3.    The Complaint's Allegation That The Adversary Proceeding Is A "Core
                Proceeding" Is Incorrect .......................................................... 13

    C.    The Reference Must Be Withdrawn Because
            The Seventh Amendment Prohibits The Bankruptcy
            Court From Holding Jury Trials In Non-Core Matters ........................................ 15

CONCLUSION ................................................................................................. 17

# TABLE OF AUTHORITIES

**CASES**                                                                    **Page(s)**

Beard v. Braunstein,
    914 F.2d 434, 443 (3d Cir. 1990)…………………………………………….. 14

Granfinanciera, S.A. v. Nordberg
    492 U.S. 33, 41 (1989)…………………………………………………………...15

Hatzel & Buehler v. Orange & Rockland Utilities, Inc.,
    107 B.R. 34 (D. Del. 1989)………………………………………………………9, 10

In re 131 Liquidating Corp.,
    222 B.R. 209 (S.D.N.Y. 1998)…………………………………………………..8, 15

In re American Energy, Inc.,
    50 B.R. 175 (Bankr. D.N.D. 1985)……………………………………………8, 9, 14

In re Cinematronics, Inc.,
    916 F.2d 1444 (9th Cir. 1990)……………………………………………………13, 15

In re CIS Corp.,
    172 B.R. 748 (S.D.N.Y. 1994)……………………………………………………..8

In re J.T. Moran Financial Corp.,
    124 B.R. 931 (S.D.N.Y. 1991)…………………………………………………10, 15

In re Landbank Equity Corp.,
    77 B.R. 44 (E.D. Va. 1987)………………………………………………………8, 10

In re Murray,
    149 B.R. 383 (E.D. Va. 1993) ...............................................................8, 9, 14

In re National Enterprises, Inc.,
    128 B.R. 961 ...........................................................................................10

In re Orion Pictures Corp.,
    4 F.3d 1095 (2d Cir. 1993) ..................................................................passim

In re Wedtech Corp.,
    94 B.R. 293 (S.D.N.Y. 1988) ...............................................................11, 16

In re Weinstein,
    237 B.R. 567 (Bankr. E.D.N.Y. 1999) ...................................................9, 16

Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,
    458 U.S. 50 (1982)...............................................................................6, 7, 14

Parsons v. Bedford,
    3 Pet. 433 (1830) ...................................................................................15

Pied Piper Casuals, Inc. v. Insurance Co. of the State of Pennsylvania,
    72 B.R. 156 (S.D.N.Y. 1987) .................................................................15

## STATUTES AND RULES

11 U.S.C. § 363(b)..............................................................................................15

11 U.S.C. § 548 ..........................................................................................passim

20 U.S.C. § 157 ...............................................................................................16

28 U.S.C. § 157(a) .......................................................................................6,8, 9

28 U.S.C. § 157(b)(1)(2) ............................................................................passim

28 U.S.C. § 157(c)(1) ...................................................................................passim

28 U.S.C. § 157(d)........................................................................................2, 7

28 U.S.C. § 1334..........................................................................................5, 8

Federal Rule of Bankruptcy Procedure 5011 ..................................................2

Federal Rule of Bankruptcy Procedure 7008 ..............................................10, 11

Federal Rule of Bankruptcy Procedure 7009 ..................................................14

Federal Rule of Civil Procedure 7012 ............................................................14

Federal Rule of Civil Procedure 60(b) ...........................................................14

Federal Rule of Civil Procedure 9(b) .............................................................14

Federal Rule of Civil Procedure 12(b) ...........................................................14

SCHWARTZ, LICHTENBERG LLP     Hearing Date: _____
420 Lexington Avenue, Suite 2400     Time: _____
New York, New York 10170
(212) 389-7818
Barry E. Lichtenberg (BL 9750)
Attorneys for defendants Gary Altman, Rhoda Brown,
The Estate of George Crethan, Saul Mildworm,
Jack Raskin, David Smith and Edward Yaker

