SCHWARTZ, LICHTENBERG LLP  
420 Lexington Avenue, Suite 2400  
New York, New York 10170  
(212) 389-7818  
Barry E. Lichtenberg (BL 9750)  
Attorneys for defendants Gary Altman, Rhoda Brown,  
The Estate of George Crethan, Saul Mildworm,  
Jack Raskin, David Smith and Edward Yaker

Hearing Date:  
Time:

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------------x  
In re:                                                         :     (Chapter 7  
                                                               :     Case No. 05-12086 (PCB))  
1ST ROCHDALE COOPERATIVE GROUP, LTD.                :  
                                                               :  
            Debtor.                                            :  
------------------------------------------------------------------x  
ROBERT L. GELTZER, as Chapter 7 Trustee for 1ST      :  
ROCHDALE COOPERATIVE GROUP, LTD.,                              :  
                                                               :  
            Plaintiff,                                         :  
                                                               :     **07 CV 7852 (DC)**  
GARY ALTMAN, RHODA BROWN, "JOHN DOE 1"          :  
AS EXECUTOR OR ADMINISTRATOR OF THE             :  
ESTATE OF GEORGE CRETHAN, SAUL                  :  
MILDWORM, JACK RASKIN, DAVID SMITH, "JOHN       :  
DOE 2" AS EXECUTOR OR ADMINISTRATOR OF          :  
THE ESTATE OF ALLEN THURGOOD, EDWARD            :  
YAKER, GREGORY WORTHAM and DAVID L.             :  
JOHNSON,                                        :  
                                                               :  
            Defendants.                                        :  
------------------------------------------------------------------x

**MEMORANDUM OF LAW OF DEFENDANTS GARY ALTMAN,  
RHODA BROWN, THE ESTATE OF GEORGE CRETHAN,  
SAUL MILDWORM, JACK RASKIN, DAVID SMITH AND  
EDWARD YAKER IN SUPPORT OF MOTION TO DISMISS THE  
<u>COMPLAINT WITH PREJUDICE AS TO THEM AND FOR RELATED RELIEF</u>**

0114201-037

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 6

STATEMENT OF FACTS............................................................................................................ 7

ARGUMENT................................................................................................................................. 7

POINT I

    THE BUSINESS JUDGMENT RULE BARS COUNT ONE
    AND COUNT TWO AGAINST THE FORMER DIRECTORS........................................... 7

POINT II

    EVEN WITHOUT THE BUSINESS JUDGMENT RULE, THE
    BREACH OF FIDUCIARY DUTY CLAIMS AGAINST THE
    FORMER DIRECTORS SHOULD BE DISMISSED ................................................... 9

    A.  The Complaint Fails To Plead The Elements Of A Breach Of Fiduciary
        Duty Claim Against Any Of The Former Directors............................................... 9

    B.   The Breach of Fiduciary Duty Claims Are Time-Barred
        To The Extent They Accrued Prior To March 31, 2002 ....................................... 11

POINT III

    THE COURT SHOULD DISMISS COUNT ONE AND COUNT TWO
    BECAUSE THE TRUSTEE HAS FAILED TO PROVIDE NOTICE
    AND A HEARING AS REQUIRED UNDER 11 U.S.C. § 363(b)(1). ............................ 12

POINT IV

    DISMISSAL IS WARRANTED BECAUSE THE TRUSTEE'S
    ALLEGATIONS OF 1ST ROCHDALE'S INSOLVENCY ARE
    PATENTLY DEFICIENT . ................................................................................................ 14

CONCLUSION. ............................................................................................................................ 15

TABLE OF AUTHORITIES

<u>CASES</u>                                                                                                                            <u>Page</u>

Auerbach v. Bennett,
    47 N.Y.2d 619, 393 N.E. 2d 994, 419 N.Y.S.2d 920 (1979)....................................7

Bowley v. Bowley,
    19 A.D.3d 1049, 797 N.Y.S.2d 221 (4th Dept. 2005) ..................................................11

Clarkson Co. Ltd. v. Shaheen,
    660 F.2d 506 (1981), cert. denied, 455 U.S.990,
    102 5 Ct. 1614, 71 L. Ed. 850 (1982) ........................................................................14

Consumers Union of U.S., Inc. v. State of New York,
    5 N.Y.3d 327, 806, N.Y.S2d 99, 840 N.E.2d 68 (2005)............................................7

