SCHWARTZ, LICHTENBERG LLP         Hearing Date:
420 Lexington Avenue, Suite 2400   Time:
New York, New York 10170
(212) 389-7818
Barry E. Lichtenberg (BL 9750)
Attorneys for defendants Gary Altman, Rhoda Brown,
The Estate of George Crethan, Saul Mildworm,
Jack Raskin, David Smith and Edward Yaker

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                               :     **Bankruptcy Proceeding Chapter 7**
                                                     :     **Case No. 05-12086 (PCB)**
1ST ROCHDALE COOPERATIVE GROUP, LTD.      :
                                                     :
        Debtor.                                      :
------------------------------------------------------------x
ROBERT L. GELTZER, as Chapter 7 Trustee for 1ST :
ROCHDALE COOPERATIVE GROUP, LTD.,                    :
                                                     :
        Plaintiff,                                   :
                                                     :     **07 CV 7852 (DC)**
GARY ALTMAN, RHODA BROWN, "JOHN DOE 1" :
AS EXECUTOR OR ADMINISTRATOR OF THE                  :
ESTATE OF GEORGE CRETHAN, SAUL                       :
MILDWORM, JACK RASKIN, DAVID SMITH, "JOHN :
DOE 2" AS EXECUTOR OR ADMINISTRATOR OF               :
THE ESTATE OF ALLEN THURGOOD, EDWARD                 :
YAKER, GREGORY WORTHAM and DAVID L.                  :
JOHNSON,                                             :
                                                     :
        Defendants.                                  :
------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW OF DEFENDANTS
GARY ALTMAN, RHODA BROWN, THE ESTATE OF GEORGE
CRETHAN, SAUL MILDWORM, JACK RASKIN, DAVID SMITH AND
EDWARD YAKER IN FURTHER SUPPORT OF MOTION
<u>TO DISMISS THE COMPLAINT WITH PREJUDICE</u>**

0114201-038

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT .......................................................................................................................... 2

POINT I

    The Complaint Fails to State Actionable Claims for Breach of Fiduciary Duty ........................ 2

        a) The Zerega Station Project was Appropriate for 1st Rochdale ........................... 3

        b) The Zerega Station Project Expenditures Were Not Reckless .......................... 5

        c) Granting Incentive Payments to Officers Does Not Constitute Breach of Fiduciary Duty ................................................................................................... 5

POINT II

    Plaintiff's Breach of Fiduciary Duty Claims Must Be Dismissed Because the Former Directors Decisions are Entitled to the Protection of the Business Judgment Rule .......... 6

POINT III

    The Former Directors Effectuated the Will of 1st Rochdale ............................................. 8

CONCLUSION. ..................................................................................................................... 10

**TABLE OF AUTHORITIES**

**CASES**                                                                                                      **PAGE(S)**

2 Broadway LLC v. Credit Suisse First Boston Mortgage Capital LLC,
    No. 00-5773, 2001 WL 410074, at 5 (S.D.N.Y. April 23, 2001) ........................................2

Auerbach v. Bennett,
    47 N.Y.2d 619, 629, 419 N.Y.S.2d 920, 926 (1979) .............................................................7

Banque Nationale de Paris S.A. Dublin Branch v. Ins. Co. of North Am.,
    896 F.Supp. 163, 165 (S.D.N.Y. 1995) ................................................................................10

Cortec Indus. v. Sum Holding L.P.,
    949 F.2d 42, 48 (2d Cir. 1991) ...............................................................................................2

F.D.I.C. v. Bober,
    2002 WL 1929486* *2 (S.D.N.Y.) .........................................................................................9

Fontheim v. Walker,
    282 A.D. 373, 377-78, 122 N.Y.S.2d 642, 646 (1st Dep't 1953),
    aff'd, 306 N.Y. 926 (1954) .....................................................................................................9

Hanson Trust, PLC v. ML SCM Acquisi'n, Inc.,
    781 F.2d 264, (2d cir. 1986) ................................................................................................4,5

In re American Express Secs. Litig.,
    No. 02-5533, 2004 WL 632750, at *4, n. 3 (S.D.N.Y. 2004) ..............................................2

In re Merrill Lynch & Co., Inc.,
    273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) .....................................................................2

Johns. v. Town of East Hampton,
    942 F. Supp. 99, 104 (E.D.N.Y. 1996) ..................................................................................2

Jones v. Surrey Coop. Apartments, Inc.,
    263 A.D.2d 33, 36, 700 N.Y.S.2d 118, 121 (1st Dep't 1999) ...............................................7

