```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

                In re                :

1ST ROCHDALE COOPERATIVE GROUP,      :
LTD.,
                                     :
                Debtor.
                                     :
- - - - - - - - - - - - - - - - - -x      MEMORANDUM DECISION

ROBERT L. GELTZER, as Chapter 7      :    07 Civ. 7852 (DC)
Trustee for 1ST ROCHDALE
COOPERATIVE GROUP, LTD.,             :

                Plaintiff,           :    Chapter 7
                                          No. 05-12086 (PCB)
        - against -                  :

GARY ALTMAN et al.,                  :

                Defendants.          :

- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/2008

**APPEARANCES:**   BRYAN CAVE LLP
          Attorneys for Plaintiff
              By:  Robert A. Wolf, Esq.
                   Andrea K. Fisher, Esq.
          1290 Avenue of the Americas
          New York, NY  10104

          SCHWARTZ, LICHTENBERG LLP
          Attorneys for Moving Defendants
              By:  Barry E. Lichtenberg, Esq.
          420 Lexington Avenue
          New York, NY  10170

**CHIN, D.J.**

In this adversary proceeding, plaintiff Robert L. Geltzer, as Chapter 7 Trustee (the "Trustee") of debtor 1st Rochdale Cooperative Group, Ltd. ("Rochdale"), sues ten former officers or directors of Rochdale (or their estates), seeking damages for alleged breaches of fiduciary duty and fraudulent transfers.

Relying principally on the business judgment rule, defendants Gary Altman, Rhoda Brown, the Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith, and Edward Yaker (collectively, "Movants") move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is denied in part and granted in part.

Movants are named as defendants only in Counts One and Two of the eight-count complaint. Count One alleges that all ten former officers and directors breached their fiduciary duties to Rochdale by operating Rochdale in a manner that was not financially viable, wasting resources, pursuing risky projects that were unlikely to succeed, and taking on debt that it could not repay. Count Two alleges that the eight former directors breached their fiduciary duties to Rochdale by authorizing unwarranted and excessive incentive payments and bonuses to three officers, Allen Thurgood (now deceased, who was also a director), Gregory Wortham, and David L. Johnson. Thurgood's estate, Wortham, and Johnson are also named as defendants herein.

Under New York law, the business judgment rule "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes." Auerbach v. Bennett, 419 N.Y.S.2d 920, 926 (1979); accord Owen v. Hamilton, 843 N.Y.S.2d 298, 302 (1st Dep't 2007). The business judgment rule will not, however, protect a decision that is "the product

of fraud, self-dealing or bad faith." Patrick v. Allen, 355 F. Supp. 2d 704, 710 (S.D.N.Y. 2005). At the same time, to earn the protection of the business judgment rule, directors must do more than merely avoid fraud, bad faith, and self-dealing. Hanson Trust PLC v. ML SCM Acquisition, Inc., 781 F.2d 264, 274 (2d Cir. 1986). The business judgment rule protects directors who act with "due care" and "conscientious fairness." Id. (quoting Alpert v. 28 Williams St. Corp., 483 N.Y.S.2d 667, 674 (1984); see also Croton River Club, Inc. v. Half Moon Bay Homeowners Ass'n (In re Croton River Club, Inc.), 52 F.3d 41, 44 (2d Cir. 1995) (business judgment rule applies where directors take actions "in good faith and after a reasonable investigation"). In other words, a director who exercises reasonable diligence in gathering and considering material information, who makes an informed decision after a reasonable investigation, will be protected from liability, even if the decision turns out to be "unwise or inexpedient." Levandusky v. One Fifth Ave. Apt. Corp., 554 N.Y.S.2d 807, 811 (1990) (quoting Pollitz v. Wabash R.R. Co., 207 N.Y. 113, 124 (1912)).[1]

Here, the complaint does not allege fraud, bad faith, or self-dealing on the part of the seven former directors in question. Nor does it allege that these directors acted in an

---

[1] See also RSL Commc'ns PLC ex rel. Jervis v. Bildirici, No. 04 Civ. 5217 (KMK), 2006 WL 2689869, at *6 (S.D.N.Y. Sept. 14, 2006) ("[T]o receive the protection of the business judgment rule a director must show an exercise of judgment, not simply the existence of a business decision. Directors' fiduciary duties 'require them to do more "than passively rubber-stamp the decisions of the active managers."'").

ultra vires manner or in furtherance of any illegitimate purposes. Count One of the complaint does allege, however, in words or substance, that all ten former officers and directors failed to act with due care and conscientious fairness. Count One of the complaint alleges, for example:

> Upon information and belief, by virtue of the acts and omissions described in this Complaint, the Management [defined to include all ten former officers and directors] failed to exercise the care, diligence, and skill that directors and officers of a company would exercise under comparable circumstances, and instead acted in a grossly negligent manner, thereby violating their fiduciary duties to [Rochdale] . . . .

