BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000
Robert A. Wolf (RW 3419)
Andrea K. Fisher (AF 0150)
rawolf@bryancave.com

*Counsel for Robert L. Geltzer, as*
*Chapter 7 Trustee for 1st Rochdale*
*Cooperative Group, Ltd.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- x

In re:                                          :
                                                :      **Bankruptcy Proceeding Chapter 7**
1ST ROCHDALE COOPERATIVE GROUP, LTD. :      **Case No. 05-12086 (PCB)**
                                                :
                  Debtor                        :
                                                :
-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- x
ROBERT L. GELTZER, as Chapter 7 Trustee for     :
1ST ROCHDALE COOPERATIVE GROUP, LTD., :
                                                :
                  Plaintiff,                    :
                                                :
          v.                                    :
                                                :
GARY ALTMAN, RHODA BROWN, "JOHN DOE             :
1" AS EXECUTOR OR ADMINISTRATOR OF              :      **07 CV 7852 (DC)**
THE ESTATE OF GEORGE CRETHAN, SAUL              :
MILDWORM, JACK RASKIN, DAVID SMITH,             :
FRANCIS CONNOLLY and JOAN KRAMER AS             :
EXECUTORS OF THE ESTATE OF ALLEN                :
THURGOOD, EDWARD YAKER, GREGORY                 :
WORTHAM and DAVID L. JOHNSON,                   :
                                                :
                  Defendants.                   :
                                                ::
                                                :
-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- X

C046038/0189460/1483734.3

**AFFIRMATION OF ROBERT A. WOLF, ESQ. IN SUPPORT OF
TRUSTEE'S MOTION FOR AN ORDER APPROVING A STIPULATION
OF SETTLEMENT BETWEEN ROBERT L. GELTZER, AS CHAPTER 7
TRUSTEE OF 1ST ROCHDALE COOPERATIVE GROUP, LTD. AND
DEFENDANT DAVID L. JOHNSON, PURSUANT TO RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Robert A. Wolf, an attorney at law, duly admitted to practice before the United States

District Court for the Southern District of New York, affirms under the penalty of perjury as

follows

**Jurisdiction**

1.    I am a member of the firm of Bryan Cave LLP.  Bryan Cave LLP is

General Counsel to Robert L. Geltzer, as Chapter 7 Trustee ("Trustee") of the above-captioned

debtor, 1st Rochdale Cooperative Group, Ltd. (the "Debtor").  As the primary attorney at my firm

who has represented the Trustee in this matter, I am familiar with the relevant facts and

circumstances set forth herein, and submit this affirmation ("Affirmation"), in support of the

Trustee's motion (the "Motion") for an order, pursuant to Rule 9019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), approving the Stipulation of Settlement

("Stipulation") entered into between the Trustee as plaintiff, and David L. Johnson ("Johnson")

as defendant, in the above-captioned adversary proceeding (the "Adversary Proceeding"), a copy

of which Stipulation is attached as Exhibit A.

2.    The United States District Court for the Southern District of New York

has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.

C046038/0189460/1483734.3

## Background

3.     On or about March 23, 2005, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4.     The Trustee was appointed interim trustee on or about March 23, 2005 pursuant to 11 U.S.C. § 701, and subsequently became permanent Trustee pursuant to 11 U.S.C. § 702(d) and by operation of law, and now is qualified and acting as Trustee.

5.     On or about March 28, 2007, the Trustee commenced the instant Adversary Proceeding, seeking to recover damages suffered by the Debtor as a result of, among other things, alleged breaches of fiduciary duties to the Debtor by the Debtor's former directors and senior officers, including Johnson, and recovery of certain fraudulent conveyances made to Johnson in the form of bonus/incentive payments totaling $16,358.00.

6.     The Trustee and Johnson (collectively, the "Parties") wish to avoid the expense and delay of further litigation and to settle the subject claims, asserted by the Trustee against Johnson in the Adversary Proceeding, as well as any and all other claims or obligations that were or could be asserted by either of the Parties against each other, up to and including the date of this Stipulation.

7.     The Parties have successfully negotiated the terms of the Stipulation attached hereto as Exhibit A, pursuant to which Johnson has agreed to pay the Trustee the total amount of $7,500.00, in full resolution of all claims asserted against Johnson.

## The Stipulation

8.     The Trustee has determined that it would be in the best interests of the Debtor, its estate, and its creditors for the Trustee to enter into a settlement with Johnson in connection with this dispute.  Specifically, the Trustee believes it is in the estate's best interests

C046038/0189460/1483734.3

to avoid the expense and delay of litigation and to settle all of his claims asserted against

Johnson in the Adversary Proceeding, and any and all other claims or obligations that were or

could be asserted between the Trustee, on the one hand, and Johnson, on the other, up to and

including the date of the Stipulation, pursuant to the terms thereof.

