# EXHIBIT A

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000
Robert A. Wolf (RW 3419)
Andrea K. Fisher (AF 0150)
rawolf@bryancave.com

*Counsel for Robert L. Geltzer, as Chapter 7 Trustee for 1st Rochdale Cooperative Group, Ltd.*

WANDER & ASSOCIATES, P.C.
641 Lexington Avenue, 21st Floor
New York, NY 10022
(212) 751-9700
David Wander (DW 0145)
dwander@wanderlaw.com

*Attorneys for David L. Johnson*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

In re:

1ST ROCHDALE COOPERATIVE GROUP, LTD.

Debtor

**Bankruptcy Proceeding Chapter 7
Case No. 05-12086 (PCB)**

-------------------------------------------------------- x

ROBERT L. GELTZER, as Chapter 7 Trustee for 1ST ROCHDALE COOPERATIVE GROUP, LTD.,

Plaintiff,

v.

GARY ALTMAN, RHODA BROWN, "JOHN DOE 1" AS EXECUTOR OR ADMINISTRATOR OF THE ESTATE OF GEORGE CRETHAN, SAUL MILDWORM, JACK RASKIN, DAVID SMITH, FRANCIS CONNOLLY and JOAN KRAMER AS EXECUTORS OF THE ESTATE OF ALLEN THURGOOD, EDWARD YAKER, GREGORY WORTHAM and DAVID L. JOHNSON,

Defendants.

**07 CV 7852 (DC)**

-------------------------------------------------------- X

C0460380189460/1471261.6

### STIPULATION OF SETTLEMENT BETWEEN ROBERT L. GELTZER, AS CHAPTER 7 TRUSTEE OF 1ST ROCHDALE COOPERATIVE GROUP, LTD. AND DEFENDANT DAVID JOHNSON

This Stipulation of Settlement ("Stipulation") is entered into between Robert L. Geltzer, Esq., as Chapter 7 Trustee (the "Trustee") of 1st Rochdale Cooperative Group, Ltd., the Debtor in the above-captioned bankruptcy case (the "Debtor"), and, as Trustee, the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), and David L. Johnson ("Johnson"), a defendant in the Adversary Proceeding.

WHEREAS, on March 31, 2005, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code; and

WHEREAS, on or about that same date, the Trustee was appointed interim trustee and subsequently became permanent Trustee pursuant to Section 702 (d) of the Bankruptcy Code and by operation of law, and now is qualified and acting as Trustee; and

WHEREAS, on or about March 28, 2007, the Trustee commenced the Adversary Proceeding seeking: (i) to recover damages suffered by the Debtor as a result of numerous breaches of fiduciary duties to the Debtor by the Debtor's former directors and senior officers, including Johnson, who acted as the Debtor's Chief Financial Officer/Assistant Secretary during, upon information and belief, all relevant times; and (ii) the avoidance and recovery of alleged fraudulent transfers of property of the Debtor to Johnson, in the aggregate amount of $16,358, consisting of bonus/incentive payments made by the Debtor to Johnson during the period April 1, 1999 through March 31, 2004; and

WHEREAS, the Trustee and Johnson (collectively, the "Parties") wish to avoid the expense and delay of further litigation and to settle the subject claims of the Adversary Proceeding asserted as against Johnson, as well as any and all other claims or obligations that

2

were or could be asserted by either of the Parties against each other, up to and including the date of this Stipulation, pursuant to the terms hereof;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, in consideration of the mutual promises contained in this Stipulation and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, that:

1. Simultaneously with his execution of this Stipulation, Johnson has paid to the Trustee a total of $7,500.00 (the "Payment" or "Settlement Amount") by attorney check from the IOLA account of David Wander Esq. to the order of "Robert L. Geltzer, as Chapter 7 Trustee of 1st Rochdale Cooperative Group, Ltd.," delivered to the Trustee's Counsel, Bryan Cave LLP, 1290 Avenue of the Americas, New York, New York 10104, to the attention of Andrea K. Fisher, Esq. The Payment shall be held by the Trustee in the account he maintains on behalf of the estate, subject to the further terms set forth below.

