BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000
Robert A. Wolf (RW 3419)
Andrea K. Fisher (AF 0150)
rawolf@bryancave.com

*Counsel for Robert L. Geltzer, as*
*Chapter 7 Trustee for 1st Rochdale*
*Cooperative Group, Ltd.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- x

| | | |
|---|---|---|
| In re: | : | |
| 1ST ROCHDALE COOPERATIVE GROUP,   LTD. | : | **Bankruptcy Proceeding Chapter 7**<br>**Case No. 05-12086 (PCB)** |
| Debtor | : | |

-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- x

ROBERT L. GELTZER, as Chapter 7 Trustee for
1ST ROCHDALE COOPERATIVE GROUP, LTD.,

               Plaintiff,

      v.

GARY ALTMAN, RHODA BROWN, "JOHN DOE
1" AS EXECUTOR OR ADMINISTRATOR OF
THE ESTATE OF GEORGE CRETHAN, SAUL
MILDWORM, JACK RASKIN, DAVID SMITH,
FRANCIS CONNOLLY and JOAN KRAMER AS
EXECUTORS OF THE ESTATE OF ALLEN
THURGOOD, EDWARD YAKER, GREGORY
WORTHAM and DAVID L. JOHNSON,

               Defendants.

**07 CV 7852 (DC)**

-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- X

C046038/0189460/1483483.6

**AFFIRMATION OF ROBERT A. WOLF, ESQ. IN SUPPORT OF
TRUSTEE'S MOTION FOR AN ORDER APPROVING A STIPULATION
OF SETTLEMENT BETWEEN ROBERT L. GELTZER, AS CHAPTER 7
TRUSTEE OF 1ST ROCHDALE COOPERATIVE GROUP, LTD. AND
DEFENDANTS GARY ALTMAN, RHODA BROWN, ESTATE OF
GEORGE CRETHAN, SAUL MILDWORM, JACK RASKIN, DAVID
SMITH AND EDWARD YAKER, PURSUANT TO RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Robert A. Wolf, an attorney at law, duly admitted to practice before the United States

District Court for the Southern District of New York, affirms under the penalty of perjury as

follows:

      1.      I am a member of the firm of Bryan Cave LLP. Bryan Cave LLP is

General Counsel to Robert L. Geltzer, as Chapter 7 Trustee ("Trustee") of the above-captioned

debtor, 1st Rochdale Cooperative Group, Ltd. (the "Debtor"). As the primary attorney at my firm

who has represented the Trustee in this matter, I am familiar with the relevant facts and

circumstances set forth herein, and submit this affirmation ("Affirmation"), in support of the

Trustee's motion (the "Motion") for an order, pursuant to Rule 9019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), approving the Stipulation of Settlement

("Stipulation") entered into between the Trustee as plaintiff, and Gary Altman, Rhoda Brown,

Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker

(collectively the "Former Directors")as defendants, in the above-captioned adversary proceeding

(the "Adversary Proceeding"), a copy of which Stipulation is attached as Exhibit A.

### Jurisdiction

      2.      The United States District Court for the Southern District of New York

has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.

2

## Background

3.      On or about March 23, 2005, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4.      The Trustee was appointed interim trustee on or about March 23, 2005 pursuant to 11 U.S.C. § 701, and subsequently became permanent Trustee pursuant to 11 U.S.C. § 702(d) and by operation of law, and now is qualified and acting as Trustee.

5.      On or about March 28, 2007, the Trustee commenced the instant Adversary Proceeding seeking to recover damages suffered by the Debtor as a result of, among other things, alleged breaches of fiduciary duties to the Debtor by the Debtor's former directors and senior officers, including the Former Directors, who were members of the Debtor's Board of Directors during, upon information and belief, all relevant times

6.      The Trustee and the Former Directors (collectively, the "Parties") wish to avoid the expense and delay of further litigation and to settle the subject claims asserted by the Trustee against the Former Directors in the Adversary Proceeding, as well as any and all other claims or obligations that were or could be asserted by either side against each other, up to and including the date of this Stipulation.

7.      The Parties have successfully negotiated the terms of the Stipulation attached hereto as Exhibit A, pursuant to which the Former Directors have agreed to pay the Trustee the total amount of $150,000.00, in full resolution of all claims asserted against the Former Directors.

## The Stipulation

8.      The Trustee has determined that it would be in the best interests of the Debtor, its estate, and its creditors for the Trustee to enter into a settlement with the Former

3

Directors, in connection with this dispute. Specifically, the Trustee believes it is in the estate's

best interests to avoid the expense and delay of litigation and to settle all of his claims asserted

against the Former Directors in the Adversary Proceeding, and any and all other claims or

obligations that were or could be asserted between the Trustee, on the one hand, and the Former

Directors, on the other, up to and including the date of the Stipulation, pursuant to the terms

thereof.

