# EXHIBIT A

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000
Robert A. Wolf (RW 3419)
Andrea K. Fisher (AF 0150)
rawolf@bryancave.com

*Counsel for Robert L. Geltzer, as
Chapter 7 Trustee for 1st Rochdale
Cooperative Group, Ltd.*

SCHWARTZ, LICHTENBERG LLP
420 Lexington Avenue, Suite 2400
New York, NY 10170
(212) 389-7818
Barry Lichtenberg (BL 9750)
barryster@att.net

*Attorneys for Gary Altman, Rhoda
Brown, Estate of George Crethan, Saul
Mildworm, Jack Raskin, David Smith
and Edward Yaker*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

In re:

1ST ROCHDALE COOPERATIVE GROUP, LTD.

Debtor

---------------------------------------------------------- x

ROBERT L. GELTZER, as Chapter 7 Trustee for
1ST ROCHDALE COOPERATIVE GROUP, LTD.,

Plaintiff,

v.

GARY ALTMAN, RHODA BROWN, "JOHN DOE
1" AS EXECUTOR OR ADMINISTRATOR OF
THE ESTATE OF GEORGE CRETHAN, SAUL
MILDWORM, JACK RASKIN, DAVID SMITH,
FRANCIS CONNOLLY and JOAN KRAMER AS
EXECUTORS OF THE ESTATE OF ALLEN
THURGOOD, EDWARD YAKER, GREGORY
WORTHAM and DAVID L. JOHNSON,

Defendants.

---------------------------------------------------------- X

**Bankruptcy Proceeding Chapter 7
Case No. 05-12086 (PCB)**

**07 CV 7852 (DC)**

### STIPULATION OF SETTLEMENT BETWEEN ROBERT L. GELTZER, AS CHAPTER 7 TRUSTEE OF 1ST ROCHDALE COOPERATIVE GROUP, LTD. AND DEFENDANTS GARY ALTMAN, RHODA BROWN, THE ESTATE OF GEORGE CRETHAN, SAUL MILDWORM, JACK RASKIN, DAVID SMITH and EDWARD YAKER

This Stipulation of Settlement ("Stipulation") is entered into between Robert L. Geltzer, Esq., as Chapter 7 Trustee (the "Trustee") of 1st Rochdale Cooperative Group, Ltd., the Debtor in the above-captioned bankruptcy case (the "Debtor"), and, as Trustee, the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), and Gary Altman, Rhoda Brown, Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker (collectively the "Former Directors"), defendants in the Adversary Proceeding.

WHEREAS, on March 31, 2005, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code; and

WHEREAS, on or about that same date, the Trustee was appointed interim trustee and subsequently became permanent Trustee pursuant to Section 702 (d) of the Bankruptcy Code and by operation of law, and now is qualified and acting as Trustee; and

WHEREAS, on or about March 28, 2007, the Trustee commenced the Adversary Proceeding seeking to recover damages suffered by the Debtor as a result of, among other things, alleged breaches of fiduciary duties to the Debtor by the Debtor's former directors and senior officers, including the Former Directors, who were members of the Debtor's Board of Directors during, upon information and belief, all relevant times; and

WHEREAS, the Trustee and the Former Directors (collectively, the "Parties") wish to avoid the expense and delay of further litigation and to settle the subject claims of the Adversary Proceeding asserted as against the Former Directors, as well as any and all other

C0460380189460/1476323.4

claims or obligations that were or could be asserted (i) by the Trustee against any of the Former Directors; and (ii) by any of the Former Directors against the Trustee, the Debtor, or the Debtor's estate, up to and including the date of this Stipulation, pursuant to the terms hereof;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, in consideration of the mutual promises contained in this Stipulation and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, that:

1. This Stipulation and the Payment made hereunder are not intended to be, shall not be construed as and do not constitute any admission or concession whatsoever by any of the Former Directors or any of their successors, executors, administrators or assigns of any wrongdoing or illegal or actionable acts or omissions, and the Former Directors expressly deny that they have engaged in any wrongdoing, or illegal or actionable acts or omissions.

2. Simultaneously with their execution of this Stipulation, the Former Directors have paid to the Trustee a total of $150,000.00 (the "Payment" or "Settlement Amount") by bank check to the order of "Robert L. Geltzer, as Chapter 7 Trustee of 1st Rochdale Cooperative Group, Ltd.," delivered to the Trustee's Counsel, Bryan Cave LLP, 1290 Avenue of the Americas, New York, New York 10104, to the attention of Andrea K. Fisher, Esq. The Payment shall be held by the Trustee in the account he maintains on behalf of the estate, subject to the further terms set forth below.

