UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>1st ROCHDALE COOPERATIVE GROUP, LTD.<br><br>                     Debtor. | Bankruptcy Proceeding Chapter 7<br>Case No. 05-12086 (PCB) |
| ROBERT L. GELTZER, as Chapter 7 Trustee for 1st ROCHDALE COOPERATIVE GROUP, LTD.,<br><br>                     Plaintiff,<br><br>v.<br><br>GARY ALTMAN, RHODA BROWN, "JOHN DOE 1" AS EXECUTOR OR ADMINISTRATOR OF THE ESTATE OF GEORGE CRETHAN, SAUL MILDWORM, JACK RASKIN, DAVID SMITH, FRANCIS CONNOLLY and JOAN RAMER AS EXECUTORS OF THE ESTATE OF ALLEN THURGOOD, EDWARD YAKER, GREGORY WORTHAM and DAVID L. JOHNSON,<br><br>                   Defendants. | 07 CV 7852 (DC)<br><br>ECF Case |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE ESTATE OF THURGOOD'S MOTION TO DISMISS

HAYNES and BOONE, LLP
Kenneth J. Rubinstein (KR-1410)
Jonathan D. Pressment (JP-1819)
April L. Neave (AN-3899)
153 East 53rd Street, Suite 4900
New York, New York 10022
(212) 659-4980

Defendants Francis Connolly and Joan Ramer, as co-executors of the Estate of Allen Thurgood (the "Estate of Thurgood"), by their attorneys, Haynes and Boone LLP, submit this reply memorandum of law in further support of their motion to dismiss Counts Three and Four of the Complaint in this action.

## Preliminary Statement

In opposition to the motion to dismiss, the Trustee aims to supplement the Complaint with allegations not found within the four corners of the Complaint in an attempt to cure deficiencies which warrant the dismissal of Counts Three and Four.

Furthermore, the Trustee seeks to impose new legal standards for avoidance of fraudulent conveyances which would effectively render any transfer by an alleged insolvent entity constructively fraudulent, and virtually immunize claims for recovery of such transfers from dismissal at the pleading stage.

The Trustee posits that 1st Rochdale's overall indebtedness to lenders, coupled with its payment of $261,442 in bonuses to Mr. Thurgood, its highest-ranking officer and Chairman of the Board of Directors over a five-year period (1999-2004), are "more than sufficient" to state claims for constructively fraudulent conveyance and unjust enrichment.

The Trustee is misguided in at least two respects.  *First*, the Complaint contains inconsistent assertions regarding 1st Rochdale's financial condition during the relevant time period. Indeed, the Trustee concedes that, at relevant times, 1st Rochdale was sufficiently funded and/or generated sufficient cash flow to meet its expenses.

*Second*, the Trustee ignores the well-settled legal principle that avoidance of constructively fraudulent transfers requires more than a showing of the transferor's insolvency. Rather, to sustain such a claim, the Trustee must set forth allegations sufficient to demonstrate a lack of fair consideration for the transfer -- which he has failed to do herein.

N-17245_3.DOC

Other than recounting the fact that Mr. Thurgood received bonus payments and that 1st Rochdale ultimately went bankrupt, the Complaint is without allegations to support the notion that Mr. Thurgood failed to provide services for which he was deserving of the bonuses received, or which otherwise challenge the amounts of the bonus payments.

And, the Trustee cannot credibly argue a lack of good faith on Mr. Thurgood's part where the Court has previously determined that the Complaint lacks any allegations of "fraud, bad faith or self-dealing," and there are no allegations to suggest that Mr. Thurgood failed to act in good faith.

The Trustee's unjust enrichment claim -- which asserts that Mr. Thurgood failed to provide adequate consideration for the bonuses received -- should be similarly dismissed as it is duplicative of the Trustee's fraudulent conveyance claim and suffers from precisely the same deficiencies.

Accordingly, dismissal of Counts Three and Four of the Complaint is warranted.