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| 1ST ROCHDALE COOPERATIVE GROUP, LTD. | : | Case No. 05-12086 (PCB) |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------------x

| | | |
|---|---|---|
| ROBERT L. GELTZER, as Chapter 7 Trustee for 1ST | : | <u>JURY TRIAL DEMANDED</u> |
| ROCHDALE COOPERATIVE GROUP, LTD., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| GARY ALTMAN, RHODA BROWN, "JOHN DOE 1" | : | |
| AS EXECUTOR OR ADMINISTRATOR OF THE | : | |
| ESTATE OF GEORGE CRETHAN, SAUL | : | |
| MILDWORM, JACK RASKIN, DAVID SMITH, "JOHN | : | Adv. Pro. No. 07-1652 |
| DOE 2" AS EXECUTOR OR ADMINISTRATOR OF | : | |
| THE ESTATE OF ALLEN THURGOOD, EDWARD | : | |
| YAKER, GREGORY WORTHAM and DAVID L. | : | |
| JOHNSON, | : | |
| | : | |
| Defendants. | : | |

---------------------------------------------------------------------x

**MEMORANDUM OF LAW OF DEFENDANTS GARY ALTMAN, RHODA BROWN,
THE ESTATE OF GEORGE CRETHAN, SAUL MILDWORM,
JACK RASKIN, DAVID SMITH AND EDWARD YAKER IN SUPPORT OF
MOTION, PURSUANT TO 28 U.S.C. § 157(d) AND RULE 5011 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE, TO IMMEDIATELY WITHDRAW THE
REFERENCE FROM THE BANKRUPTCY COURT WITH
<u>RESPECT TO THE ADVERSARY PROCEEDING</u>**

## PRELIMINARY STATEMENT[1]

Defendants Gary Altman, Rhoda Brown, Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker, former members of the board of directors of 1st Rochdale Cooperative Group, Ltd. ("1st Rochdale") (collectively, the "Former Directors") respectfully submit this memorandum of law in support of their motion, pursuant to 28 U.S.C §157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure, for an order withdrawing the reference to the Bankruptcy Court with respect to the above-referenced adversary proceeding (the "Adversary Proceeding").

The action against the Former Directors does not belong in Bankruptcy Court. Of the eight counts in the Complaint, only Count One and Count Two assert claims against the Former Directors. The Former Directors, who have also moved to dismiss the Complaint, respectfully request that this Court withdraw the reference to the Bankruptcy Court with respect to the Adversary Proceeding as to them. This Court may withdraw the reference if there is "cause" to do so and "cause" plainly exists here for several reasons. First, as a matter of law, the Bankruptcy Court lacks the power to enter final judgment in the Adversary Proceeding. This is so because the sole two counts against the Former Directors constitute a classic "non-core" proceeding. It is based entirely on a single non-bankruptcy state law cause of action of breach of fiduciary duty that has no relation whatsoever to the Bankruptcy Code. This cause of action could plainly have been brought in state court had 1st Rochdale not sought bankruptcy protection. Further, none of the Former Directors have filed a proof of claim in 1st Rochdale's bankruptcy case, nor do they have any nexus with 1st Rochdale's bankruptcy case. They are defendants in the Bankruptcy Court only because that is where the Trustee chose to sue them.

---

[1] All defined terms that are used, but not defined, below have the same meaning as in the accompanying Affirmation

Withdrawal of the reference will assure that parties, such as the Former Directors, will not be forced to submit to judgment by the Bankruptcy Court.  It will also spare 1st Rochdale, its creditors and the Former Directors the substantial expenses and delays likely to be caused by duplicative and protracted proceedings in the Bankruptcy Court and this Court, which are likely to ensue if the reference is not withdrawn.

"Cause" to withdraw the reference also exists because the Former Directors have sought a jury trial in the Adversary Proceeding and the Bankruptcy Court is constitutionally prohibited from conducting jury trials in non-core proceedings. Under similar circumstances, courts have recognized that immediate withdrawal of the reference is appropriate in order to enable the Adversary Proceeding to proceed most efficiently and expeditiously in the Court with original jurisdiction over the Adversary Proceeding.