De Castro v. Bhokari,
    201, A.D.2d 382, 607 N.Y.S.2d 348 (First Dept. 1994)............................................8

Hirsch v. Arthur Andersen & Co.,
    72 F.3d 1085 (2d Cir. 1995) ......................................................................................10

In re Betty Owens Schs., Inc.,
    No. 96 Civ. 3576, 1997 WL 188127, at 1-2 (S.D.N.Y. Apr. 17, 1997) .....................14

In re Center Wholesale,
    759 F.2d 1440 (9th Cir. 1985) ....................................................................................13

In re Lavigne,
    114 F.3d 379 (2d Cir. 1997) ......................................................................................13

In re Moberg Trucking, Inc
    112 B.R. 362 (Bankr. 9th Cir. 1990)..........................................................................13

In re Olympia Holding Corp.,
    188 B.R. 287 (M.D. Fla. 1994)..................................................................................14

In re Savage Indus., Inc.
    43 F.3d 714 (1st Cir. 1994)........................................................................................13

In re Weisser Eyecare, Inc.
    245 B.R. 844 (Bankr. N.D.III. 2000).........................................................................13

Levandusky v. One Fifth Avenue – Apt. Corp.,
    75 N.Y.2d 530 N.Y.S.2d 807, 553 N.E.2d 1317 (1990)..........................................7,8

Lippe v. Bairnco Corp.,
    230 B.R. 906 (S.D.N.Y. 1999)..............................................................................9, 10

Loengard v. Sante Fe Industries, Inc.,
    70 N.Y.2d 262, 514 N.E.2d 113, 519 N.Y.S.2d 801 (1987)......................................11

Messner v. 112 East 83rd Street Tenants Corp.,
    42 A.D.3d 356, 840 N.Y.S.2d 45, (First Dept. 2007)................................................8

Mooney v. Vitolo,
    301 F. Supp. 198 (S.D.N.Y. 1969), aff'd, 435 F.2d 838 (2d Cir. 1970) ...................9

Sears, Roebuck & Co. v. Enco Assocs.,
    43 N.Y.2d 389, N.Y.S.2d 767, 372 N.E. 2d 595 (1977)............................................11

Stern v. General Elec. Co.,
    924 F.2d 472 (2d Cir. 1991) ......................................................................................8

United States v. Whiting Pools
    462 U.S. 198 (1983) ................................................................................................14

| | |
|---|---|
| SCHWARTZ, LICHTENBERG LLP<br>420 Lexington Avenue, Suite 2400<br>New York, New York 10170<br>(212) 389-7818<br>Barry E. Lichtenberg (BL 9750)<br>Attorneys for defendants Gary Altman, Rhoda Brown,<br>The Estate of George Crethan, Saul Mildworm,<br>Jack Raskin, David Smith and Edward Yaker | Hearing Date:<br>Time: |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                            :   (Chapter 7
                                                                  :   Case No. 05-12086 (PCB))
1ST ROCHDALE COOPERATIVE GROUP, LTD.                              :
                                                                  :
          Debtor.                                                 :
------------------------------------------------------------------x
ROBERT L. GELTZER, as Chapter 7 Trustee for 1ST                   :
ROCHDALE COOPERATIVE GROUP, LTD.,                                 :
                                                                  :
          Plaintiff,                                              :
                                                                  :   **07 CV 7852 (DC)**
GARY ALTMAN, RHODA BROWN, "JOHN DOE 1"                            :
AS EXECUTOR OR ADMINISTRATOR OF THE                               :
ESTATE OF GEORGE CRETHAN, SAUL                                    :
MILDWORM, JACK RASKIN, DAVID SMITH, "JOHN                         :
DOE 2" AS EXECUTOR OR ADMINISTRATOR OF                            :
THE ESTATE OF ALLEN THURGOOD, EDWARD                              :
YAKER, GREGORY WORTHAM and DAVID L.                               :
JOHNSON,                                                          :
                                                                  :
          Defendants.                                             :
------------------------------------------------------------------x

**MEMORANDUM OF LAW OF DEFENDANTS GARY ALTMAN,
RHODA BROWN, THE ESTATE OF GEORGE CRETHAN,
SAUL MILDWORM, JACK RASKIN, DAVID SMITH AND
EDWARD YAKER IN SUPPORT OF MOTION TO DISMISS THE
<u>COMPLAINT WITH PREJUDICE AS TO THEM AND FOR RELATED RELIEF</u>**

**PRELIMINARY STATEMENT**

Defendants Gary Altman, Rhoda Brown, The Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker (collectively, the "Former Directors"), who served at certain times on the board of directors (the "Board") of 1st Rochdale Cooperative group, Ltd. ("1st Rochdale"), by their attorneys, Schwartz, Lichtenberg LLP, respectfully submit this memorandum of law in support of their motion to dismiss with prejudice Count One and Count Two the complaint dated March 28, 2007, (the "Complaint") in the above-noted adversary proceeding (the "Adversary Proceeding"), and for related relief.