Levandusky v. One Fifth Ave. Apt. Corp.,
    75 N.Y.2d 530, 554 N.Y.S.2d 807 (1990) ............................................................................9

Linder Fund, Inc. v. Waldbaum, Inc.,
    82 N.Y.2d 219, 223, 624 N.E.2d 160, 161, 604 N.Y.S.2d 32, 33 (1993) .............................9

Lippe v. Bairnco Corp,
    230 B.R. 906 (S.D.N.Y. 1999) ..............................................................................................6

Marx v. Akers,
    88 N.Y. 2d 189, 666 N.E. 2d 1034, 644 N.Y.S.2d 121 (1996)...............................6,8

Matusovsky v. Merrill Lynch,
    186 F. Supp. 2d 397, 399-400 (S.D.N.Y. 2002) ...............................................................2

San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos.,
    75 F. 3d 801, 808-09 (2d Cir. 1996) ..................................................................................2

Shapiro v. Rockville Country Club,
    No. 15308-02, 2004 WL 398980, at *9 (Sup. Ct. Nassau Co. Feb. 23, 2004)........................7,8

**STATUTES, RULES AND TREATISES**

5 Charles A. Wright & Arthur R. Miller,
Federal Practice and Procedure: Civil 2d § 1327 (2d ed.1990) ........................................3

Federal Rule of Civil Procedure 12(b)(6) ........................................................................1,2

N.Y. Bus. Corp. Law § 717 ................................................................................................7,9

## PRELIMINARY STATEMENT

Defendants Gary Altman, Rhoda Brown, The Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker (collectively, the "Former Directors"), former members, at certain relevant times, of the board of directors (the "Board") of 1st Rochdale Cooperative Group, Ltd. ("1st Rochdale") respectfully submit this memorandum of law in reply to the Memorandum of Law ("Plaintiff's Mem.") of plaintiff Robert L. Geltzer, as Chapter 7 Trustee (the "Plaintiff") in Opposition to Motion to Dismiss the Complaint of the Former Directors and in further support of the Former Directors' motion to dismiss the subject complaint (the "Complaint") in its entirety pursuant to Fed R. Civ. P. 12(b)(6).

Plaintiff does not deny -- as he cannot -- that the Former Directors did not act beyond the scope of their stated authority. Plaintiff does not deny -- as he cannot -- that the Former Directors received no personal or financial benefit from the votes they rendered. And finally, Plaintiff does not deny -- as he cannot -- that the Complaint does not allege any bad faith or fraudulent conduct as against the Former Directors.

Instead, Plaintiff's actual arguments turn out to be a farrago of irrelevant and at times inconsistent allegations that hold up poorly in the light of settled law and uncontested fact. Plaintiff posits what is essentially a strict liability theory of corporate governance: Because 1st Rochdale filed for bankruptcy protection, the Former Directors must have breached their fiduciary duty. Under the business judgment rule, however, judicial deference must be given to board determinations so long as the board acts within its scope of authority, in good faith and in the lawful and legitimate furtherance of the company's purpose. A review of the Complaint

clearly reflects that Plaintiff has failed to make a showing of any of the elements that would trigger judicial scrutiny of the Former Directors.

## ARGUMENT

I.   **The Complaint Fails to State Actionable Claims for Breach of Fiduciary Duty**

The Complaint must be dismissed for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  While under Rule 12(b)(6), a court must normally accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor, *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 399-400 (S.D.N.Y. 2002), where, as here, the Complaint is flatly contradicted by documentary evidence, the allegations are not entitled to such favorable inference.  See *id.* at 400 ("[I]f a plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss.")

Thus, it is well settled that "[w]hen deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents attached to the complaint as exhibits or incorporated in it by reference,"  *See 2 Broadway LLC v. Credit Suisse First Boston Mortgage Capital LLC*, No. 00-5773, 2001 WL 410074, at 5 (S.D.N.Y. April 23, 2001).  Because the Complaint specifically refers to 1st Rochdale's certificate of incorporation and decisions of the Board, it is entirely appropriate for the Court to consider these and other pertinent records.  *See In re American Express Secs. Litig.*, No. 02-5533, 2004 WL 632750, at *4, n. 3 (S.D.N.Y. 2004); *San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos.*, 75 F. 3d 801, 808-09 (2d Cir. 1996); *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003); *Johns. v. Town of East*

*Hampton*, 942 F. Supp. 99, 104 (E.D.N.Y. 1996) ("It is well established that when a 'plaintiff fails to introduce a pertinent document as part of his pleading, [a] defendant may introduce that exhibit as part of his motion attacking the pleading'") quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil 2d § 1327, at 762-63 (2d ed.1990).