(Compl. ¶ 142). In essence, Count One of the complaint alleges that the officers and directors of Rochdale ignored or failed to consider material information, failed to exercise due care and reasonable diligence, failed to conduct a reasonable investigation, and made decisions that were not reasonably informed. (Compl. ¶¶ 115-20, 141-44).

These allegations are sufficient at this early stage of the litigation. On a motion to dismiss, of course, I am required to accept the factual allegations of the complaint as true, and I must draw all reasonable inferences in favor of the non-moving party. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996); see Erickson v. Pardus, 127 S. Ct. 2197, 2199 (2007) (per curiam). A motion to dismiss must be denied if the complaint alleges "enough facts to state a claim for relief that is plausible on its face." Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007 (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). The

question is not whether I believe the allegations of the complaint or whether I think the Trustee is likely to be able to prove the facts alleged in the complaint, for "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Bell Atlantic, 127 S. Ct. at 1965 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  The Trustee has alleged enough facts in Count One to render plausible its argument that the Movants are not entitled to the protection of the business judgment rule with respect to their decisions that resulted in millions of dollars of alleged losses.

Count Two, however, is inadequately pled.  Count Two does not allege a failure by the former directors to exercise due care or reasonable diligence.  Count Two merely alleges that the three former officers were paid incentives and bonuses when Rochdale was insolvent, while Rochdale was suffering losses. (See Compl. ¶¶ 121-39, 145-50).  One of the officers, Johnson, is alleged to have received only $16,358 in incentives and bonuses over a five-year period.  (Id. ¶ 147).  This amount is so low it evidences nothing.  The amounts for Thurgood ($261,442) and Wortham ($204,555), while higher, are hardly a basis for concern, as they were paid over a five-year period as well.  (Id.).

In the absence of any allegation of fraud, bad faith, self-dealing, lack of due care, or lack of reasonable diligence by the seven former directors in question, the Trustee's argument that they are not protected by the business judgment rule is not

plausible and therefore fails as a matter of law. Count Two is dismissed.

Movants make certain additional arguments, which I consider only with respect to Count One. Movants argue that certain claims are barred by the three-year statute of limitations. As I have previously held, however, a six-year statute of limitations applies to claims on behalf of a corporation against its officers and directors for breach of fiduciary duty. Lippe v. Bairnco Corp., 230 B.R. 906, 913-14 (S.D.N.Y. 1999); accord Pereira v. Centel Corp. (In re Argo Commc'ns Corp.), 134 B.R. 776, 785-88 (Bankr. S.D.N.Y. 1991) (holding six-year statute of limitations applies to bankruptcy trustee's suit, in name of debtor and for benefit of creditors, against related corporations for breach of fiduciary duty and corporate waste). The six-year statute applies here, and thus Movants' statute of limitations defense is rejected.

Movants also contend that the complaint fails to adequately plead a breach of fiduciary duty claim against the former directors because it does not allege the dates each director served or which of them, if any, participated in any vote or board meeting. This contention is rejected. The complaint alleges that five of the former directors were elected to the board when Rochdale was incorporated in 1997 and the other three were elected to the board on June 6, 1998. (Compl. ¶¶ 29-31). The complaint alleges, in essence, that all the former directors participated in all the board's decisions during the

relevant time period. (See id. ¶¶ 75, 116-20). These allegations are sufficient, for now.

Movants additionally argue that the complaint controverts its own allegation that the officers and directors of Rochdale ignored or failed to consider material information by asserting -- at the same time -- that the officers and directors spent "millions of dollars on legal and professional fees" in pursuing the power plant projects. (Compl. ¶ 118). The fact that the board hired lawyers and experts does provide some evidence that the directors acted diligently, but these circumstances could also show, as the Trustee alleges, that the directors spent too much money on legal and professional fees. At the pleading stage, I must draw all reasonable inferences in favor of the non-moving party. The Trustee's allegations, though seemingly contradictory, are nevertheless plausible, and the directors' reliance on lawyers and experts, by itself, does not preclude a finding that they acted without due care and diligence. Accordingly, Movants' argument in this respect is rejected, for now.

Finally, Movants argue that the Trustee's claims are barred because he failed to provide prior notice of this adversary proceeding and an opportunity for interested parties to be heard. The argument is rejected, for the reasons set forth at pages 28-32 of the Trustee's memorandum of law in opposition to the motion to dismiss.

## CONCLUSION

For the reasons set forth above, Movants' motion is denied as to Count One and granted as to Count Two. Count Two is dismissed.

SO ORDERED.

Dated:   New York, New York
         January 17, 2008

                                    _____
                                    DENNY CHIN
                                    United States District Judge