        9.     Accordingly, the Trustee and Johnson have executed the Stipulation, dated

as of May 6, 2008, the significant terms of which are as follows:

(a)    Simultaneously with the execution of this Stipulation, Johnson has paid to the Trustee a total of $7,500.00.

(b)    The Trustee and Johnson agree to the ultimate mutual release of any and all claims between the Trustee and the Debtor's estate on one hand, and Johnson on the other.

(c)    Provided the required conditions set forth in the Stipulation have been met, then within ten (10) days after the later of (i) the date upon which an order of this Court approving the Stipulation becomes final, or (ii) the 91st day after the settlement payment is collected upon by the Trustee, the Parties, through their respective counsel, shall file a stipulation of dismissal of the Adversary Proceeding as against Johnson.

        10.    The Trustee and Johnson , by their respective counsel, have negotiated the

terms of the Stipulation in good faith and at arms length and have agreed that the Stipulation

shall have no force or effect unless and until it is approved by this Court.

### The Stipulation Should be Approved

        11.    The Trustee believes that the proposed settlement embodied in the

Stipulation meets the requirements for a compromise of controversy under Rule 9019 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Bankruptcy Rule 9019(a)

provides in relevant part: "upon a motion by the trustee and after notice and a hearing, the court

may approve a compromise or settlement."

        12.    In deciding whether to approve a proposed settlement, a bankruptcy court

must determine whether the proposal is "fair and equitable" and "in the best interests of the

4

estate." In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991);
In re Texaco, 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988); In re Carla Leather, Inc., 44 B.R. 457,
465 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1985) (court should approve proposed
settlement where it is in the bounds of reasonableness).

13.    A court need not conduct an independent investigation in formulating its
opinion as to the reasonableness of a settlement. In re International Distribution Centers, Inc.,
103 B.R. 420, 422-23 (S.D.N.Y. 1989) (affirming bankruptcy's court's confirmation of proposed
settlement on ground that settlement met or exceeded lowest standard of reasonableness); In re
Best Products Co., Inc., 168 B.R. 35, 50-51 (Bankr. S.D.N.Y. 1994), appeal dismissed, 177 B.R.
791 (S.D.N.Y. 1995), aff'd, 69 F.3d 26 (2d Cir. 1995).  Indeed, the court need only determine
whether the settlement "'fall[s] below the lowest point in the range of reasonableness.'" In re
W.T. Grant Co., 699 F.2d 599, 613 (2d Cir. 1983) (citations omitted) (proposed settlement
agreement between debenture holders and bankrupt estate ensuring debenture holders a nineteen
percent refund of their investment was approved where the settlement could hardly be regarded
as below the lowest point in the range of reasonableness); Drexel, 134 B.R. at 497.

14.    The court in Drexel approved a settlement between the debtor and a
corporate insider, a former corporate officer, and explained:

> Courts look to several factors which shed light on whether the
> compromise remains above the lowest point in the range of
> reasonableness.  In determining whether a settlement is "fair and
> equitable," i.e., within the range of reasonableness, courts should
> balance:
>
> a)    the likelihood of success compared to the present
>       and future benefits offered by the settlement;
> b)    the prospect of complex and protracted litigation if
>       settlement is not approved;
> c)    the proportion of the . . . [creditors] . . . who do not
>       object or who affirmatively support the proposed
>       settlement;

5

d)    the competency and experience of counsel who
support settlement;

e)    the relative benefits to be received by . . . [the
creditors] . . . ;

f)    the nature and breadth of releases to be obtained by
officers and directors; and

g)    the extent to which the settlement is the product of
arms' length bargaining.

Drexel, 134 B.R. at 497 (cited in Best Products, 168 B.R. at 50). In Drexel, the court approved

the proposed settlement, having found that it was above the lowest point in the range of

reasonableness and that it was fair and equitable and in the best interests of the estate.

15.    On behalf of the Trustee, it is respectfully submitted that the proposed

settlement embodied in the Stipulation more than sufficiently meets these standards.

Under the Stipulation, the Debtor's estate has received $7,500.00 from Johnson.