2. The Trustee and his Counsel shall use their best efforts to make a motion, within ten (10) days of the execution of this Stipulation, to have this Stipulation and the settlement reflected herein approved by an order of the Court in the form annexed hereto as Exhibit A (the "Approval Order"), and shall take such reasonable and necessary action as required to have the Approval Order entered as promptly as possible. The Payment received by the Trustee, together with interest, if any, earned thereon (the "Deposit"), shall not be deemed property of the estate by the Trustee until the Approval Order is entered and has become a "Final Order." A "Final Order" means an order that has been duly entered on the docket of the Court, and the time for any party to seek to appeal it or reargue it has expired without a notice of appeal or motion for permission to appeal having been filed or reargument having been sought, or, in the event any of such events have occurred, such reargument, if any, has been denied, all appeals

taken have been finally resolved, and the time to take any further appeals, to file a motion for further permission to appeal, or to seek certiorari has expired without the Approval Order being vacated, reversed or modified. Upon the Approval Order becoming a Final Order, the Deposit shall become property of the estate. Alternatively, the Deposit will be returned to the Defendant within ten (10) business days following the occurrence of disapproval of the motion for entry of the Approval Order.

       3.       The Parties agree to the following mutual releases:

       a.       91 days after receipt of the Payment is received and collected upon by the Trustee, and provided that the Trustee (i) has not been required to disgorge, or has been subject to a demand to disgorge, all or any portion of any Payment (the "Disgorgement"), and (ii) Johnson has not filed a voluntary bankruptcy petition or become the subject of an involuntary bankruptcy proceeding (the "Johnson Bankruptcy"), the Trustee shall be deemed to have released and forever discharged Johnson and his respective successors, heirs, executors, administrators, and assigns (the "Released Parties") from all actions, causes of action, suits, debts, dues, sums of money, accounts, controversies, agreements, promises, variances, trespasses, damages, judgments, abstracts of judgments, liens, executions, claims and demands whatsoever, in law, admiralty or equity, which the Trustee or the Debtor ever had, now has or hereafter can, shall or may have, whether known or unknown, against the Released Parties for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation, provided, however, that this Stipulation shall not affect, waive, limit, modify or otherwise change in any manner Johnson's obligations set forth in this Stipulation, or under any instrument or agreement executed and delivered pursuant to this Stipulation, which obligations shall remain in full force and effect.

    b. 91 days after the Payment required under this Stipulation is received and collected upon by the Trustee, and, provided no Disgorgement or Johnson Bankruptcy has occurred, Johnson shall be deemed to have released and forever discharged the Trustee and the Debtor and each of their respective officers, directors, principals, employees, representatives, attorneys, agents, professionals and assigns (collectively "Debtor Parties") from all actions, causes of action, suits, debts, dues, sums of money, accounts, controversies, agreements, promises, variances, trespasses, damages, judgments, abstracts of judgments, liens, executions, claims and demands whatsoever, in law, admiralty or equity, which Johnson ever had, now has or hereafter can, shall or may have, whether known or unknown, against the Debtor Parties for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation, provided, however, that this Stipulation shall not affect, waive, limit, modify or otherwise change in any manner the Trustee's obligations set forth in this Stipulation, or under any instrument or agreement executed and delivered pursuant to this Stipulation, which obligations shall remain in full force and effect. Additionally, Johnson agrees not to file any proofs of claim or assert any claims or interests against the Debtor's bankruptcy estate.

    4. This Stipulation and the Settlement Amount made hereunder are not intended to be, shall not be construed as and do not constitute any admission or concession whatsoever by Johnson or any his successors, executors, administrators or assigns of any wrongdoing or illegal or actionable acts or omissions, and Johnson expressly denies that he has engaged in any wrongdoing, or illegal or actionable acts or omissions.

    5. This Stipulation of Settlement shall be binding upon the Parties and their respective heirs, executors, successors and assigns, as well as any subsequently appointed or elected trustee in the case.

6. This Stipulation of Settlement has been entered into for settlement purposes only, and is not admissible in any action or proceeding except to enforce the expressed terms and conditions hereof, including payment pursuant hereto.

7. This Stipulation of Settlement shall be governed and construed in accordance with the internal laws of the State of New York, without regard to principles of conflicts of laws. This Stipulation of Settlement may be enforced upon application to this Court.

8. This Stipulation of Settlement, together with any other documents referred to herein, constitutes the entire agreement and understanding among the Parties hereto with respect to the subject matter hereof.