      9.     Accordingly, the Trustee and the Former Directors have executed the

Stipulation, dated as of May 8, 2008, the significant terms of which are as follows:

    (a)     Simultaneously with the execution of this Stipulation, the Former Directors have paid to the Trustee a total of $150,000.00.

    (b)     The Trustee and the Former Directors agree to the mutual release of any and all claims between the Trustee and the Debtor's estate on one hand, and the Former Directors on the other.

    (c)     Provided the required conditions set forth in the Stipulation have been met, then within ten (10) days after the later of (i) the date upon which an order of this Court approving the Stipulation becomes final, or (ii) the 91st day after the settlement payment is collected upon by the Trustee, the Parties, through their respective counsel, shall file a stipulation of dismissal of the Adversary Proceeding as against the Former Directors with prejudice.

      10.     The Trustee and the Former Directors, by their respective counsel, have

negotiated the terms of the Stipulation in good faith and at arms length and have agreed that the

Stipulation shall have no force or effect unless and until it is approved by this Court.

### The Stipulation Should be Approved

      11.     The Trustee believes that the proposed settlement embodied in the

Stipulation meets the requirements for a compromise of controversy under Rule 9019 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Bankruptcy Rule 9019(a)

provides in relevant part: "upon a motion by the trustee and after notice and a hearing, the court

may approve a compromise or settlement."

4

12.    In deciding whether to approve a proposed settlement, a bankruptcy court must determine whether the proposal is "fair and equitable" and "in the best interests of the estate." In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991); In re Texaco, 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988); In re Carla Leather, Inc., 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1985) (court should approve proposed settlement where it is in the bounds of reasonableness).

13.    A court need not conduct an independent investigation in formulating its opinion as to the reasonableness of a settlement. In re International Distribution Centers, Inc., 103 B.R. 420, 422-23 (S.D.N.Y. 1989) (affirming bankruptcy's court's confirmation of proposed settlement on ground that settlement met or exceeded lowest standard of reasonableness); In re Best Products Co., Inc., 168 B.R. 35, 50-51 (Bankr. S.D.N.Y. 1994), appeal dismissed, 177 B.R. 791 (S.D.N.Y. 1995), aff'd, 69 F.3d 26 (2d Cir. 1995).  Indeed, the court need only determine whether the settlement "'fall[s] below the lowest point in the range of reasonableness.'" In re W.T. Grant Co., 699 F.2d 599, 613 (2d Cir. 1983) (citations omitted) (proposed settlement agreement between debenture holders and bankrupt estate ensuring debenture holders a nineteen percent refund of their investment was approved where the settlement could hardly be regarded as below the lowest point in the range of reasonableness); Drexel, 134 B.R. at 497.

14.    The court in Drexel approved a settlement between the debtor and a corporate insider, a former corporate officer, and explained:

> Courts look to several factors which shed light on whether the compromise remains above the lowest point in the range of reasonableness.  In determining whether a settlement is "fair and equitable," i.e., within the range of reasonableness, courts should balance:
>
>    a)    the likelihood of success compared to the present and future benefits offered by the settlement;

5

b)  the prospect of complex and protracted litigation if settlement is not approved;

c)  the proportion of the . . . [creditors] . . . who do not object or who affirmatively support the proposed settlement;

d)  the competency and experience of counsel who support settlement;

e)  the relative benefits to be received by . . . [the creditors] . . . ;

f)  the nature and breadth of releases to be obtained by officers and directors; and

g)  the extent to which the settlement is the product of arms' length bargaining.

Drexel, 134 B.R. at 497 (cited in Best Products, 168 B.R. at 50). In Drexel, the court approved the proposed settlement, having found that it was above the lowest point in the range of reasonableness and that it was fair and equitable and in the best interests of the estate.

15.    On behalf of the Trustee, it is respectfully submitted that the proposed settlement embodied in the Stipulation more than sufficiently meets these standards. Under the Stipulation, the Debtor's estate has received $150,000. The remaining cause of action against the Former Directors concerned alleged breaches of fiduciary duties to the Debtor by the Former Directors.