3. The Trustee and his Counsel shall use their best efforts to make a motion, within ten (10) days of the execution of this Stipulation, to have this Stipulation and the settlement reflected herein approved by an order of the Court substantially in the form annexed hereto as Exhibit A (the "Approval Order"), and shall take such reasonable and necessary action as required to have the Approval Order entered as promptly as possible. The Payment received

3

by the Trustee, together with interest, if any, earned thereon (the "Deposit"), shall not be deemed property of the estate by the Trustee until the Approval Order is entered and has become a "Final Order." A "Final Order" means an order that has been duly entered on the docket of the Court, and the time for any party to seek to appeal it or reargue it has expired without a notice of appeal or motion for permission to appeal having been filed or reargument having been sought, or, in the event any of such events have occurred, such reargument, if any, has been denied, all appeals taken have been finally resolved, and the time to take any further appeals, to file a motion for further permission to appeal, or to seek certiorari has expired without the Approval Order being vacated, reversed or modified. Upon the Approval Order becoming a Final Order, the Deposit shall become property of the estate. Alternatively, the Deposit will be returned to the Defendant within ten (10) business days following the occurrence of disapproval of the motion for entry of the Approval Order.

    4.    The Parties agree to the following mutual releases:

    a.    91 days after the later of the date the Payment is received and collected upon by the Trustee, or the date upon which the Approval Order becomes a Final Order, and provided that the Trustee (i) has not been required to disgorge, or has been subject to a demand to disgorge, all or any portion of any Payment (the "Disgorgement"), and (ii) none of the Former Directors has filed a voluntary bankruptcy petition or become the subject of an involuntary bankruptcy proceeding (the "Former Director Bankruptcies"), the Trustee shall be deemed to have released and forever discharged the Former Directors and their respective successors, heirs, executors, administrators, and assigns (the "Released Parties") from all actions, causes of action, suits, debts, dues, sums of money, accounts, controversies, agreements, promises, variances, trespasses, damages, judgments, abstracts of judgments, liens, executions, claims and demands whatsoever, in law, admiralty or equity, which the Trustee or the Debtor

4

ever had, now has or hereafter can, shall or may have, whether known or unknown, against the Released Parties for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation, provided, however, that this Stipulation shall not affect, waive, limit, modify or otherwise change in any manner the Former Directors' obligations set forth in this Stipulation, or under any instrument or agreement executed and delivered pursuant to this Stipulation, which obligations shall remain in full force and effect.

        b.      91 days after the later of the date the Payment is received and collected upon by the Trustee, or the date upon which the Approval Order becomes a Final Order and provided that no Disgorgement or Former Director Bankruptcies have occurred, the Former Directors shall be deemed to have released and forever discharged the Trustee and the Debtor and each of their respective officers, directors, principals, employees, representatives, attorneys, agents, professionals and assigns (collectively "Debtor Parties") from all actions, causes of action, suits, debts, dues, sums of money, accounts, controversies, agreements, promises, variances, trespasses, damages, judgments, abstracts of judgments, liens, executions, claims and demands whatsoever, in law, admiralty or equity, which the Former Directors ever had, now has or hereafter can, shall or may have, whether known or unknown, against the Debtor Parties for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation, provided, however, that this Stipulation shall not affect, waive, limit, modify or otherwise change in any manner the Trustee's obligations set forth in this Stipulation, or under any instrument or agreement executed and delivered pursuant to this Stipulation, which obligations shall remain in full force and effect. Additionally, the Former Directors agree not to file any proofs of claim or assert any claims or interests against the Debtor's bankruptcy estate.

C0460380189460/1476323.4

5. This Stipulation of Settlement shall be binding upon the Parties and their respective heirs, executors, successors and assigns, as well as any subsequently appointed or elected trustee in the case.

6. This Stipulation of Settlement has been entered into for settlement purposes only, and is not admissible in any action or proceeding except to enforce the expressed terms and conditions hereof, including payment pursuant hereto.

7. This Stipulation of Settlement shall be governed and construed in accordance with the internal laws of the State of New York, without regard to principles of conflicts of laws. This Stipulation of Settlement may be enforced upon application to this Court.