## Argument

### I

### DISMISSAL OF COUNT THREE IS WARRANTED

The Trustee claims that 1st Rochdale's payment of bonuses to Mr. Thurgood at times when it was allegedly insolvent is "more than sufficient" to state a constructively fraudulent conveyance claim. (Opposition at p. 7) The Trustee's argument plainly contradicts the allegations of the Complaint and ignores applicable law.[1]

Indeed, the Complaint alleges that, at relevant times, 1st Rochdale *was able* to meet its debts as they came due, and that it received funding and/or earned revenues in each of the years that Mr. Thurgood received a bonus. (Moving Mem., pp. 3-4) Moreover, the Trustee cannot properly rely

---

[1] The Trustee's opposition makes no effort to distinguish the different theories upon which he is proceeding pursuant to NYDCL §§ 273-275, or to specify the allegations relating to his claim pursuant to NYDCL § 278. As noted in the Estate's moving papers, this practice, in and of itself, is a basis for dismissal. *See, e.g., Lippe v. Bairnco Corp.*, 230 B.R. 906, 915 (S.D.N.Y. 1999); (Moving Mem., p. 7, n. 8).

on conclusory allegations -- raised for the first time in the opposition -- to suggest that 1st Rochdale's overall debt obligations exceeded the combined value of its assets.[2] *See, e.g., In re GeoPharma, Inc. Sec. Litig.*, 399 F. Supp. 2d 432, 445 n. 100 (S.D.N.Y. 2005) (complaint cannot be amended by a brief in opposition to a motion to dismiss).

It is well-settled that, "conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995); *Lippe v. Bairnco*, 230 B.R. 906, 915 (S.D.N.Y. 1999) (dismissing fraudulent conveyance claims brought pursuant to NYDCL §§ 273, 274, and 275, where conclusory allegations of insolvency were contradicted by more specific allegations of financial health).

That 1st Rochdale's overall indebtedness to lenders may have exceeded its assets at any one time, does not render the company insolvent, *per se*, with respect to all transfers made to Mr. Thurgood. *See, e.g., Lippe v. Bairnco Corp.*, 249 F. Supp. 2d 357, 379 (S.D.N.Y. 2003). Rather, the Trustee must allege that the "fair salable value of [1st Rochdale's] assets was less than the amount of its 'probable liability on [its] *existing debts as they [became] absolute and matured.*'" *Id.* (*quoting* DCL § 271) (emphasis added).

The Complaint contains no allegations as to the fair salable value of 1st Rochdale's assets, or to suggest that 1st Rochdale's debts had matured at the time bonuses were paid to Mr. Thurgood. *See, e.g., Gasser v. Infanti Intern., Inc.*, 353 F. Supp. 2d 342, 354 (E.D.N.Y. 2005) (a "claim is said

---

[2] The Trustee introduces a series of allegations in the opposition -- none of which appeared in the Complaint -- aimed at resolving the conflicting accounts of 1st Rochdale's financial condition in the Complaint. (*See* Opposition at pp. 6, 12, 16-19) For example, the Trustee asserts -- for the first time -- that he has not seen "any minutes of 1st Rochdale Board meetings setting forth a basis for, or ... making any mention whatsoever of any justification for, the receipt by Thurgood, a major insider of 1st Rochdale, of these substantial Bonus Payments, at a time when 1st Rochdale was woefully insolvent . . ." (Opposition at p. 6); minutes of board meetings "or any Board resolutions or the like, were devoid of any stated justification for Thurgood's receipts of these substantial payments . . ." (Opposition at p. 12); and that "1st Rochdale's liabilities exceeded its assets, in that it had no assets that came close in value to the $23 million-plus loan indebtedness it had to NCSC." (Opposition at p. 16) As none of these allegations were contained in the Complaint, they cannot properly be considered in evaluating the sufficiency of the Trustee's claims. *See, e.g., Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) (on a motion to dismiss pursuant to FRCP 12(b)(6), "a court's 'consideration is limited to facts stated on the face of the complaint, [or] in documents appended to or incorporated in the complaint . . .").

to have matured *when it has become absolutely due without contingency*, although not necessarily liquidated nor presently payable.") (emphasis added) (alteration and quotes omitted) (*quoting Shelly v. Doe*, 173 Misc.2d 200, 204, 660 N.Y.S.2d 937, 940 (N.Y. Co. Ct. 1997)).