The other factors that courts have considered in deciding whether to withdraw the reference also squarely support immediate withdrawal in this case. For example, this Court is clearly more qualified than the Bankruptcy Court to determine the non-bankruptcy causes of action raised in the Adversary Proceeding.  The Adversary Proceeding as against the Former Directors will proceed more expeditiously in this Court and at far lesser expense to 1st Rochdale, its creditors and the Former Directors than if it is allowed to remain in the Bankruptcy Court. Concerns of forum shopping also require immediate withdrawal of the reference. The Trustee selected the Bankruptcy Court as its forum presumably because it believed the Bankruptcy Court -- whose primary task is to protect the rights of debtors and their creditors -- will likely react favorably to the Adversary Proceeding. The Former Directors, on the other hand, had no choice as to the selection of the forum; they are seeking simply to have the Adversary Proceeding restored to the Court that has original jurisdiction.

---

of Barry E. Lichtenberg, Esq.

The Former Directors are entitled to a jury trial with respect to the Adversary Proceeding and are entitled to have final judgment entered by this Court, not the Bankruptcy Court. Withdrawal of the reference will protect these rights, minimize the substantial costs and delay of these proceedings for 1st Rochdale, its creditors and the Former Directors and level the playing field so that the Former Directors receive judgment solely on the merits. Although the timing of the withdrawal is subject to this Court's discretion, the clear lack of any nexus between the Former Directors and 1st Rochdale's bankruptcy case and the Trustee's failure to substantiate any of its allegations against the Former Directors strongly suggest that the last-minute commencement of the Adversary Proceeding in the Bankruptcy Court was an abuse of that court's power that should be redressed by this Court's immediate withdrawal of the reference with respect to the Adversary Proceeding.

## STATEMENT OF FACTS

The facts relevant to this Motion are set forth in the accompanying Affirmation of Barry E. Lichtenberg, Esq., dated September 5, 2007, (the "Lichtenberg Aff."), and annexed thereto, which is submitted herewith and incorporated herein by reference.

## ARGUMENT

### PURSUANT TO 28 U.S.C. § 157(d), THERE IS "CAUSE" FOR THIS COURT IMMEDIATELY TO WITHDRAW THE REFERENCE WITH RESPECT TO THE ADVERSARY PROCEEDING

The withdrawal of the reference in bankruptcy cases and proceedings is governed by 28 U.S.C. § 157(d) which provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities

affecting interstate commerce.

As demonstrated below, pursuant to 28 U.S.C. § 157(d), "cause" exists for this Court immediately to withdraw the reference to the Bankruptcy Court with respect to Count One and Count Two of the Adversary Proceeding. First, the Adversary Proceeding is a non-core proceeding as to which the Bankruptcy Court does not have the power to enter final judgment. To allow the Adversary Proceeding to continue in the Bankruptcy Court will likely result in protracted and duplicative proceedings at great and unnecessary expense to 1st Rochdale, its creditors and the Former Directors. Thus, considerations of judicial economy require that this Court, rather than the Bankruptcy Court, preside over all aspects of the Adversary Proceeding.

Second, the Former Directors are entitled to a jury trial as to the Count One and Count Two. The Bankruptcy Court, however, is constitutionally prohibited from holding a jury trial in the Adversary Proceeding because the Adversary Proceeding is a non-core matter as to the claims against the Former Directors. Accordingly, withdrawal of the reference is warranted.

## A.    Bankruptcy Courts Do Not Have Jurisdiction To Enter Final Orders Or Judgments In Non-Core Matters

The United States District Court for the Southern District of New York has jurisdiction over all bankruptcy cases filed in the United States Bankruptcy Court for the Southern District of New York, including 1st Rochdale's bankruptcy case and the Adversary Proceeding. Under 28 U.S.C. § 1334, the district courts "shall have original and exclusive jurisdiction of all cases under title 11" except that the "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 157(a) provides that:

Each district court may provide that any or all cases under title 11

> and any or all proceedings arising under title 11 or arising in or
> related to a case under title 11 shall be referred to the bankruptcy
> judges for the district.