This Adversary Proceeding is improperly conceived, conceptually deficient and wrongly maintained. It asserts the bankruptcy of a cooperative corporation, organized to provide low-cost energy to its subscribers, as evidence of improper conduct by the Former Directors. Yet there is not a scintilla of evidence that the Former Directors engaged in any wrongdoing whatsoever. They did not improperly receive any money or consideration or in any way benefit by their position. Indeed, the Former Directors, many of whom are in their eighties and nineties, have been active in the cooperative movement for over half a century and viewed their service on the Board as a calling rather then a career.

Of the eight counts in the Complaint, only the first two assert a claim against the Former Directors. Both Count One and Count Two allege "breach of fiduciary duty" as the sole legal underpinning. Under New York's well-established business judgment rule, however, courts cannot inquire into the actions of corporate directors taken in good faith and in the exercise of honest judgment. Because the Complaint does not -- as it cannot -- allege that the Former Directors

operated with anything less than good faith and honest judgment, assisted, when necessary, by experienced and highly reputable professionals, Count One and Count Two is utterly without merit and must be dismissed as to them. Further, as detailed below, even without the business judgment rule, the Complaint is factually flawed as to the Former Directors.

## STATEMENT OF FACTS

The pertinent facts are set forth in the accompanying Motion and Affirmation of Barry E. Lichtenberg, Esq., dated October 16, 2007 ("Lichtenberg Aff."), and exhibits annexed thereto.

## ARGUMENT

### THE COURT SHOULD DISMISS COUNT ONE AND COUNT TWO AS AGAINST THE FORMER DIRECTORS PURSUANT TO FED. R. CIV. P. 12(b)(6)

### POINT I

### THE BUSINESS JUDGMENT RULE BARS COUNT ONE AND COUNT TWO AGAINST THE FORMER DIRECTORS

In the landmark case of *Levandusky v. One Fifth Ave. Apartment Corp.*, 75 N.Y.2d 530, N.Y.S.2d 807, 553 N.E.2d 1317 (1990), the New York Court of Appeals held that the standard of review for board of directors of cooperative corporations is the business judgment rule. Under the business judgment rule, courts cannot inquire into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes. *Id.* at 53 (citing *Auerbach v. Bennett*, 47 N.Y.2d 619, 629, 419 N.Y.S.2d 920, 393, N.E.2d 994 (1979)). *See, also, Consumers Union of U.S., Inc. v. State of New York*, 5 N.Y.3d 327, 806 N.Y.S2d 99, 840 N.E.2d 68 (2005). Indeed, issues of fiduciary duty primarily emphasize avoidance of self-dealings and financial self-aggrandizement. *Levandusky,* at 538.

The Complaint fails to allege that the Former Directors engaged in self-dealing or otherwise acted in bad faith in any way. *Levandusky* at 538.

The Complaint makes no allegation that the Former Directors exercised anything other than "honest judgment." The Board retained experts, including attorneys and consultants to advise it and rendered decisions accordingly. That over time, events beyond its control precluded 1st Rochdale from achieving lasting success, or that its Bronx property never blossomed into a power plant, as 1st Rochdale and its expert advisors had anticipated (Complaint, par. 70-99), can in no way diminish the uncontrovertible fact that the Former Directors voted solely on the basis of its business judgment.

Barely two months ago, in *Messner v. 112 East 83rd Street Tenants Corp.*, 42 A.D.3d 356, 840 N.Y.S.2d 45, (First Dept. 2007) the First Department, citing *Levandusky*, again found that an action against the board of directors of a cooperative corporation for breach of fiduciary duty was barred by the business judgment rule. The First Department held that "[a]ction was properly dismissed as against the individual director defendants in the absence of allegations that they committed separate tortious acts." *Id*. at 47. (citing *De Castro v. Bhokari,* 201, A.D.2d 382, 383, 607 N.Y.S.2d 348 (First Dept. 1994)). The Complaint asserts no separate tortious acts against any of the Former Directors. Consequently, the Complaint must be dismissed as against the Former Directors.