The Reply Affirmation of Barry E. Lichtenberg, Esq., in Further Support of the Motion to Dismiss (the "Reply Aff."), annexes the following documents that are pertinent to or referenced in the Complaint: Exhibit A: Complaint ¶ 32; Exhibit B: Complaint ¶ 117; Exhibit C: Complaint ¶ 141; Exhibit D: Complaint ¶ 75; Exhibit E: Complaint ¶ 72. These exhibits squarely rebut Plaintiff's assertion that the Former Directors "have offered no evidence that they had informed themselves regarding their decisions with respect to [1st Rochdale], or that they had relied in good faith on the statements of others…." (Plaintiff's Mem. p. 24). While the burden of proof remains with Plaintiff, the above-referenced exhibits demonstrate that the Former Directors were well-informed and, when appropriate, looked to recognized experts for guidance.

The Complaint can be reduced to three charges as against the Former Directors:

a)  They diverted funds to construct an ill-conceived power plant station;

b)  They overpaid consultants and lawyers in developing the power station; and

c)  They improperly granted incentive payments to three officers who did not deserve them.

### a) The Zerega Station Project was Appropriate for 1st Rochdale

Plaintiff labels 1st Rochdale's efforts to construct a 79 megawatt power station at 1066 Zerega Avenue, Bronx, New York (the "Zerega Station Project") as a "speculative" and "ill-

0114201-038                                                    3

conceived" (Plaintiff's Mem. p. 14.), while inconsistently dismissing the professionals that 1st Rochdale retained to effectuate the Zerega Station Project as a "futile" and careless exercise. (Complaint ¶ 119.)

Plainly, the Zerega Station Project entitled a degree of risk. But as a cooperative competitive retail energy provider, 1st Rochdale was obligated, pursuant to its Certificate of Incorporation, (Reply Aff., Exh. "A") to obtain the best mix of energy supplies for its customers. The Certificate of Incorporation of 1st Rochdale provides, in relevant part, as follows:

> 2. This corporation is formed under and pursuant to the provisions of Article 2 fo the Cooperative Corporations Law, and is formed to achieve the lawful public objective of offering consumers, on a non-profit basis, a package of energy and other services at the lowest feasible cost. The Corporation is formed for the following purposes: namely, while operating on a non-profit basis, to:
> a. purchase or otherwise acquire or accumulate electrical power, heating oil, natural gas, propane or any other fuel or energy source and/or fuel or energy service (collectively, "Energy Services") in order to meet the energy needs of cooperative housing companies and condominiums ….

The Zerega Station Project was thus consistent with and integral to the purpose of 1st Rochdale.

What is perhaps most striking of the Minutes of Regular Board of Directors meeting of 1st Rochdale (Reply Aff., Exh. "B") is the high degree of seriousness with which the Former Directors took their responsibilities. The Former Directors were active participants, not rubber stamps. They did their job. They obtained six bidders to construct the plant. (Reply Aff. Exh. "B" p. 2.) The general counsel to 1st Rochdale were present. (Reply Aff. Exh. "B" p. 1.) The Counsel for the Zerega Station Project had stellar credentials and extensive experience in the area. (See Reply Aff. Exh. "C".)

The comprehensive Executive Summary for the Zerega Station (Reply Aff. Exh. "E")

demonstrates prudent reliance on persons with a track record of expertise in the development of power stations. Plaintiff's reliance on *Hanson Trust, PLC v. ML SCM Acquisi'n, Inc.*, 781 F.2d 264, (2d Cir. 1986) is therefore misplaced. Hanson required a director's decision to be "an informed one." *Id.* at 274. That is precisely what the Former Directors did. 1st Rochdale assembled a core group of industry professionals to develop the Zerega Station Project.

In marked contrast to the Former Director's careful deliberation, Plaintiff cannot point to a single vote of a particular Former Director that would suggest bad faith or fraudulent conduct. Distilled to its essence, the wrongdoing alleged in the Complaint is the bankruptcy itself. If the instant motion to dismiss is not granted, Plaintiff will have succeeded in replacing the business judgment rule with a Monday morning quarterbacking rule.