16.    In his complaint, the Trustee asserted two sets of claims against the

Johnson, the first being a claim for breach of fiduciary duty relating to the alleged negligent

manner in which the former officers and directors of the Debtor allegedly utilized the financial

resources of 1st Rochdale, by, among other things, approving, at a time when the company was

purportedly already undercapitalized and insolvent, the diverting of millions of dollars from its

more viable line of business to an allegedly speculative plan to build a new power plant facility

in the Bronx, as a result of which 1st Rochdale was purportedly sent into deeper insolvency

(Count One of the Complaint), and the second relating to the avoidance and recovery of alleged

fraudulent transfers of property of the Debtor to Johnson, in the aggregate amount of $16,358,

consisting of bonus/incentive payments made by the Debtor to Johnson during the period April

1, 1999 through March 31, 2004 ("Counts Seven and Eight of the Complaint").

17.    The former directors of the Debtor who were named as defendants in this

Adversary Proceeding (the "Former Directors") moved to dismiss both Count One of the

6

Complaint, and Count Two of the Complaint (Johnson is not a Defendant to Count Two) (the "Motion to Dismiss"). In a decision dated January 17, 2008, this Court dismissed Count Two of the Complaint but denied the Motion to Dismiss as to Count One.

18.    In his answer, Johnson asserted the affirmative defense of the "Business Judgment Rule" with respect to the breach of fiduciary duty claims asserted against him in Count One.

19.    While the Trustee believed he could have overcome Johnson's "Business Judgment Rule" defense, that defense, as well as Johnson's affirmative defense with respect to the fraudulent conveyance claim that he provided fair consideration or benefits to the Debtor, would have raised factual issues which would have caused the Debtor's estate to incur the considerable expenses of additional depositions and document discovery. Moreover, although the Trustee was able to defeat the Former Directors' Motion to Dismiss with respect to Count One of the Complaint, the Trustee and his counsel were well aware that he would have to meet an imposing burden of proof in order to prevail at trial on that Count. The Trustee, therefore, was mindful of both the risks and costs involved in proceeding with further litigation against Johnson.

20.    In addition, even assuming the Trustee were to prevail at trial, Johnson submitted financial statements which led the Trustee to believe that the Trustee would have limited ability to satisfy any judgment that he might obtain against Johnson in the Adversary Proceeding

21.    Due to the complex factual nature of this case, and also taking into account the number of parties that would be required to testify both in the discovery phase and at

trial, it became clear to the Trustee that any potential recovery would have been severely reduced by the potential discovery and trial costs that would have been associated with this case

22.    Therefore, it is respectfully submitted that by this Stipulation, the Debtor's estate will receive a substantial portion, if not more, of the total net amount that the Trustee could have hoped ultimately to recover in the Adversary Proceeding as against Johnson, after taking into account the anticipated discovery and trial costs and Johnson's limited financial worth.

23.    In addition to avoiding the additional expenses of further litigation with Johnson, the Trustee will also be avoiding the risks associated with it continuing the litigation against him.

24.    Accordingly, it is respectfully submitted that the proposed settlement is fair and equitable and well within the range of reasonableness. This settlement is in the best interests of the Debtor, its estate, and its creditors, has been achieved without the necessity of further litigation against Johnson. Accordingly, it is respectfully submitted that the Stipulation meets the requirements for approval under Bankruptcy Rule 9019, and the Stipulation should be approved by this Court.

### Waiver of Requirement that the Trustee Submit a Memorandum of Law

25.    By letter dated May 15, 2008, the Trustee, by his counsel, requested that this Court waive and dispense with the requirements set forth in Rule 7.1(a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, which require that any motion filed shall have an accompanying memorandum of law, because the Motion does not present any novel issues of law, and, included in this Affirmation, is the law upon which the Trustee relies. That request was granted by this Court.

8

**Notice**

26.     This Affirmation, the Stipulation, attached hereto as Exhibit A, and the

proposed Order approving the Stipulation, attached hereto as Exhibit B, are being served on the

parties listed on the Service List, attached hereto as Exhibit C, including the United States

Trustee's office, the creditors of the Debtor's estate and any other parties who have filed a notice

of appearance in the bankruptcy case as required by Bankruptcy Rule 2002(a)(3).

27.     WHEREFORE the Trustee respectfully requests that this Court (i) approve

the Stipulation of Settlement, attached hereto as Exhibit A; (ii) enter an order approving the

Stipulation of Settlement, in the form attached hereto as Exhibit B; and (iii) grant such other and

further relief as is just and proper.


Dated: New York, New York
       May 21, 2008

                              BRYAN CAVE LLP

                              *Counsel for Robert L. Geltzer, as Chapter 7
                              Trustee 1ˢᵗ Rochdale Cooperative Group, Ltd.*

                              By: _____
                              Robert A. Wolf, Esq. (RW 3419)
                              1290 Avenue of the Americas
                              New York, NY 10104
                              212-541-2000

C046038/0189460/1483734.3