9. Notwithstanding Johnson's contemplated dismissal as a defendant in this Adversary Proceeding, Johnson consents to a deposition by the Trustee, without issuance of a subpoena, and notice of such deposition can be served upon Johnson's undersigned counsel.

10. Other than the representation contained herein, no representations have been made to induce either Party to enter into this agreement.

11. This Stipulation of Settlement supersedes all agreements not referred to herein and cannot be amended, supplemented or modified, nor may any provision hereof be waived, except by a written instrument executed by the party against whom enforcement of such amendment, supplement, modification or waiver is sought.

12. The Parties agree to take any and all necessary and reasonable steps, including the signing of documents, to effectuate this Stipulation of Settlement. Provided no disgorgement or Johnson Bankruptcy has occurred, within ten (10) days after the later of: (i) the date upon which the Approval Order becomes a Final Order, or (ii) the 91st day after the Payment has been received and collected upon by the Trustee, the Parties shall execute, through their respective counsel, a stipulation of dismissal of the claim in this Adversary Proceeding, as against Johnson.

13. This Stipulation may be signed by the parties in counterpart originals.

Dated: New York, New York
      As of May 6, 2008

By:_____
    Robert L. Geltzer

By:_____
    David Johnson

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

By: /s/ Robert A. Wolf
    Robert A. Wolf, Esq.
*Counsel for Robert L. Geltzer, Chapter 7 Trustee of 1st Rochdale Cooperative Group, Ltd.*

WANDER & ASSOCIATES, P.C.
641 Lexington Avenue, 21st Floor
New York, NY 10022
(212) 751-9700

By:_____
    David Wander, Esq.
*Attorney for David Johnson*

7

11.  This Stipulation of Settlement supersedes all agreements not referred to herein and cannot be amended, supplemented or modified, nor may any provision hereof be waived, except by a written instrument executed by the party against whom enforcement of such amendment, supplement, modification or waiver is sought.

12.  The Parties agree to take any and all necessary and reasonable steps, including the signing of documents, to effectuate this Stipulation of Settlement. Provided no disgorgement or Johnson Bankruptcy has occurred, within ten (10) days after the later of: (i) the date upon which the Approval Order becomes a Final Order, or (ii) the 91st day after the Payment has been received and collected upon by the Trustee, the Parties shall execute, through their respective counsel, a stipulation of dismissal of the claim in this Adversary Proceeding, as against Johnson.

13.  This Stipulation may be signed by the parties in counterpart originals.

Dated: New York, New York
As of May __, 2008

By: /s/ Robert L. Geltzer
    Robert L. Geltzer

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

By: _____
    Robert A. Wolf, Esq.
*Counsel for Robert L. Geltzer, Chapter 7 Trustee of 1st Rochdale Cooperative Group, Ltd.*

By: _____
    David Johnson

WANDER & ASSOCIATES, P.C.
641 Lexington Avenue, 21st Floor
New York, NY 10022
(212) 751-9700

By: _____
    David Wander, Esq.
*Attorney for David Johnson*

7

C0460380189460/1471261.6

11. This Stipulation of Settlement supersedes all agreements not referred to herein and cannot be amended, supplemented or modified, nor may any provision hereof be waived, except by a written instrument executed by the party against whom enforcement of such amendment, supplement, modification or waiver is sought.

12. The Parties agree to take any and all necessary and reasonable steps, including the signing of documents, to effectuate this Stipulation of Settlement. Provided no disgorgement or Johnson Bankruptcy has occurred, within ten (10) days after the later of: (i) the date upon which the Approval Order becomes a Final Order, or (ii) the 91st day after the Payment has been received and collected upon by the Trustee, the Parties shall execute, through their respective counsel, a stipulation of dismissal of the claim in this Adversary Proceeding, as against Johnson.

13. This Stipulation may be signed by the parties in counterpart originals.

Dated: New York, New York
As of May 6, 2008

By:_____
Robert L. Geltzer

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

By: _____
Robert A. Wolf, Esq.
*Counsel for Robert L. Geltzer, Chapter 7 Trustee of 1st Rochdale Cooperative Group, Ltd.*

By: /s/ David Johnson
David Johnson

WANDER & ASSOCIATES, P.C.
641 Lexington Avenue, 21st Floor
New York, NY 10022
(212) 751-9700

By: /s/ David Wander
David Wander, Esq.
*Attorney for David Johnson*

7

C0460380189460/1471261.6