16.    In his complaint, the Trustee asserted two sets of claims against the Former Directors, the first being a claim for breach of fiduciary duty relating to the alleged negligent manner in which the Former Directors allegedly utilized the financial resources of 1st Rochdale, by, among other things, approving, at a time when the company was purportedly already undercapitalized and insolvent, the diverting of millions of dollars from its more viable line of business to an allegedly speculative plan to build a new power plant facility in the Bronx, as a result of which 1st Rochdale was purportedly sent into deeper insolvency (Count One of the Complaint), and the second relating to the Former Directors' awarding, while 1st Rochdale was purportedly insolvent, to one of their fellow directors, who also served as Chief Executive

Officer of the company, and to the company's Chief Operating Officer, of bonuses aggregating in excess of $200,000 to each of them, as well as awarding bonuses to the company's Chief Financial Officer (Count Two of the Complaint).

17. The Former Directors moved to dismiss both Count One of the Complaint and Count Two of the Complaint (the "Motion to Dismiss"). In a decision dated January 17, 2008, this Court dismissed Count Two of the Complaint but denied the Motion to Dismiss as to Count One. Their Motion to Dismiss made it evident that the Former Directors would primarily rely on the "Business Judgment Rule" in defense of Count One.

18. While the Trustee believed he could have overcome the Former Directors' "Business Judgment Rule" defense, that defense would have raised factual issues that would have caused the Debtor's estate to incur the considerable expenses of additional depositions of all of the Former Directors and certainly additional document discovery. In addition, many of the Former Directors are elderly, and in some cases quite ill, and it was unclear as to how many of the Former Directors would have been available to appear not only at the trial, but also at a deposition. Moreover, although the Trustee was able to defeat the Former Directors' Motion to Dismiss with respect to the Count One of the Complaint, the Trustee and his counsel were well aware that he would have to meet an imposing burden of proof in order to prevail at trial. The Trustee, therefore, was mindful of both the risks and costs involved in proceeding with further litigation against the Former Directors.

19. Due to the complex factual nature of this case, and also taking into account the number of parties who would be required to testify both in the discovery phase and at trial, it became clear to the Trustee that any potential recovery would have been severely reduced by the potential discovery and trial costs that would have been associated with this

C046038/0189460/1483483.6

Adversary Proceeding. In addition, given the age and the apparent limited financial wherewithal of a number of the Former Directors, the Trustee and his counsel were also cognizant of the difficulties they likely would encounter even were the Trustee were to obtain a significant monetary judgment in this Adversary Proceeding

20.     Therefore, it is respectfully submitted that by this Stipulation, the Debtor's estate will receive a substantial portion, if not more, of the total net amount that the Trustee could have hoped ultimately to recover in the Adversary Proceeding as against the Former Directors, after taking into account the anticipated significant discovery and trial costs, and the difficulties of enforcing and executing upon any judgment obtained.

21.     In addition to avoiding the additional expenses of litigation with the Former Directors, the Trustee will also be avoiding the risks associated with continuing in litigation mode.

22.     Accordingly, it is respectfully submitted that the proposed settlement is fair and equitable and well within the range of reasonableness. This settlement is in the best interests of the Debtor, its estate, and its creditors, and has been achieved without the necessity of further litigation against the Former Directors. Accordingly, it is respectfully submitted that the Stipulation meets the requirements for approval under Bankruptcy Rule 9019, and the Stipulation should be approved by this Court.

### Waiver of Requirement that the Trustee
### Submit a Memorandum of Law

23.     By letter dated May 15, 2008, the Trustee, by his counsel, requested that this Court waive and dispense with the requirements set forth in Rule 7.1(a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, which require that any motion filed shall have an accompanying memorandum of law, because the

8

Motion does not present any novel issues of law, and, included in this Affirmation is the law upon which the Trustee relies. That request was granted by this Court.

<u>Notice</u>

24.    This Affirmation, the Stipulation, attached hereto as Exhibit A, and the proposed Order approving the Stipulation, attached hereto as Exhibit B, are being served on the parties listed on the Service List, attached hereto as Exhibit C, including the United States Trustee's office, the creditors of the Debtor's estate and any other parties who have filed a notice of appearance in the bankruptcy case as required by Bankruptcy Rule 2002(a)(3).

25.    WHEREFORE the Trustee respectfully requests that this Court (i) approve the Stipulation of Settlement, attached hereto as Exhibit A; (ii) enter an order approving the Stipulation of Settlement, in the form attached hereto as Exhibit B; and (iii) grant such other and further relief as is just and proper.

Dated: New York, New York
      May 21, 2008

                            BRYAN CAVE LLP

                            *Counsel for Robert L. Geltzer, as Chapter 7*
                            *Trustee 1ˢᵗ Rochdale Cooperative Group, Ltd.*

                            By:_____
                            Robert A. Wolf, Esq. (RW 3419)
                            1290 Avenue of the Americas
                            New York, NY 10104
                            212-541-2000

C046038/0189460/1483483.6