8. This Stipulation of Settlement, together with any other documents referred to herein, constitutes the entire agreement and understanding among the Parties hereto with respect to the subject matter hereof.

9. Other than the representation contained herein, no representations have been made to induce any of the Parties to enter into this agreement.

10. This Stipulation of Settlement supersedes all agreements not referred to herein and cannot be amended, supplemented or modified, nor may any provision hereof be waived, except by a written instrument executed by the party against whom enforcement of such amendment, supplement, modification or waiver is sought.

11. The Parties agree to take any and all necessary and reasonable steps, including the signing of documents, to effectuate this Stipulation of Settlement. Provided no disgorgement or Former Director Bankruptcies has occurred, within ten (10) days after the later of: (i) the date upon which the Approval Order becomes a Final Order, or (ii) the 91st day after the Payment has been received and collected upon by the Trustee, the Parties shall execute, through their respective counsel, a stipulation of dismissal of the claims in this Adversary Proceeding, as against the Former Directors.

C0460380189460/1476323.4

12. This Stipulation may be signed by the parties in counterpart originals.

Dated: New York, New York
As of ~~April~~ May 8, 2008

_____
Robert L. Geltzer

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

By: _____
Robert A. Wolf, Esq.
*Counsel for Robert L. Geltzer, Chapter 7 Trustee of 1ˢᵗ Rochdale Cooperative Group, Ltd.*

_____
Gary Altman

_____
Rhoda Brown

_____
Estate of George Crethan
by Maria Santora as Administratrix
of the Estate of George Crethan

_____
Saul Mildworm

_____
Jack Raskin

_____
David Smith

_____
Edward Yaker

SCHWARTZ, LICHTENBERG LLP
420 Lexington Avenue, Suite 2400
New York, NY 10170
(212) 389-7818

By: /s/ Barry Lichtenberg
Barry Lichtenberg, Esq.
*Attorneys for Gary Altman, Rhoda Brown, Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker*

8

C0460380189460/1476323.4

12. This Stipulation may be signed by the parties in counterpart originals.

Dated: New York, New York
As of April 8, 2008
*mot*

_____
Robert L. Geltzer

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

By: _____
Robert A. Wolf, Esq.
*Counsel for Robert L. Geltzer, Chapter 7 Trustee of 1st Rochdale Cooperative Group, Ltd.*

*/s/ Gary Altman*
Gary Altman

_____
Rhoda Brown

Estate of George Crethan
by Maria Santora as Administratrix
of the Estate of George Crethan
*/s/ Saul Mildworm*
Saul Mildworm

_____
Jack Raskin

_____
David Smith

_____
Edward Yaker

SCHWARTZ, LICHTENBERG LLP
420 Lexington Avenue, Suite 2400
New York, NY 10170
(212) 389-7818

By: _____
Barry Lichtenberg, Esq.
*Attorneys for Gary Altman, Rhoda Brown, Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker*

8

C04603801894460/1476323.4

12. This Stipulation may be signed by the parties in counterpart originals.

Dated: New York, New York
As of April 8, 2008

_____
Robert L. Geltzer


BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

By: _____
Robert A. Wolf, Esq.
*Counsel for Robert L. Geltzer, Chapter 7 Trustee of 1st Rochdale Cooperative Group, Ltd.*

_____
Gary Altman

_____
Rhoda Brown

_____
Estate of George Crethan
by Maria Santora as Administratrix
of the Estate of George Crethan

_____
Saul Mildworm

X /s/ Jack Raskin
Jack Raskin

X /s/ David Smith
David Smith

_____
Edward Yaker

SCHWARTZ, LICHTENBERG LLP
420 Lexington Avenue, Suite 2400
New York, NY 10170
(212) 389-7818


By:_____
Barry Lichtenberg, Esq.
*Attorneys for Gary Altman, Rhoda Brown, Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker*

8

12. This Stipulation may be signed by the parties in counterpart originals.

Dated: New York, New York
As of April 0, 2008

_____
Robert L. Geltzer

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

By: _____
   Robert A. Wolf, Esq.
*Counsel for Robert L. Geltzer, Chapter 7 Trustee of 1st Rochdale Cooperative Group, Ltd.*