Similarly, the Complaint is bereft of any allegations to support the alleged $23 million in indebtedness owed by 1st Rochdale.[3] It is well-settled that, the "mere existence of a contingent debt without more, is insufficient to support a finding that such a debt represented a probable liability within the meaning of [DCL] § 271." *Staten Is. Sav. Bank v. Reddington*, 260 A.D.2d 365, 366 (2d Dep't 1999) (mere existence of guaranteed line of credit was insufficient to find that the "debt represented a 'probable liability' within the meaning of [DCL] § 271 . . ."); *see, e.g., Lippe v. Bairnco Corp.*, 249 F. Supp. 2d at 379-380 n.8 (verdicts against company were not deemed a "probable liability," as "solvency must be gauged at the time of the transfer and not with the benefit of hindsight."); *Shelly v. Doe*, 249 A.D.2d 756, 671 N.Y.S.2d 803, 806 (3d Dep't 1998) ("probable debt" for tortious conduct should not be considered for fraudulent conveyance determination because it was "entirely speculative" at time of transfer).

Even were the Complaint to satisfactorily allege that 1st Rochdale was insolvent, the Trustee does not allege, as he must, that Mr. Thurgood failed to provide fair consideration for his bonuses. An exchange is made for fair consideration if it is made in good faith (by the transferee) and for "an amount that is not 'disproportionately small' as compared to the value of the transferred property."

---

[3] The Trustee alleges that 1st Rochdale's *subsidiaries*, Twin Pines Fuels Corp. ("Twin Pines") and Twin Pines Fuels, LLC ("TPF LLC") -- entities which are not parties to this action, and one of which is an alleged debtor in a separate bankruptcy proceeding -- entered into loan agreements in the amounts of $2.4 and $2.6 million (on December 28, 1999), and two Revolving Line of Credit Agreements with NCSC ($5 million on December 28, 1999 and $4 million on July 18, 2000). (Opposition at p. 5; Pressment Decl., Ex. A, ¶¶ 33-35, 43) However, the Trustee only alleges that 1st Rochdale entered into two Revolving *Line of Credit* Agreements with NCSC in amounts not to exceed $5 million (in April 1999) and $9 million (in April 2000), and the Complaint is devoid of any allegation as to the amounts withdrawn on either line of credit. (Ex. A, ¶¶ 44-45)

*Lippe v. Bairnco Corp.*, 249 F. Supp. 2d at 376-377;[4] *see, e.g.*, *RGH Liquidating Trust v. Deloitte & Touche LLP*, 47 A.D.3d 516, 851 N.Y.S.2d 31, 32 (1st Dep't 2008) (affirming dismissal of avoidance claim for failure to adequately plead lack of fair consideration, where complaint alleged deficiencies in work performed but did not allege that defendants failed to provide services for which they were paid).

The bald assertion -- raised for the first time in opposition -- that 1st Rochdale's records "were devoid of any stated justification for Thurgood's receipt of these substantial payments, on top of his regular salary" (Opposition at p. 12), is of no avail.[5] There are no allegations in the Complaint regarding what, if any, salary Mr. Thurgood received in addition to the bonuses, and 1st Rochdale's eventual filing for bankruptcy does not negate the fact that Mr. Thurgood performed services for which compensation was deserved. *See, e.g.*, *RGH Liquidating Trust v. Deloitte & Touche LLP*, 831 N.Y.S.2d 350, 2006 WL 2872525, at *4 (N.Y. Sup. Sept. 27, 2006) (granting motion to dismiss fraudulent conveyance claim where the complaint failed to allege that defendants acted in bad faith or did not perform services for which they were paid, and merely alleged that the services were not performed properly), *aff'd*, 47 A.D.3d 516, 851 N.Y.S.2d 31, 32 (1st Dep't 2008); *In re Crazy Eddie Securities Litig.*, 802 F. Supp. 804, 815-817 (E.D.N.Y. 1992) (dismissing fraudulent conveyance claim under NYDCL §§ 272-275, where, at most, the complaint alleged that services were performed negligently).