28 U.S.C. § 157(a).

The referral of "all cases" to "the bankruptcy judges for the district" pursuant to this provision does not, however, authorize the bankruptcy judges to decide every case and dispute that may arise in any bankruptcy case. Although 28 U.S.C. § 157(b)(1) provides that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . ..", section 157(c)(1) authorizes bankruptcy judges to hear but not to <u>determine</u> "non-core" proceedings:

> A bankruptcy judge may hear a proceeding that is not a core
> proceeding but that is otherwise related to a case under title 11. In
> such a proceeding, the bankruptcy judge shall submit proposed
> findings of fact and conclusions of law to the district court, and any
> final order or judgment shall be entered by the district judge after
> considering the bankruptcy judge's proposed findings and
> conclusions and after reviewing de novo those matters to which any
> party has timely and specifically objected.

28 U.S.C. § 157(c)(1).

The prohibition in section 157(c), which prevents the bankruptcy court from entering final judgment in non-core matters, is rooted in the Supreme Court's holding in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50 (1982) *("Marathon")*. In the *Marathon* case, the Supreme Court invalidated powers formerly granted to bankruptcy courts to issue final orders in matters involving "state-created private rights." *Marathon*, 458 U.S. at 71. Such matters, the Supreme Court held, require adjudication by Article III judges. *Id*. Because they are Article I courts, rather than Article III courts, bankruptcy courts may not be granted "the

essential attributes of judicial power" constitutionally belonging only to Article III courts. *Marathon,* 458 U.S. at 87.  Hence, the adjudication of "state-created private rights" can reside only with Article III courts, while matters involving the "restructuring of debtor-creditor relations, which [are] at the core of the federal bankruptcy power" and therefore may be considered a "public right," *Marathon,* 458 U.S. at 71-- may be adjudicated by Article I bankruptcy courts. *Marathon,* 458 U.S. at 87.  *See In re Orion Pictures Corp.,* 4 F.3d 1095, 1100 (2d Cir. 1993) ("*Orion*").

In response to *Marathon,* Congress enacted the Bankruptcy Amendments and Judgeship Act of 1984, Pub. L. No. 98-353, 98 Stat. 333. In connection therewith, Rule 7008 of the Federal Rules of Bankruptcy Procedure provides in relevant part as follows:

> In an adversary proceeding before a bankruptcy judge, the complaint, counterclaims, cross-claim, or third-party complaint shall contain a statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge.

Pursuant to Rule 7008, all proceedings before the bankruptcy courts must be characterized as either "core" - and therefore finally determined by a bankruptcy judge, or "non-core," and therefore requiring final adjudication by an Article III court, in the form of either withdrawal of the reference or de novo review by the District Court.

As set forth in the Lichtenberg Affirmation, the Former Directors have objected to the entry by the Bankruptcy Court of any findings of fact or conclusions of law in connection with the Adversary Proceeding. Since the Adversary Proceeding is a non-core matter (as demonstrated below), the Former Directors are entitled to de novo review by this Court of any findings of fact and/or conclusions of law that the Bankruptcy Court may propose in connection

with the Adversary Proceeding.

**B.    The Adversary Proceeding Is
A Non-Core Proceeding as to the Former Directors**

Neither Count One nor Count Two constitutes a "core" matter.  None of the allegations in the Complaint -- insofar as the Former Directors are concerned -- have any connection whatsoever with bankruptcy law.  The sole allegation as to the Former Directors is for breach of fiduciary duty.  The Bankruptcy Code is invoked only as to the remaining defendants, whom the Complaint alleges to be former officers of the Debtor (the "Former Officers").  Even the remaining six counts, which contain causes of action against the Former Officers, are essentially non-core proceedings.  Three of the remaining counts allege the common law causes of action of unjust enrichment.  The remaining three are predicated on New York State Debtor and Creditor Law and invoke only the avoidance provisions of the Bankruptcy Code.