Further, the Second Circuit has held that the presumption of legitimacy accorded to business decisions can be overcome only by alleging fraud or bad faith. Mere allegations of "waste," standing alone, is insufficient. *Stern v. General Elec. Co.* 924 F.2d 472, 476 (2d Cir.

1991). Because the Complaint asserts no specific allegation of bad faith or fraudulent intent on the part of any of the Former Directors, the breach of fiduciary duty claims are deficient on their face and must be dismissed.

## POINT II

### EVEN WITHOUT THE BUSINESS JUDGMENT RULE, THE BREACH OF FIDUCIARY DUTY CLAIMS AGAINST THE FORMER DIRECTORS SHOULD BE <u>DISMISSED</u>

**A.    The Complaint Fails To Plead The Elements Of A Breach Of Fiduciary Duty Claim Against Any Of The Former Directors**

Even if the business judgment rule were somehow found to be inapplicable, Count One and Count Two should be dismissed. Although brought as separate counts, the first and second counts are in substance all the same claim - that the Former Directors breached, in unspecified ways, a fiduciary duty owed to 1st Rochdale. Indeed, the first two counts seek recovery for essentially the same conduct. These two duplicative counts are defective as a matter of law.

As an initial matter, the Complaint fails to even allege the dates each of the Former Directors served on the Board, which, if any of them, participated in any vote or Board meeting the basis for so alleging, and any details of the alleged participation. Instead, the Complaint simply lumps the Former Directors together as if they were septuplets joined at the hip and concludes, without any apparent basis or support, that "management" breached fiduciary duties. Clearly then, the Complaint does not adequately allege the existence of a fiduciary duty owed at any particular time by any of the Former Directors. The courts have not hesitated to dismiss such nebulous allegations for failure to state a claim as a matter of law. See, e.g., *Lippe v. Bairnco Corp.*, 230 B.R. 906 (S.D.N.Y. 1999); *Mooney v. Vitolo*, 301 F. Supp. 198 (S.D.N.Y. 1969), aff'd, 435 F.2d 838 (2d Cir. 1970).

Similarly, although the Complaint alleges that the Former Directors breached their fiduciary duties by granting incentives to the Former Officers ranging from $16,358.00 to $261,442.00, it does not allege that the Former Officer did not deserve the incentives. (Complaint, par. 145-150). Such conclusory allegations of wrongdoing are insufficient as a matter of law to show that any of the Former Directors breached a fiduciary duty owed 1st Rochdale. See, e.g., *Lippe*, 230 B.R. at 916 (dismissing breach of fiduciary duty claims where complaint failed to allege "any specific fact concerning misconduct and/or wrongdoing"). See also *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) (on a motion to dismiss, "general, conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint.").

In *Lippe*, the District Court dismissed claims of breach of fiduciary duty under facts strikingly similar to those present here. Like the Complaint, the plaintiff in *Lippe* had alleged in conclusory fashion that various officers and directors had breached their fiduciary duties to the Debtor by "authorizing and approving": (1) the "denuding and stripping of [Debtor]'s operating assets and its profit-making and growth potential," (2) "the transfer of those assets for inadequate consideration," (3) "the loss of substantial future profits and potential future growth to Bairnco . . ." (4) the payment of unlawful dividends . . . " and/or (5) by unjustly enriching themselves in the process." 230 B.R. at 916. In dismissing the breach of fiduciary duty and authorization of unlawful dividends claims as to certain defendants, the Court held:

> The amended complaint is bereft of specific allegations as to any bad faith or fraudulent intent on the part of [several of the individual officer/director defendants]. . . Nor are there facts alleged . . . to support the conclusory allegation that Mahoney, Metzger, or Mileaf [other defendants] "authorized or approved" any assets sales by Keene. . . Nor are there any specific allegations that Mahoney, Metzger, or Mileaf acted fraudulently or in bad faith.

*Id*. at 917. So too here, the Complaint's failure to allege any particularly details of alleged wrongdoing chargeable to any of the Former Directors mandates dismissal of the breach of fiduciary duty claims.