### b) The Zerega Station Project Expenditures Were Not Reckless

Plaintiff asserts that the Former Directors "recklessly authorized the expenditure of millions of dollars in legal fees and consulting fees…" to facilitate the financing and construction of the Zerega Station Project. (Plaintiff's Mem. p. 8.) A sample invoice from the Zerega Station's project counsel, Shearman & Sterling, is annexed to the Reply Aff. as Exhibit "D." Far from "reckless," the invoice is detailed and complete. The Former Directors may not have been extraordinarily prescient but they were certainly not profligate.

### c) Granting Incentive Payments to Officers Does Not Constitute Breach of Fiduciary Duty

The second count of the Complaint that asserts breach of fiduciary duty because incentive payments were granted to three officers, must also be dismissed for failure to state a cause of action. Once again, the Complaint does not allege particular facts in contending the

0114201-038                                5

Former Directors failed to deliberate or that the Board failed to exercise its business judgment. The Complaint does not provide the base salary of the three officers or state whether they even had one. Faced with similar vague assertions, the New York Court of Appeals has held that the board of directors could not be held liable for improperly calculating executive compensation levels. *Marx v. Akers*, 88 N.Y. 2d 189, 666 N.E. 2d 1034, 644 N.Y.S.2d 121 (1996).

**II.     Plaintiff's Breach of Fiduciary Duty Claims Must Be Dismissed Because the Former Directors' Decisions are Entitled to the Protection of the Business Judgment Rule**

In *Lippe v. Bairnco Corp.*, 230 B.R. 906 (S.D.N.Y. 1999), this court held that the presumption of legitimacy accorded business decisions may be overcome only if plaintiff alleges that the directors acted fraudulently or in bad faith; allegations of 'waste' are not enough. *Id.* at 916-917. The *Lippe* court found that the business judgment rule is sufficient to resolve a case on a motion to dismiss. *Id* at 917, fn. 6. The Complaint in the instant case, as with *Lippe*, is utterly bereft of specific allegations as to any bad faith or fraudulent intent on the part of the Former Directors. The complaint alleges the Zerega Station Project to be a "costly and speculative venture" (Complaint ¶ 117) but does not claim any self-dealing, much less fraud by the Former Directors. The Complaint labels the Zerega Station Project a "diversion of funds" (Complaint ¶ 142), without asserting that such "diversion" -- even if it did occur -- constituted wrongful or fraudulent conduct. Was such "diversion" a violation of 1st Rochdale bylaw's? Did it constitute an event of default pursuant to a loan agreement between 1st Rochdale with any lender, including National Cooperative Services Corporation? The Complaint makes no such allegation. Plaintiff's silence is all the more striking as he purports to base the Complaint on a Rule 2004 examination and "available internal corporate document and records of the Debtor." (Complaint, ¶ 1.) Yet not a single document or

examination excerpt is annexed to the Complaint to evidence any improper "diversion," much less bad faith or fraudulent conduct.

The business judgment rule of New York creates a strong presumption that the actions of a corporation's directors are taken "in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes." *See Auerbach v. Bennett*, 47 N.Y.2d 619, 629, 419 N.Y.S.2d 920, 926 (1979); *Jones v. Surrey Coop. Apartments, Inc.*, 263 A.D.2d 33, 36, 700 N.Y.S.2d 118, 121 (1st Dep't 1999); N.Y. Bus. Corp. Law § 717 (1986). "Absent a showing of fraud or lack of good faith, the actions of corporate directors must be respected by the courts." *Shapiro v. Rockville Country Club*, No. 15308-02, 2004 WL 398980, at *9 (Sup. Ct. Nassau Co. Feb. 23, 2004). The Complaint fails to overcome this strong presumption.

In analyzing the business judgment rule, New York courts have consistently held that "[q]uestions of policy of management, expediency of contracts or action, adequacy of consideration, lawful appropriation of corporate funds to advance corporate interests, are left solely to [the director's] honest and unselfish decision, for their powers therein are without limitation and free from restraint, and the exercise of them for the common and general interests of the corporation may not be questioned, *although the results show that what they did was unwise or inexpedient*." (emphasis added). *Auerbach*, 47 N.Y.2d at 629, 419 N.Y.S.2d at 926; see also *Shapiro*, 2004 WL 398980, at *9 (recognizing that "the business judgment rule is necessary to avoid judicial second-guessing of corporate decisions and provides protection where a decision is made in good faith and after reasonable investigation.")