_____
Gary Altman

*Rhoda Brown* (signed)
_____
Rhoda Brown

_____
Estate of George Crethan
by Maria Santora as Administratrix
 of the Estate of George Crethan

_____
Saul Mildworm

_____
Jack Raskin

_____
David Smith

_____
Edward Yaker

SCHWARTZ, LICHTENBERG LLP
420 Lexington Avenue, Suite 2400
New York, NY 10170
(212) 389-7818

By: _____
   Barry Lichtenberg, Esq.
*Attorneys for Gary Altman, Rhoda Brown, Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker*

8

12. This Stipulation may be signed by the parties in counterpart originals.

Dated: New York, New York
As of April __, 2008

_____  
Robert L. Geltzer

BRYAN CAVE LLP  
1290 Avenue of the Americas  
New York, New York 10104  
(212) 541-2000

By: _____  
Robert A. Wolf, Esq.  
*Counsel for Robert L. Geltzer, Chapter 7 Trustee of 1st Rochdale Cooperative Group, Ltd.*

_____  
Gary Altman

_____  
Rhoda Brown

_____  
Estate of George Crethan  
by Maria Santora as Administratrix  
of the Estate of George Crethan

_____  
Saul Mildworm

_____  
Jack Raskin

_____  
David Smith

_____  
Edward Yaker

SCHWARTZ, LICHTENBERG LLP  
420 Lexington Avenue, Suite 2400  
New York, NY 10170  
(212) 389-7818

By: _____  
Barry Lichtenberg, Esq.  
*Attorneys for Gary Altman, Rhoda Brown, Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker*

8

C/046638018946071476323.4

12. This Stipulation may be signed by the parties in counterpart originals.

Dated: New York, New York
As of April 8, 2008

_____
Robert L. Geltzer

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

By: _____
Robert A. Wolf, Esq.
*Counsel for Robert L. Geltzer, Chapter 7 Trustee of 1st Rochdale Cooperative Group, Ltd.*

_____
Gary Altman

_____
Rhoda Brown

X *Maureen Santora*
Estate of George Crethan
by Maureen Santora as Administratrix
of the Estate of George Crethan

_____
Saul Mildworm

_____
Jack Raskin

_____
David Smith

_____
Edward Yaker

SCHWARTZ, LICHTENBERG LLP
420 Lexington Avenue, Suite 2400
New York, NY 10170
(212) 389-7818

By: _____
Barry Lichtenberg, Esq.
*Attorneys for Gary Altman, Rhoda Brown, Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker*

8

C\046038\0189460\1476323.4

12. This Stipulation may be signed by the parties in counterpart originals.

Dated: New York, New York
As of May 6, 2008

_____
Robert L. Geltzer

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

By: _____
Robert A. Wolf, Esq.
*Counsel for Robert L. Geltzer, Chapter 7 Trustee of 1st Rochdale Cooperative Group, Ltd.*

_____
Gary Altman

_____
Rhoda Brown

_____
Estate of George Crethan
by Maria Santora as Administratrix
of the Estate of George Crethan

_____
Saul Mildworm

_____
Jack Raskin

_____
David Smith

_____
Edward Yaker

SCHWARTZ, LICHTENBERG LLP
420 Lexington Avenue, Suite 2400
New York, NY 10170
(212) 389-7818

By:_____
Barry Lichtenberg, Esq.
*Attorneys for Gary Altman, Rhoda Brown, Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker*

8

C0460380189460/1476323.4

12. This Stipulation may be signed by the parties in counterpart originals.

Dated: New York, New York
As of May 8, 2008

_____
Robert L. Geltzer

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

By: _____
     Robert A. Wolf, Esq.
*Counsel for Robert L. Geltzer, Chapter 7 Trustee of 1st Rochdale Cooperative Group, Ltd.*

_____
Gary Altman

_____
Rhoda Brown

_____
Estate of George Crethan
by Maria Santora as Administratrix
of the Estate of George Crethan

_____
Saul Mildworm

_____
Jack Raskin

_____
David Smith

_____
Edward Yaker

SCHWARTZ, LICHTENBERG LLP
420 Lexington Avenue, Suite 2400
New York, NY 10170
(212) 389-7818

By:_____
    Barry Lichtenberg, Esq.
*Attorneys for Gary Altman, Rhoda Brown, Estate of George Crethan, Saul Mildworm, Jack Raskin, David Smith and Edward Yaker*

8

C0460380189460/1476323.4