---

[4] The Trustee contends that the Motion's reliance on the Court's decision in *Lippe v. Bairnco*, 230 B.R. 906 (S.D.N.Y. 1999) ("*Lippe I*") and *Lippe v. Bairnco*, 249 F. Supp. 2d 357 (S.D.N.Y. 2003) ("*Lippe II*") are misplaced due to the fact that *Lippe I* involved claims for intentional fraud, and *Lippe II* involved a motion for summary judgment. (Opposition at p. 20) The Trustee is mistaken. The Court in *Lippe I* dismissed the same claims as are asserted here on a motion to dismiss. *Lippe I*, 230 B.R. at 915. Moreover, the Estate of Thurgood limited its reliance on *Lippe II* to the Court's definition of the term "fair consideration." *Lippe II*, 249 F. Supp. 2d at 376-377; (*see* Moving Mem., p. 8)

[5] The Trustee mistakenly relies on *In re Everfresh Beverages, Inc.*, 238 B.R. 558 (Bkrtcy S.D.N.Y. 1999), to suggest that he is entitled to greater leeway in pleading constructive fraud. However, *Everfresh* referred to a relaxing of standards imposed by Federal Rule of Civil Procedure 9(b) for trustees asserting claims of *actual fraud*. *Id.* at 581. The Trustee has not alleged a claim for actual fraud and there is nothing in *Everfresh* to suggest that trustees are universally entitled to relaxed standards of pleading.

The Trustee's fall-back argument, that Mr. Thurgood's alleged knowledge of 1st Rochdale's "unfavorable financial condition" stripped his actions of any good faith, *per se*, is equally without merit.[6] (Opposition at pp. 12-14) The Court previously determined that the Complaint lacked any allegations of "fraud, bad faith or self-dealing."[7] Moreover, the mere receipt of payments at a time when the recipient is aware "the company was insolvent – [is] not enough to support a lack of good faith under the DCL's definition of fair consideration."[8] *In re Sharp Intern. Corp.*, 302 B.R. 760, 780 (E.D.N.Y. 2003), *aff'd*, 403 F.3d 43 (2d Cir. 2005); *see also Wechsler v. Hunt Health Systems, Ltd.*, No. 94 Civ. 8294, 1999 WL 397751, at *12 (S.D.N.Y. June 16, 1999) (facts were insufficient to trigger the "insider preferential payment rule" where facts demonstrated repayment of antecedent debt, but it was unclear whether the repayment was, in fact, preferential to other creditors).

Accordingly, Count Three of the Complaint should be dismissed.

## II

## DISMISSAL OF COUNT FOUR IS WARRANTED

The Trustee's claim for unjust enrichment is a mere restatement of its fraudulent conveyance claim. Simply for this reason, the Trustee's claim for unjust enrichment should suffer a similar fate. And, as noted in the moving papers, the Trustee has failed to adequately plead allegations sufficient to sustain a *prima facie* claim.

---

[6] In support of this argument, the Trustee cites to a series of cases concerning the payment of "preferences" to company "insiders." (Opposition at p. 13) However, there is no claim that Mr. Thurgood was a recipient of preferential payments or payments in satisfaction of an antecedent debt, and any analysis of his status as an alleged "insider" of 1st Rochdale is of no current import.

[7] The Trustee attempts to evade the Court's prior determination by noting that the decision came in response to a motion brought by the former directors. In light of the Court's decision, however, the Trustee voluntarily discontinued the same claim against the Estate of Thurgood. (Opposition at p. 8)

[8] To demonstrate a lack of "fair consideration," allegations of both lack of good faith on the part of the *transferee* and fair value are necessary. Here, the Trustee merely alleges that the transfers "were not made *by or on behalf of the Debtor* to Thurgood in good faith or honestly, fairly, and openly," and fails to reference any issue of *Mr. Thurgood's* good faith. *See, e.g., Lippe v. Bairnco Corp.*, 249 F. Supp. 2d at 376 ("good faith" is that of transferee, as opposed to under DCL § 276, the good faith of transferor); (*see* Ex. A, ¶ 152).