**1.    Count One and Count Two Of The Adversary Proceeding Are Non-Core
Because It Has No Nexus To 1st Rochdale's Bankruptcy Case**

The Bankruptcy Code contains no precise definition of the term "core." Rather, 28 U.S.C. § 157(b)(2) contains a non-exclusive list of certain types of proceedings that are designated as "core." As the term itself clearly implies, however, "core proceeding" encompasses only "those proceedings which would not exist at law in absence of the Bankruptcy Code." *E.g., In re American Energy Inc.,* 50 B.R. 175, 178 (Bankr. D.N.D. 1985); *In re Murray,* 149 B.R. 383, 386 (E.D. Va. 1993). *See In re 131 Liquidating Corp.,* 222 B.R. 209, 211 (S.D.N.Y. 1998). Thus, the case law defines a "core proceeding" as one which "invokes a substantive right provided by title 11 or is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re CIS Corp.,* 172 B.R. 748, 755 (S.D.N.Y. 1994).  *See also In re Landbank Equity Corp.,* 77 B.R. 44, 47 (E.D. Va. 1987) (action for negligence and fraud was non-core because it was based

on pre-petition transactions).

Conversely, a proceeding, such as the Adversary Proceeding, that seeks to assert rights that do not arise under bankruptcy law, have no relation to the Bankruptcy Code and would exist even in the absence of any bankruptcy case, clearly is non-core. *See, e.g., In re Murray,* 149 B.R. at 387 (state law fraud and fraudulent conveyance claims are non-core); *Hatzel & Buehler v. Orange & Rockland Utilities, Inc.,* 107 B.R. 34, 40 (D. Del. 1989) (a proceeding is non-core unless it has "as its foundation the creation, recognition or adjudication of rights which would not exist independent of a bankruptcy environment. . .") (citation omitted); *In re American Energy, Inc.*, 50 B.R. at 179 (action for breach of pre-petition contract is non-core).  To compel a party to endure protracted litigation in the bankruptcy court under such circumstances would be utterly inequitable given the generally perceived bias of the bankruptcy court in favor of maximizing creditor recoveries. *See Id.; In re Weinstein*, 237 B.R. 567, 573 (Bankr. E.D.N.Y. 1999).

## 2.    Abundant "Cause" Exists For The Court To Withdraw The Reference With Respect To The Adversary Proceeding

Under these cases, it is abundantly clear that, at least insofar as the Former Directors are concerned, the Adversary Proceeding is, in its entirety, non-core and the reference should be withdrawn because there is no post-petition nexus whatsoever between the Former Directors and 1st Rochdale.  None of the Former Directors have filed proofs of claim against 1st Rochdale in 1st Rochdale's bankruptcy proceeding.[2]  Furthermore, none of the allegations in the Complaint as to the Former Directors arise under the Bankruptcy Code; Count One and Count Two are non-bankruptcy, state law causes of action arising from acts and/or omissions that allegedly occurred well before - and in certain cases many years before - the filing of 1st Rochdale's petition and in

---

[2] The Former Directors do not concede, however, that the filing of any proof of claim in the 1st Rochdale bankruptcy

no way depend upon the Bankruptcy Code or 1st Rochdale's status as a Chapter 7 debtor. *See, e.g.*, Id.; *In re J.T. Moran Financial Corp.,* 124 B.R. 931, 937 (S.D.N.Y. 1991) (proceeding was non-core because "there were no post-petition transactions between the parties"); *Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.,* 107 B.R. at 38 (action based on state contract and tort claims are clearly non-core). Any sort of connection between the Former Directors and 1st Rochdale's bankruptcy case is so remote that the non-core character of the Adversary Proceeding is evident. Thus, there is simply no basis for this Adversary Proceeding to go forward in the Bankruptcy Court as to the Former Directors. *See, e.g.,* Id; *In re Landbank Equity Corp.*, 77 B.R. at 49 (court withdrew reference in non-core adversary proceeding involving allegations of pre-petition negligence and fraud); *In re National Enterprises, Inc.,* 128 B.R. at 961 (court withdrew reference in adversary proceeding involving breach of pre-petition contract).