    **B.    The Breach of Fiduciary Duty Claims Are Time-Barred To The Extent They Accrued Prior To March 31, 2002**

The Complaint recites, as the purported basis for its allegations against the Former Directors, a course of conduct over a period of eight years, commencing in 1987, when 1st Rochdale is alleged to have "begun actually evaluating power plant development options in New York City" (Complaint par. 70) and culminating in the filing of 1st Rochdale bankruptcy petition on March 31, 2005. In addition to the deficiencies outlined above, where, as here, it is clear from the face of the Complaint that the statute of limitations bars all or some of the Trustee's claims against the Former Directors, dismissal is appropriate.

New York law does not explicitly provide for a single limitation period for breach of fiduciary duty claims. However, the New York Court of Appeals has continually held that when a substantive, monetary remedy is sought, the applicable statutes of limitations period is three years. *Loengard v. Sante Fe Industries, Inc*. 70 N.Y.2d 262, 514 N.E.2d 113, 519 NYS2d 801 (1987); *Sears, Roebuck & Co. v. Enco Assocs.*, 43 N.Y.2d 389, 401, N.Y.S.2d 767, 372, N.E. 2d 595 (1977). Count One and Count Two demand money. They seek no equitable remedy such as the imposition of a constructive trust or an accounting, for which a six-year statute of limitation might be applicable. *See, Bowley v. Bowley*, 19 A.D.3d 1049, 797 N.Y.S.2d 221 (4th Dept. 2005). Thus, for example, the Complaint's allegation that after National Cooperative Service Corporation ceased financing in early 2000, "Management"

spent large sums in legal fees and consultants (Complaint, par. 118, 142), is time-barred to the extent such monies were spent prior to March 31, 2002.  Likewise, the second count which alleges that the Former Officers received incentive payments between April 1, 1999 and March 31, 2004, is time barred to the extent said payment were remitted prior to March 31, 2002.

**POINT III**

**THE COURT SHOULD DISMISS COUNT ONE AND
COUNT TWO BECAUSE THE TRUSTEE HAS FAILED TO
PROVIDE NOTICE AND A HEARING AS REQUIRED
UNDER 11 U.S.C. § 363(b)(1)**

The Court should also dismiss Count One and Count two because the Trustee has failed to provide any notice of the present lawsuit to creditors and other interested parties, as required under Section 363(b)(1) of the Bankruptcy Code.  Under Section 363(b)(1), a trustee may "use, sell or lease, other than in the ordinary course of business, property of the estate" only "after notice and a hearing."  The phrase "after notice and a hearing" is defined in Section 102(1)(A) of the Bankruptcy Code to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances…."

Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") implements the provisions of Section 363(b)(1) and similarly mandates that proper notice "shall be given" if estate property is used other than in the ordinary course of business. Ruler 6004 also requires that notice be given in accordance with Bankruptcy Rule 2002(a)(2), which requires 20 days' written, mailed notice to all parties in interest, including all creditors.  If an objection to the requested use of property is received, Rule 6004 requires the bankruptcy court to hold a hearing.

Section 704(1) of the Bankruptcy Code directs the trustee to "collect and reduce to money the

property of the estate for which such trustee serves." While that provision provides a trustee with wide-ranging power over the debtor's assets, a trustee's authority is limited by section 363(b) of the Bankruptcy Code. 6 Collier on Bankruptcy, § 704.02(15th Ed. 2006), the leading treatise on bankruptcy law, states as follows.

> [E]ven though there is no requirement for court approval under section 704(1), the trustee's actions are still restricted by section 363(b)(1) and he or she must comply with the "after notice and a hearing" procedure when the use, sale or lease of property is "other than in the course of ordinary business."

*Id*. The notice requirements of Section 363(b) constitute the "cornerstone underpinning Bankruptcy Code procedure." See, e.g., *In re Savage Indus., Inc*., 43 F.3d 714, 720 ( (1st Cir. 1994), and are "premised on Constitutional Due Process principles." In re *Weisser Eyecare, Inc*., 245 B.R. 844, 850 (Bankr. N.D. Ill. 2000). Notably, the notice requirements of section 363(b) have been held to have even greater force in cases in which substantially all of the debtor's assets are to be used or sold. See, e.g., *In re Savage Indus., Inc.,* 43 F.3d at 720, n.9. If, as in this case, the notice required by section 363(b) is not provided, any subsequent action taken by the trustee is null and void. See *In re Center Wholesale*, 759 F.2d 1440, 1448 (9th Cir. 1985) (failure to provide adequate notice under section 363 violated due process and rendered subsequent actions void); *In re Moberg Trucking, Inc*. 112 B.R. 362, 364 (Bankr. 9th Cir. 1990) (absent proper notice under § 363, "the sale is void"); *Weisser,* 245 B.R. at 850.