In the face of this unequivocal expression of the New York courts, Plaintiff nonetheless

maintains that the Former Directors have breached their fiduciary duties because 1st Rochdale proceeded with the Zerega Station Project, paid lawyers, consultants and lobbyists and granted incentive payments to three officers. Examining those assertions, there can be no genuine question that they are precisely those matters which fall within the discretion of the business judgment of the Board -- questions of policy, management, expediency of contracts or appropriation of corporate funds. Absent a showing of fraud or bad faith, those decisions are entitled to the protection of the business judgment rule. By asking the Court to "substitute […] its judgment ad hoc for that of the directors in the conduct of this business," while failing to allege any particular facts which would establish that the Former Directors have not directed the management of the corporation's affairs in good faith (*see Marx v. Akers*, 88 N.Y.2d 189, 666 N.E. 2d 1034, 644 N.Y.S.2d 121, 124 (1996)), Plaintiff plainly seeks to circumvent the requirements of New York statutory law. Because Plaintiff's claims fail to establish any exception to the business judgment rule, the Former Directors have not violated their fiduciary duty.

The question of whether the Zerega Station Project was in the best interests of 1st Rochdale is quintessentially a question for the corporation to decide. *See Shapiro*, 2004 WL 398980, at *12-13. The board is empowered to determine the purpose and the objectives of the corporation. The decisions of 1st Rochdale challenged by Plaintiff do not rise to misconduct and Plaintiff's efforts to place before this Court his complaints with the judgment of the Former Directors must be rejected.

### III.     The Former Directors Effectuated the Will of 1st Rochdale

It is well settled that "[m]achinery exists within corporate organizations to ascertain and effectuate the will of the stockholders. Government of the corporation must remain in the

stockholders and processes be observed. They cannot be bypassed and the most vital decision of corporate life or death lifted out of the corporate domain and transferred to a court forum at the will or whim of a minority stockholder." *Fontheim v. Walker*, 282 A.D. 373, 377-78, 122 N.Y.S.2d 642, 646 (1st Dep't 1953), aff'd, 306 N.Y. 926 (1954). In keeping with these basic principles of corporate governance, the Board held regular, monthly meetings that the general counsel to 1st Rochdale attended. (Reply Aff., Exhibit "B.") Far from being a rubber stamp, the Former Directors actively participated in deliberations.

Plaintiff argues that the business judgment rule as applied in *Levandusky v. One Fifth Ave. Apt. Corp.,* 75 N.Y.2d 530, 554 N.Y.S.2d 807 (1990) is limited to a residential cooperative corporation. (Plaintiff's Memo. p. 24.) In fact, not only is the business judgment rule not limited to residential cooperatives, in New York it has been codified into statute. *F.D.I.C. v. Bober*, 2002 WL 1929486* *2 (S.D.N.Y.); *Linder Fund, Inc. v. Waldbaum, Inc.*, 82 N.Y.2d 219, 223, 624 N.E.2d 160, 161, 604 N.Y.S.2d 32, 33 (1993). N.Y. Bus. Corp. Law § 717(a) provides, in relevant part, as follows:

> A director shall perform his duties, including his duties as a member of any Committee of the board upon which he may serve, in good faith and with that degree of care which an ordinarily prudent person in a like position would use under similar circumstances. In performing his duties, a director shall be entitled to financial statements and other financial data, rely on information, opinions, reports or statements including in each case prepared or presented by …(2) counsel, public accountants or other presence as to matter which the director believes to be within such person's professional or expert competence….

In sum, the weight of judicial and statutory authority mandates judicial deference to board action. Informed business judgments by boards are presumed appropriate absent a showing of self-

interest or fraud.  *Banque Nationale de Paris S.A. Dublin Branch v. Ins. Co. of North Am.,* 896 F.Supp. 163, 165 (S.D.N.Y. 1995).  Because there is no allegation in the Complaint that the Former Directors acted other than in good faith and in the best interests of the 1st Rochdale, the Complaint must be dismissed.

## CONCLUSION

For all the foregoing reasons, defendants Gary Altman, Rhoda Brown, The Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker respectfully request that Count One and Count Two of the Complaint be dismissed in its entirety and with prejudice as to them and that the Court award them costs resulting from defending this action and such other relief as may be deemed appropriate.

Dated: New York, New York
      November 21, 2007

SCHWARTZ, LICHTENBERG LLP

By: /s/ Barry E. Lichtenberg
    Barry E. Lichtenberg (BL 9750)

420 Lexington Avenue, Suite 2400
New York, New York 10170
(212) 389-7818
Attorneys for defendants
   Gary Altman,
   Rhoda Brown,
   The Estate of George Crethan,
   Saul Mildworm,
   Jack Raskin,
   David Smith
   Edward Yaker