Aside from a mere recitation of the elements of an unjust enrichment claim and reference to 1st Rochdale's bankruptcy, the Complaint contains no allegations upon which a viable claim for unjust enrichment can be maintained. *See, e.g., Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 344 (2d Cir. 2006) (even under the liberal standard of Rule 12(b)(6), "bald assertions and conclusions of law will not suffice"); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (to survive a motion to dismiss, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and a "recitation of the elements of a cause of action will not do").

Not surprisingly, the Trustee again suggests that Mr. Thurgood's services be valued solely by their results; to wit, the Trustee misleadingly suggests that "equity and good conscience" demand a return of Mr. Thurgood's bonuses absent a finding that his services were "beneficial" to 1st Rochdale. (Opposition at p. 23) Tellingly, the Trustee offers no support for this proposition.[9]

That Mr. Thurgood's services did not, in hindsight, result in the company's long-term financial success, does not negate the fact that services were performed for which compensation was deserved.[10] *See, e.g., Universal Acupuncture Pain Svcs., P.C. v. State Farm Mut. Auto. Ins. Co.*, 196 F. Supp. 2d 378, 387-388 (S.D.N.Y. 2002) (dismissing counterclaim for unjust enrichment claim where "good conscience entitle[d plaintiff] to retain the money paid for services rendered" because "while [t]he law may at times refuse to aid a wrongdoer in getting that which good conscience permits him to receive[,] it will not for that reason aid another in taking away from him that which good conscience entitles him to retain."); *see also RGH Liquidating Trust v. Deloitte &*

---

[9] The Trustee's reliance on *Glidepath Holding B.V. v. Spherion Corp.*, No. 04 Civ. 9758, 2007 WL 2176072 (S.D.N.Y. July 26, 2007), to suggest that the Court cannot decide the issue of "equity and good conscience" on a motion to dismiss, is misplaced. (Opposition at p. 22) In *Glidepath*, the court held that the "*the facts of the case*" were sufficient to survive a motion to dismiss -- not that a claim for unjust enrichment cannot be decided on a motion to dismiss. *Id.* at *20 (emphasis added).

[10] The Trustee's assertion that Mr. Thurgood did not render *any* services to 1st Rochdale (Opposition at p. 23) completely contradicts other allegations in the Complaint, including those related to activities undertaken in which Mr. Thurgood was actively involved, *inter alia*, efforts to market the business, secure financing, and developing potential energy sources. (*See* Moving Mem., pp. 3-4; Ex. A, ¶¶ 33-37; 40-63; 70-74; 79-84; 82-97; 100-104; 107-110; 112; and 119)

*Touche LLP*, 2006 WL 2872525, at *4 (finding of fair consideration does not require showing that services were performed properly), *aff'd*, 47 A.D.3d 516, 851 N.Y.S.2d 31, 32 (1st Dep't 2008).

To the extent Mr. Thurgood failed to adequately perform his duties, the Trustee's claim is one for corporate mismanagement -- a claim encompassed by Count One of the Complaint -- not unjust enrichment. *See, e.g., Gotlin v. Lederman*, 367 F. Supp. 2d 349, 360 (E.D.N.Y. 2005) (dismissing unjust enrichment claim for failure to state how equity and good conscience required restitution where "defendants rendered the service for which plaintiffs paid," and claim was reformulation of allegations of other causes of action in the complaint); *see also In re Crazy Eddie Securities Litig.*, 802 F. Supp. at 815-817 (dismissing fraudulent conveyance claim where the fact that services were performed poorly raised claim for malpractice already asserted by the complaint).

Consequently, Count Four should be dismissed.

### Conclusion

Based on the foregoing, the Estate of Thurgood's motion to dismiss Counts Three and Four of the Complaint should be granted in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated: June 17, 2008

        HAYNES and BOONE, LLP
        *Attorneys for Defendants Francis Connolly*
        *and Joan Ramer, as Co-Executors of*
        *the Estate of Allen Thurgood*

        By: _____
        Kenneth J. Rubinstein (KR-1410)
        Jonathan D. Pressment (JP-1819)
        April L. Neave (AN-3899)
        153 East 53rd Street, Suite 4900
        New York, New York 10022
        (212) 659-4980