The non-core character of the Adversary Proceeding also requires withdrawal of the reference because it will spare 1st Rochdale's bankruptcy estate the substantial costs of duplicative judicial review. Given the non-core nature of those proceedings, the Bankruptcy Court has jurisdiction only to propose findings of fact and conclusions of law, and this Court would be compelled to review those findings and conclusions de novo. That inefficiency alone compels withdrawal of the reference. *See Orion,* 4 F.3d at 1101 (fact that bankruptcy court's determination on non-core matters is subject to de novo review requires withdrawal of reference where estate would be spared substantial costs by having only one proceeding).

This principle is especially applicable in light of the dispositive motions that have been filed in the Bankruptcy Court with respect to the Adversary Proceeding. Contemporaneous with the filing of this Motion, the Former Directors filed with the Bankruptcy Court a Motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012 of the Federal

---

case would constitute a waiver of their right to a jury trial in the Adversary Proceeding.

Rules of Bankruptcy Procedure, seeking to dismiss the Complaint with respect to the Former

Directors (the "Motion to Dismiss").  As detailed in the Motion to Dismiss, at least insofar as the

Former Directors are concerned, the Complaint is completely lacking in merit.

Under 28 U.S.C. § 157, the Bankruptcy Court, as an Article I Court, is prohibited from

entering final judgment with respect to the Adversary Proceeding and, therefore, should not

determine the Motion to Dismiss. As this Court has previously recognized, "[t]he reference [to

the Bankruptcy Court] will not extend . . . beyond the point where the matter is ready for trial *or*

*dispositive motions*." *In re Wedtech Corp.,* 94 B.R. 293, 297 (S.D.N.Y. 1988) (emphasis added).

Even if this Court believes that the clear non-core status of the Adversary Proceeding does not

preclude the Bankruptcy Court from deciding the Former Directors' Motion to Dismiss, "cause"

exists for this Court to withdraw the reference and decide the Motion to Dismiss in order to spare

the Former Directors the prejudice they will suffer from having the Bankruptcy Court address the

Motion to Dismiss in the ordinary course. If the Bankruptcy Court is inclined to grant the Former

Directors' Motion to Dismiss, the Trustee, as plaintiff, will have an absolute right to immediately

appeal that decision to the District Court. The Former Directors, on the other hand, would likely

not have a right to appeal as of right a decision by the Bankruptcy Court denying the Motion to

Dismiss. Rather, they will be locked into lengthy and costly litigation with respect to the

Adversary Proceeding no matter how baseless it may be. Since there is no nexus between the

Former Directors and 1st Rochdale's bankruptcy case, however, the Former Directors should at

least have an opportunity to have this Court -- which will conduct the jury trial in this Adversary

Proceeding -- decide the Motion to Dismiss and any other dispositive motions before the Former

Directors are forced to endure protracted litigation. *See Id*. *cf. Orion*, 4 F.3d at 1103 (Second

Circuit remanded motion to withdraw reference to district court and vacated bankruptcy court

order dismissing adversary proceeding).

Likewise, this Court's interest in reducing forum shopping supports immediate withdrawal of the reference because the Former Directors are the only parties that have not engaged in any forum shopping. The Trustee, which could have commenced the Adversary Proceeding in state court, chose instead to do so in the Bankruptcy Court, presumably because it believed the Bankruptcy Court would be the most favorable jurisdiction. The Former Directors, on the other hand, are merely seeking to have the Adversary Proceeding transferred to the Court that has statutory jurisdiction of this proceeding – a proceeding that could have been brought in various jurisdictions whether or not 1st Rochdale filed for bankruptcy. Indeed, there can be no question that, but for 1st Rochdale's bankruptcy proceeding, the Adversary Proceeding could never be heard by the Bankruptcy Court.

This Court's interest in maintaining uniform bankruptcy administration also clearly supports withdrawal of the reference. Withdrawal of the reference will have not any negative effect on uniform bankruptcy administration because the Complaint's allegations against the Former Directors raise only non-bankruptcy issues. Indeed, to the extent that the type of issues raised in the Complaint may have an impact on the Debtor's bankruptcy cases, withdrawal of the reference will enhance the uniformity of bankruptcy administration because this Court has far more experience than the Bankruptcy Court in hearing and determining the types of non-bankruptcy causes of action that are asserted in the Complaint.