It is clear that the Trutsee's decision to commence non-bankruptcy litigation -- especially a major litigation, such as this action -- requires "notice and a hearing" under Section 363(b). The decision to prosecute such a lawsuit constitutes a transaction "outside the ordinary course of business." See *In re Lavigne*, 114 F.3d 379, 383-84 (2d Cir. 1997). The cause of action is property of the

debtor's estate, *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 n.9 (1983); *In re Betty Owens Schs., Inc.*, No. 96 Civ. 3576, 1997 WL 188127, at 1-2 (S.D.N.Y. Apr. 17, 1997), and a trustee's decision to prosecute the cause of action clearly constitutes a "use" of that property within the meaning of section 363(b).  See In re Olympia Holding Corp., 188 B.R. 287, 295 (M.D. Fla. 1994), aff'd 68 F.3d 1304 (11th Cir. 1995) ("the trustee is able to 'use' those assets by pursuing the causes of action in court…").

For all the foregoing reasons, the "notice and hearing" requirement of section 363(b) and the relevant bankruptcy rules, this action must be dismissed.

## POINT IV

### DISMISSAL IS WARRANTED BECAUSE THE TRUSTEE'S ALLEGATIONS OF 1ST ROCHDALE'S INSOLVENCY ARE PATENTLY DEFICIENT

The Complaint should also be dismissed as to the Former Directors because it is premised on a fundamental allegation that is patently deficient – 1st Rochdale's "insolvency."  1st Rochdale's purported insolvency is critical to the Trustees' breach of fiduciary claims against the Former Directors.  It is clear that until 1st Rochdale became insolvent, the Board owed its fiduciary duties to 1st Rochdale's shareholders -- essentially the Former Directors and former officers -- and not to its creditors.  See *Clarkson Co. Ltd. v. Shaheen,* 660 F.2d 506, 512 (1981), c*ert. denied*, 455 U.S.990, 102 5.Ct. 1614, 71L. Ed. 850 (1982).  While the Complaint contains several passing, conclusory assertions that 1st Rochdale was "insolvent" (Complaint, par. 146), it contains serious omissions concerning 1st Rochdale's alleged insolvency and fails to allege adequately that 1st Rochdale was insolvent at the time of any of the purported votes of the Board that give rise to Count One and Count Two.

Specifically, the Complaint does not allege that 1st Rochdale was "insolvent" within the

meaning of Section 101(32) of the Bankruptcy Code -- that its liabilities exceeded its assets -- or that 1st Rochdale was unable to pay its debts as they matured.  Indeed, 1st Rochdale continued in business for some eight years after it allegedly was "unable to pay its obligations" (Complaint, par. 24).  The Complaint is also inconsistent.  In marked contract to its allegations the "the Debtor was unable to pay its obligations as they became due" (Complaint, par. 24), the Complaint concedes that in 2002 and 2003, 1st Rochdale did generate enough cash flow to meet its expenses (Complaint, par. 114).  These deficient allegations do not adequately plead insolvency within the meaning of the Bankruptcy Code.  Moreover, the fact that such a sophisticated financial institution, such as National Cooperative Service Corporation, -- which had the opportunity to conduct appropriate due diligence -- repeatedly loaned substantial sums to 1st Rochdale throughout this period (Complaint, par. 40-50) belies the Complaint's extravagant claim that 1st Rochdale has been insolvent since its inception 1997.  Thus, the Complaint should be dismissed with prejudice.

## **CONCLUSION**

For all the foregoing reasons, defendants Gary Altman, Rhoda Brown, The Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker respectfully request that Count One and Count Two of the Complaint be dismissed in its entirety and with prejudice as to them and that the Court award them costs resulting from defending this action and such other relief as may be deemed appropriate.

Dated: New York, New York
      October 16, 2007

SCHWARTZ, LICHTENBERG LLP

By: /s/ Barry E. Lichtenberg
    Barry E. Lichtenberg (BL 9750)

420 Lexington Avenue, Suite 2400
New York, New York 10170
(212) 389-7818
Attorneys for defendants
    Gary Altman,
    Rhoda Brown,
    The Estate of George Crethan,
    Saul Mildworm,
    Jack Raskin,
    David Smith, and
    Edward Yaker