In sum, consideration of judicial economy, uniformity of bankruptcy administration, the limited resources of the estate, fairness to the Former Directors and forum shopping all constitute additional "cause" to withdraw the reference with respect to the Adversary Proceeding.

3.      **The Complaint's Allegation That The Adversary Proceeding
        Is A "Core Proceeding" Is Incorrect**

The Complaint asserts that it "is a Core Proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)

and (H)."  (Complaint, par. 19)  Section 157(b)(2) provides in relevant part:

(2)     Core Proceedings include, but are not limited to –

        (A)     matters involving the administration of the estate;….

        (H)     Proceedings to determine, avoid, or recover fraudulent conveyance….

Neither section justifies retention of Count One and Count Two in Bankruptcy Court.

The non-core nature of the Complaint is not altered by the possibility that the outcome of

the Adversary Proceeding allegedly may have an impact on the administration of the debtors'

bankruptcy case. In *Orion,* for example, the Court of Appeals reversed a decision of the District

Court that held an adversary proceeding involving a claim for breach of a pre-petition contract

was a core proceeding. The District Court based its holding on 28 U.S.C. §157(b)(2)(A), which

provides that a proceeding is core if it will have an impact on the "administration of the estate."

The Second Circuit disagreed. It explained that virtually every adversary proceeding in any

bankruptcy case will somehow affect the "administration of the estate," but construing 28 U.S.C.

§ 157 so as to render every such proceeding as core "creates an exception to *Marathon* that

would swallow the rule." 4 F.3d at 1102. Ultimately, *Orion* held the adversary proceeding at

issue in that case was non-core because it involved "a pre-petition contract action that the

Supreme Court held in *Marathon* may not be finally adjudicated by a non-Article III judge." *Id*.

(citing *Beard v. Braunstein*, 914 F.2d 434, 443 (3d Cir. 1990)). ("[I]t is clear that to the extent

that the claim is for pre-petition contract damages, it is non-core"). *See In re Cinematronics, Inc.,*

916 F.2d 1444, 1450 (9th Cir. 1990) (state law contract claims are non-core unless they fit

squarely within enumerated, statutory core proceedings); *In re Murray*, 149 B.R. at 386 ("[a] common sense interpretation of the term 'core' . . . include[s] only those proceedings which are specifically defined in subsection (b)(2)(B) through (N) . . . "); *In re American Energy, Inc.,* 50 B.R. at 178 (28 U.S.C. § 157(b)(2) should not "be interpreted or expanded as to in effect emasculate the jurisdiction prescriptions of the *Marathon* case").

Likewise, the three fraudulent conveyance causes of actions, which are brought under New York Debtor and Creditor Law and not under Bankruptcy Code Section 548, which covers fraudulent transfers and conveyances, allege absolutely no wrongdoing by the Former Directors. The sole legal allegation against the Former Directors is for breach of fiduciary duty.

In summary, Count One and Count Two of the Adversary Proceeding is clearly a non-core proceeding. Accordingly, immediate withdrawal of the reference as to the Adversary Proceeding is warranted to ensure than an Article I bankruptcy court does not impermissibly exercise Article III judicial powers.

**C.    The Reference Must Be Withdrawn Because
       The Seventh Amendment Prohibits The Bankruptcy
       <u>Court From Holding Jury Trials In Non-Core Matters</u>**

In addition to the fact that the Adversary Proceeding is non-core and that the Bankruptcy Court may not enter final judgment with respect thereto, the reference to the Bankruptcy Court must be withdrawn because the Former Directors have made a timely request for a jury trial in connection with the Adversary Proceeding (see Lichtenberg Aff. ¶ 18).

The law is clear that the Bankruptcy Court is constitutionally prohibited from conducting a jury trial in a non-core proceeding. The Seventh Amendment to the United States Constitution provides:

In suits at common law, where the value in controversy shall exceed

twenty dollars, the right of trial by jury shall be preserved, and no
fact tried by a jury shall be otherwise reexamined in any court of the
United States, than according to the rules of the common law.

Construing the language of the amendment, the Supreme Court has "consistently interpreted the phrase 'suits at common law' to refer to 'suits in which <u>legal</u> rights were to be ascertained and determined, in contra-distinction to those where equitable rights alone were recognized and equitable remedies were administered.'" *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 41 (1989) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447 (1830) (emphasis in original)).

The Court of Appeals for the Second Circuit has held that "the Constitution prohibits Bankruptcy Courts from holding jury trials in non-core matters." *Orion,* 4 F. 3d at 1101. See *131 Liquidating Corp.,* 222 B.R. at 211 ("since jury trials have been demanded, any non-core matter must be tried in the district court"). For that reason, the Seventh Amendment mandates withdrawal of the reference in cases involving non-core claims that require a jury trial. *Id*; *See, e.g., In re Cinematronics, Inc.,* 916 F.2d at 1451; *In re J.T. Moran Financial Corp.,* 124 B.R. at 941 ("[a] bankruptcy court does not have authority to conduct a jury trial in non-core proceedings especially when all the parties have not consented") (citations omitted); *In re Wedtech Corp.,* 94 B.R. at 296 ("de *novo* review of the jury's findings would violate the essence of trial by jury"); *Pied Piper Casuals, Inc. v. Insurance Co. of the State of Pennsylvania,* 72 B.R. 156, 160 (S.D.N.Y. 1987) (*"Pied Piper"*) ("the provisions for *de novo* review seem incompatible with the concept of a right to a jury trial"). A debtor cannot abrogate a party's Seventh Amendment right to a jury trial simply by bringing suit in the Bankruptcy Court rather than the District Court. *Pied Piper,* 72 B.R. at 159. Accordingly, the reference should immediately be withdrawn with respect to the Adversary Proceeding.

Furthermore, although the Adversary Proceeding has not yet reached the trial stage, the

Former Directors' right to a jury trial constitutes "cause" for immediate withdrawal of the reference. As the bankruptcy court candidly acknowledged in *In re Weinstein,* 237 B.R. 567 (Bankr. E.D.N.Y. 1999), the right of parties in a non-core proceeding to a jury trial is intended to accomplish far more than simply protecting that particular right; it also protects those parties throughout the proceeding from the perceived pro-debtor/creditor bias of the bankruptcy court. As the bankruptcy court said:

> Courts of appeals should also recognize, even if they are reluctant to make the point explicit, that many creditors perceive, rightly or wrongly, that bankruptcy judges tend to be more personally and institutionally sympathetic to debtors or to trustees acting to increase distributions to the bankruptcy estate. In this respect, the demand for a jury trial is intended to protect the creditor against the adverse impact of that perceived bias.

*Id*. at 574.

The Adversary Proceeding is a non-core proceeding, and the Former Directors have timely requested and are entitled to a jury trial. Consequently, "cause" exists for the Court immediately to withdraw the reference to the Bankruptcy Court with respect to the Adversary Proceeding.

## CONCLUSION

For the reasons set forth above, the Former Directors respectfully request that this Court

enter an Order, pursuant to 28 U.S.C. § 157(d) and Rule 5011 of the Federal Rules of

Bankruptcy Procedure, immediately withdrawing the reference from the Bankruptcy Court with

respect to the Adversary Proceeding and granting such other relief as is just and proper.

Dated: New York, New York
      September 5, 2007

                  SCHWARTZ, LICHTENBERG LLP


                  By:  /s/Barry E. Lichtenberg
                      Barry E. Lichtenberg (BL 9750)

                  420 Lexington Avenue, Suite 2400
                  New York, New York 10170
                  (212) 389-7818

                  Attorneys for Defendants
                    Gary Altman
                    Rhoda Brown
                    The Estate of George Crethan
                    Saul Mildworm
                    Jack Raskin
                    David Smith
                    Edward Yaker